UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CITIBANK, N.A., AS TRUSTEE FOR THE            )
BENEFIT OF SWDNSI TRUST SERIES               )
2010-3,                                      )
                                             )
      Plaintiff,                                 )
                                             )
v.                                           )     Case No. 14-13593
                                             )
RENEE ANNA NAJDA a/k/a RENEE NAJDA,          )
ANDREW NAJDA and ANY and ALL                 )
OCCUPANTS,                                   )
                                             )
      Defendants.                                )
_____)

## COMPLAINT

      Plaintiff, Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3

("Citibank Trustee" or "Plaintiff"), for and as its complaint against Defendants, Renee Anna

Najda a/k/a Renee Najda ("R. Najda") and Andrew Najda ("A. Najda" and together with R.

Najda, the "Defendants"), alleges as follows:

## INTRODUCTION

      1.     Citibank Trustee files this action under G.L. c. 244 §§ 3-13 to foreclose on a

mortgage of real property located at 71 Flint Road, Concord, Massachusetts 01742 (the

"Property"), as a result of Defendants default under a certain note and mortgage described

herein.  As of today, Defendants have failed to cure the default and the subject loan remains

due for the August 1, 2011 payment.  In addition to seeking a judgment to foreclose, Citibank

Trustee also asserts causes of action for declaratory judgment, breach of contract, possession

and unjust enrichment.

## PARTIES

2.      Citibank is a national bank charted under the National Bank Act with a usual place of business at 399 Park Avenue, New York, New York 10022.

3.      Citibank Trustee commences this action solely in its capacity as trustee for the benefit of SWDNSI Trust Series 2010-3 (the "Trust"), a Delaware Statutory Trust dated December 20, 2010.

4.      R. Najda is an individual who resides at and owns the Property.

5.      A. Najda is an individual who resides at the Property.

## JURISDICTION

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan currently owned by the Trust in which the Defendants are the obligor/mortgagors and the total amount due, after acceleration, is $4,166,167.98 (as of July 31, 2014); thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000).

## VENUE

8.      Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTS

9.      On or about August 3, 2007, Defendants executed an "Interest-Only Period Adjustable Rate Note" to CitiMortgage, Inc. ("CitiMortgage") in the amount of three million

four hundred sixty-four thousand and 00/100 ($3,464,000.00) (the "Note").  See Exhibit A, a true and correct copy of the Note is attached hereto and incorporated herein.

10.     On August 3, 2007, to secure the Note, R. Najda granted a mortgage to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for CitiMortgage (the "Mortgage") and its successors and assigns on the Property, which Mortgage was recorded at the Middlesex County (Southern District) Registry of Deeds at Book 49913, Page 53.  See Exhibit B, a true and correct copy of the Mortgage is attached hereto and incorporated herein.

11.     On October 13, 2010, MERS assigned the Mortgage to CitiMortgage by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 55663, Page 153 on October 25, 2010.  See Exhibit C, a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein.

12.     On August 27, 2012, PennyMac Corp. ("PennyMac") attempted to assign the Mortgage to Citibank Trustee by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60271, Page 345 on October 17, 2012.  See Exhibit D, a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein.  At this point in time, however, there were no recorded assignments to PennyMac.  Thus, this assignment was likely ineffective.

13.     On September 18, 2012, CitiMortgage, the assignee in the October 13, 2010 assignment, assigned the Mortgage to PennyMac Corp. ("PennyMac") by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60195, Page 116 on October 9, 2012.  See Exhibit E, a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein.

14.     To the extent that PennyMac's earlier assignment on August 27, 2012 was invalid, it was cured by an Assignment of Mortgage from PennyMac to Citibank dated June 24, 2014 and recorded at the Middlesex County (Southern District) Registry of Deeds at Book 63816, Page 527 on June 26, 2014.  See Exhibit F, a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein.

15.     Citibank, in its capacity as Trustee of the Trust, is the current assignee of the Mortgage.

16.     Citibank, in its capacity as Trustee of the Trust, is the current holder of the Note via transfer from PennyMac.  Attached to the Note are two (2) allonges, endorsed in blank, that were signed on behalf of the original lender, CitiMortgage.  See Exhibit A.  The notes are bearer paper and held by Citibank.

17.     Defendants defaulted on their loan obligation and are currently past due for the August 1, 2011 payment and all payments thereafter.  See Exhibit G, a true and correct copy of the 150 Day Notice of Right to Cure is attached hereto and incorporated herein.

18.     On May 7, 2013, Defendants were sent a 150 Day Notice of right to Cure pursuant to G.L. c. 244, § 35A by Specialized Loan Servicing LLC ("SLS"), as servicer for the Citibank Trustee, the mortgagee.  See Ex. G.

19.     On May 7, 2013, along with the 150 Day Notice of Right to Cure, Defendants were also sent a Notice of Right to Request a Mortgage Modification pursuant to G.L. c. 244, § 35B by SLS, as servicer for Citibank Trustee, the mortgagee.  See Exhibit H, a true and correct copy of the 150 Day Notice of Right to Request a Mortgage Modification is attached hereto and incorporated herein.

20.     The 150 Day Notice of Right to Cure expired on October 5, 2013.  See Ex. G.

21.     Defendants did not return a complete modification application in response to the Notice of Right to Request a Mortgage Modification.

22.     Plaintiff has complied with G.L. c. 244, §§ 35A and 35B by sending the required 150 Day Notice of Right to Cure and Notice of Right to Request a Mortgage Modification, to which Defendants have not responded.

23.     Under the terms of the Mortgage and related loan agreements, Defendants are obligated to make monthly payments until the loan is repaid in full.

24.     Defendants have failed and refused to make monthly payments, in whole or in part, to Plaintiff as required under the terms of the Note and Mortgage.

25.     Such failure to make payments is a default under the terms of the Note and Mortgage and entitles Plaintiff to demand immediate payment of all sums due.

26.     The Mortgage provides that after a default, Plaintiff may bring a lawsuit to extinguish the mortgagor's right and to sell the Property.

27.     The Mortgage contains a general power of sale.  See Ex. B.

28.     Plaintiff notified Defendants of its intent to accelerate and provided notice of Defendants' right to cure arrearages.  See Exhibit I, a true and correct copy of the Notice of Default and Notice of Intent to Foreclose is attached hereto and incorporated herein.

29.     In response, Defendants did not tender payment to bring the loan current.

## COUNT I
### (Declaratory Judgment)

30.     Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31.     Citibank Trustee is the current holder of the Note and is the mortgagee by valid assignment.

32.     In the event that the Court determines that Citibank Trustee is not the current mortgagee under the Mortgage, then title to the Property should be reformed to reflect Citibank Trustee as the assignee of record of the Mortgage because it is the holder of the Note.

33.     As the holder of the Note, Citibank Trustee "has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment." See U.S. Bank Nat'l Assoc. v. Ibanez, 458 Mass. 637, 652 (2011).

## COUNT II
### (Breach of Contract)

34.     Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

35.     Citibank Trustee is the current holder of the Mortgage.

36.     Under the terms of the Mortgage and related loan agreements, Defendants are obligated to make monthly payments until the loan is repaid in full.

37.     Defendants have failed and refused to make monthly payments, in whole or in part, to Plaintiff as required under the terms of the Mortgage.

38.     Defendants defaulted on their loan obligation and are currently due for the August 1, 2011 payment and all payments thereafter.

39.     Due to the default, Defendants are in breach of the mortgage loan contract.

40.     Defendants' breach of the Mortgage contract has directly and proximately caused damage to Plaintiff, including but not limited to, direct damages, consequential damages, incidental and special damages.

41.     Injustice can only be avoided by awarding damages, interest, plus costs and expenses, including attorneys' fees.

42.     Defendants have failed and/or refused to cure the default of the Mortgage.

## COUNT III
### (Servicemembers Civil Relief Act)

43.     Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44.     A search of the Department of Defense Manpower Data Center online records on June 27, 2014, indicates that Defendants are not currently on active duty with the United States Military; and, as such, are not entitled to the benefits of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq.*).  See Exhibit J, true and correct copies of the Department of Defense Manpower Data Center Search Results are attached hereto and incorporated herein.

45.     A judicial determination should be made that Defendants in this action are not entitled to the benefits of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT IV
### (Conditional Judgment)

46.     Plaintiff repeats and realleges paragraphs 1 through 45 as if fully set forth herein.

47.     Defendants are in default of their loan obligation for the August 1, 2011 payment and all payments thereafter.  See Ex. G.

48.     Defendants are in breach of the mortgage loan contract.

49.     Citibank Trustee is entitled to ownership and possession due to Defendants' breach.

50.     Pursuant to G.L. c. 244, § 3, the Court should award a conditional judgment in favor of the Trustee due to the breach of conditions by Defendants.

## COUNT V
### (Foreclosure)

51.     Plaintiff repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52.     Plaintiff is the owner/assignee and holder of the Mortgage with the statutory power of sale given by Defendants to MERS as nominee for CitiMortgage and its successors and assigns dated August 3, 2007, recorded at Middlesex County (Southern District) Registry of Deeds, Book 49913, Page 53.  See Ex. B.

53.     Defendants are the only persons holding the equity of redemption on the Property covered by the Mortgage so far as appears of record in the Middlesex County (Southern District) Registry of Deeds and as known to Citibank Trustee.  See Ex. B.

54.     Citibank Trustee, through its servicer SLS, has sent Defendants a 150 Day Notice of Right to Cure pursuant to G.L. c. 244, § 35A.  See Ex. G.

55.     The 150 Day Notice of Right to Cure sent to Defendants expired on October 5, 2013.  See Ex. G.

56.     Defendants failed to cure their default by October 5, 2013, and are currently due for the August 1, 2011 payment and all payments thereafter under the terms of the Note and Mortgage.

57.     Citibank Trustee seeks to proceed with the foreclosure of the Mortgage pursuant to G.L. c. 183, § 21 to protect its interest as secured thereby for breach of the conditions thereof.

58.     Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of Citibank Trustee, the Court should order the Property be sold pursuant to G.L. c. 183, § 21.

## COUNT VI
### (Possession)

59.     Plaintiff repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants' right to possession of the Property will be terminated upon the foreclosure of the Mortgage by entry and sale.

61.     If the Trustee is the successful bidder at the foreclosure sale, it requests Judgment for Possession and Write of Assistance to issue forthwith following the execution of the Memorandum of Terms at the foreclosure sale.

## COUNT VII
### (Unjust Enrichment)

62.     Plaintiff repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

63.     Defendants have received benefit under the terms of the Note and Mortgage, including but not limited to money lent and advanced for the purchase of the Property.

64.     Defendants have failed or refused to repay Plaintiff for the benefit that they have received, and continue to receive, under the Mortgage.

65.     As a direct and proximate result of Defendants' wrongful refusal to compensate Plaintiff for the benefit that they have received, and continue to receive under the Mortgage, Plaintiff has been, and continues to be, harmed.

66.     Defendants are liable for damages that they have directly and proximately caused to Plaintiff.

**WHEREFORE**, Plaintiff requests that this Court:

1.     Declare that Citibank, N.A., as trustee for the benefit of SWDNSI Trust Series 2010-3 is the true assignee and successor-in-interest and current holder of the Mortgage;

2.     Declare that Defendants are in breach of the mortgage loan contract;

3.     Declare that Defendants are not entitled to the benefits of the Servicemembers Civil Relief Act 50 U.S.C. App. (*et seq.*);

4.     Enter a conditional judgment in favor of Citibank, N.A., as trustee for the benefit of SWDNSI Trust Series 2010-3 due to Defendants' breach of conditions under G.L. c. 244, § 3;

5.     Order the Property be sold pursuant to G.L. c. 183, § 21 under such terms and conditions to be established by the Court;

6.     Declare that Citibank, N.A., as trustee for the benefit of SWDNSI Trust Series 2010-3 will be entitled to possession of the Property upon completion of a sale pursuant to G.L. c. 183, § 21;

7.     Enter an award of damages for Defendants unjust enrichment;

8.     Grant Plaintiff its attorneys' fees and costs for filing this action; and

9.     Such further relief that the Court deems just and necessary.

*[SIGNATURES ON FOLLOWING PAGE]*

Respectfully submitted,
Citibank, N.A., as trustee for the benefit of
SWDNSI Trust Series 2010-3,
By its attorneys,


/s/ Kevin P. Polansky
David E. Fialkow (BBO# 666192)
david.fialkow@nelsonmullins.com
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place
Boston, Massachusetts 02108
p.   (617) 573-4700
f.    (617) 573-4710

and

John S. McNicholas, Esq.
jmcnicholas@kodeassoc.com
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA 01824
p:   (617) 978-256-1500

Dated:  September 9, 2014