UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, <br><br> Plaintiff, <br> v. <br><br> RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and All other occupants, <br><br> Defendants. | Case No. 14-13593-DPW |
| RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and All other occupants, <br><br> Defendants/Counterclaim Plaintiffs, <br><br> v. <br><br> CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, PENNY MAC, CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SPECIALIZED LOAN SERVICING, LLC, PENNYMAC LOAN SERVICES, LLC and CITIMORTGAGE, INC. <br><br> Counterclaim Defendants. | |

## PENNYMAC CORP. AND PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIMS

Defendants PennyMac Corp. ("PennyMac"), and PennyMac Loan Services, LLC

("PLS," and together with PennyMac, the "Counterclaim Defendants"), respectfully submit

this memorandum of law in support of their Motion to Dismiss Defendants Renee and Andrew

1

Najda's (the "Najdas") Counterclaims for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff Citibank, N.A., as Trustee, for the Benefit of SWDNSI Trust Series 2010-3 ("Citibank") filed this judicial foreclosure action to recover possession of its security interest following the Najdas' uncured payment default under their $3.46 million mortgage.  In an attempt to delay the foreclosure, the Najdas have asserted ten (10) unsupported counterclaims for declaratory, equitable, and monetary relief.  Only three of those claims have been alleged against the any of the third-party Counterclaim Defendants.  Count I, for declaratory judgment is to declare whether Citibank is the lawful mortgagee and is alleged against PennyMac.[1] Count VIII, for alleged violation of the Fair Debt Collection Practices Act ("FDCPA") is against PLS only.  Count X, for violation of G.L. c. 93A is asserted against each of the Counterclaim Defendants.  As discussed herein, each of these claims fails to state a claim for which relief may be granted.  First, there is no real or actual controversy regarding the holder of the Mortgage.  The record title of the property indisputably establishes that Citibank is the lawful mortgagee by way of lawful assignment of mortgage.  Second, PLS did not violate the FDCPA as a matter of law.  Citibank was the actual holder of the mortgage on the date that PLS identified it as such in its alleged communications to the Najdas.  Third, the Counterclaim Defendants have not engaged in any unfair or deceptive conduct that is actionable under G.L. c. 93A as a matter of law.  Accordingly, this Court should dismiss Counts I, VIII and X of the Najdas' Counterclaims against the Counterclaim Defendants because the claims fail as a matter of law.

---

[1] Count I was dismissed as to Counterclaim Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and PLS, by Stipulation of Dismissal on March 2, 2015.

## FACTS & PROCEDURAL HISTORY[2]

### I.     THE MORTGAGE

In May 1995, Renee Najda purchased a parcel of land located at 71 Flint Road, Concord, Massachusetts (the "Property"). See Counterclaims, ¶ 10. On or about August 3, 2007, the Najdas executed an "Interest-Only Period Adjustable Rate Note" to CitiMortgage, Inc. ("CitiMortgage") in the amount of three million four hundred sixty-four thousand and 00/100 ($3,464,000.00) (the "Note"). Id. at ¶ 14. To secure the Note, Renee Najda granted a mortgage on the Property to MERS as nominee for CitiMortgage (the "Mortgage") and its successors and assigns. Id. at ¶ 15; Exhibit A, *Mortgage*.[3] The Mortgage was recorded at the Middlesex County (Southern District) Registry of Deeds at Book 49913, Page 53. Id. "Thus, the original mortgagee was MERS and the original Note holder was CitiMortgage." Id. at ¶ 16.

On October 13, 2010, MERS assigned the Mortgage to CitiMortgage by an Assignment of Mortgage. Id. at ¶ 43, Exhibit B, *Assignment of Mortgage*. The Assignment of Mortgage was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 55663, Page 153 on October 25, 2010. See Exhibit B. On August 27, 2012, PennyMac attempted to assign the Mortgage to Citibank Trustee by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60271, Page 345 on

---

[2] The Counterclaim Defendants, as they must for purposes of this Rule 12 Motion only, accept as true the Najdas' well-plead factual allegations set forth in their Counterclaims.

[3] Counterclaim Defendants' reference to and reliance on loan-related documents in support of this motion does not require the motion be converted to one for summary judgment. While consideration of documents outside the pleadings will ordinarily convert a motion to dismiss to a motion for summary judgment, a court may consider documents that are "central to plaintiff's claim ... or documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003) (considering "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."). In this case, documents related to the Mortgage are "central to" the Najdas' claims and are "sufficiently referred to in the [counterclaims.]" Moreover, the Mortgage is a recorded document that is a matter of public record.

October 17, 2012.  Id. at ¶ 62, Exhibit C, Assignment of Mortgage.  At this point in time, however, there were no recorded assignments to PennyMac.  Thus, this assignment was likely ineffective.

On September 18, 2012, CitiMortgage, the assignee in the October 13, 2010 assignment, assigned the Mortgage to PennyMac by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60195, Page 116 on October 9, 2012.  Id. at ¶ 64, Exhibit D.  To the extent that PennyMac's earlier assignment on August 27, 2012 was ineffective, it was cured by an Assignment of Mortgage from PennyMac to Citibank dated June 24, 2014 and recorded at the Middlesex County (Southern District) Registry of Deeds at Book 63816, Page 527 on June 26, 2014.  Id. at ¶ 84, Exhibit E.

Accordingly, Citibank, in its capacity as Trustee of the Trust, is the current assignee of the Mortgage.  In addition, Citibank, in its capacity as Trustee of the Trust, is the current holder of the Note via transfer from PennyMac.  Attached to the Note are two (2) allonges, endorsed in blank, that were signed on behalf of the original lender, CitiMortgage.  See Exhibit F.  The notes are bearer paper and held by Citibank.

## ARGUMENTS & AUTHORITIES

### I.    THE RULE(12)(b)(6) STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief."  Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  The United States Supreme Court has explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do… Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. 1964-65. A plaintiff may not fashion a complaint with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949-50 (2009). Indeed, a court must ignore such legal conclusions word-smithed into factual allegations. See id.

Dismissal is appropriate if the complaint and/or counterclaims fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). "In other words, the complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (quoting Iqbal, 129 S.Ct. 1937, 1949). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442 (citing Twombly, 127 S. Ct. at 1965). Under this stringent pleading standard, the Najdas' claims against the Counterclaims Defendants under Count I, Count VIII and Count X fail as a matter of law.

## II.     COUNT I (DECLARATORY JUDGMENT) FAILS TO STATE A CLAIM AS A MATTER OF LAW.

Under Count I, the Najdas have asserted a cause of action for declaratory judgment against PennyMac to determine whether Citibank is the current holder of the Mortgage. However, no real and present controversy exists with respect to this issue. Citibank is the

lawful record mortgagee by valid assignment of mortgage and is the holder of the note.[4]  The

answer to this putative question is easily determined by a review of the record title.   To

establish that a foreclosing entity is in fact the mortgage holder, "[a] foreclosing entity may

provide a complete chain of assignments linking it to the record holder of the mortgage, or a

single assignment from the record holder of the mortgage."  U.S. Bank Nat. Ass'n v. Ibanez,

458 Mass. 637, 651 (2011).  Therefore, "[i]f the claimant acquired the note and mortgage

from the original lender or from another party who acquired it from the original lender, the

claimant can meet its burden through evidence that traces the loan from the original lender to

the claimant."  Id. (quoting In re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)

(internal quotations omitted)).

On August 3, 2007, the Najdas granted the Mortgage to MERS "as a nominee for

Lender and Lender's successors and assigns."  Ex. A.  As such, and as expressly stated by the

Mortgage, "MERS is the mortgagee under this security instrument."  Id.  MERS may validly

assign the Mortgage and did so in this case.  See Sullivan v. Kondaur Capital Corp., 85 Mass.

App. Ct. 202, 210 (2014) (holding assignment of mortgage valid where MERS "held the

record legal interest in the mortgage").   MERS exercised these rights and assigned the

Mortgage to CitiMortgage by an Assignment of Mortgage on October 13, 2010.  See Ex. B.

Because MERS held the Mortgage and then assigned it to CitiMortgage, legal title effectively

transferred to CitiMortgage.  The Assignment of Mortgage was recorded at the Middlesex

County (Southern District) Registry of Deeds in Book 55663, Page 153 on October 25, 2010.

Id.  This lawful assignment effectively ended MERS's interest in the Property.

---

[4] For purposes of this motion only, the note holder status has no bearing on the claim against PennyMac because it does not claim to hold the note and is not a necessary party to determine the present holder of the Note.

On August 27, 2012, PennyMac attempted to assign the Mortgage to Citibank by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60271, Page 345 on October 17, 2012. See Ex. C. At this point in time, however, there were no recorded assignments to PennyMac. Thus, this assignment was likely ineffective because PennyMac had nothing to assign.   On September 18, 2012, CitiMortgage, the record assignee in the October 13, 2010 assignment, assigned the Mortgage to PennyMac by an Assignment of Mortgage, which was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 60195, Page 116 on October 9, 2012. See Ex. D.  To the extent that PennyMac's earlier assignment on August 27, 2012 was ineffective, it was cured by an Assignment of Mortgage from PennyMac to Citibank dated June 24, 2014 and recorded at the Middlesex County (Southern District) Registry of Deeds at Book 63816, Page 527 on June 26, 2014.  Ex. E.  See Butler v. Deutche Bank Trust Co. Americas, 2012 WL 3518560, *9-10 (D. Mass. 2012) ("To the extent that the first assignment was void ... the second assignment would be valid and invalid on its own merits.).  In either case, there is no serious dispute that as of September 18, 2012, PennyMac was the assignee.   Through this lawful assignment, Citibank, in its capacity as Trustee of the Trust, has the authority to foreclose on the Property.  Accordingly, Citibank is entitled to a declaration that it is the lawful mortgagee of the Property.  Moreover, as there is no real and present controversy as to the holder of the Mortgage, Count I should be dismissed against PennyMac.

## III.    COUNT VIII (VIOLATION OF THE FDCPA) AGAINST PLS FAILS TO STATE A CLAIM AS A MATTER OF LAW.

Under Count VIII, the Najdas attempt to assert a claim against PLS for allegedly violating the FDCPA. This claim, however, merits little of the Court's attention. The Najdas allege that PLS sent them communications containing false statements regarding the lawful

holder of the mortgage.  Notwithstanding the fact that the FDCPA concerns holders of "debt," rather than that of a mortgage (a security interest), the Najdas' own allegations undercut their claim.   As discussed above, by August 11, 2014, the date PLS's alleged improper communications began (Counterclaim, ¶ 88), Citibank was the lawful mortgagee.  On June 24, 2014, PennyMac assigned the Mortgage to Citibank by an Assignment of Mortgage that was recorded at the Middlesex County (Southern District) Registry of Deeds on June 26, 2014.  See Ex. E.  As such, PLS's communications over a month later identifying Citibank as the "holder of the Mortgage" were true and accurate.  For this reason alone, Count VIII against PLS must be dismissed as it fails to state a claim upon which relief may be granted.

## IV.    COUNT X (VIOLATION OF G.L. C. 93A) AGAINST THE COUNTERCLAIM DEFENDANTS FAILS AS A MATTER OF LAW.

Lastly, Count X for violation of G.L. c. 93A fails as a matter of law.  This meritless claim is based on alleged "unfair debt collection practices, including making false statements to the Najdas while attempting to collect a debt, instituting foreclosure proceedings without standing to do so, and failing to dismiss the 2010 Foreclosure despite reaching an agreement with the Najdas to do so."  Counterclaims, ¶ 147.  These alleged acts, however (even assuming they are true and unfair or deceptive), have absolutely nothing to do with the Counterclaim Defendants.

Here, the Najdas fail to allege any conduct by the Counterclaim Defendants that qualifies as "unfair" or "deceptive."   In fact, their Counterclaims (despite being 151 paragraphs long) make absolutely no reference to conduct of PennyMac that was unfair or deceptive.  PennyMac's limited involvement with the Najda's mortgage loan concerns its status as a former mortgagee.  As a former mortgagee, it lawfully assigned its interest by way of assignment of mortgage.  That limited act comprises the Najdas' entire G.L. c. 93A claim

8

against PennyMac. Lawful conduct, such as the assignment of the Najdas' Mortgage, cannot, by its very nature, qualify as "unfair or deceptive." Moreover, PennyMac did not attempt to collect a debt, commence or institute foreclosure proceedings, make misrepresentations or take any other action or inaction that qualifies as unfair and/or deceptive. As a result, PennyMac's lawful conduct in assigning the mortgage is not unfair or deceptive as a matter of law and Count X should be dismissed.

Likewise, the Najdas' 93A claim against PLS is equally unavailing.[5] As discussed above, the Najdas allege that PLS violated the FDCPA by misrepresenting the "holder of the mortgage." This assertion is belied by the Najdas' own allegations. On August 11, 2014, and all relevant times thereafter, PLS provided the Najdas with notice of the holder of the Mortgage – Citibank. There is nothing unfair or deceptive about those communications. Accordingly, Count X against PLS fails to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth herein, Counts I, VIII and X of the Najdas' Counterclaims fail to state a claim upon which relief can be granted and should therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*[SIGNATURES ON FOLLOWING PAGE]*

---

[5] Although it may not be considered by this Court at the motion to dismiss stage, the Najdas' purported G.L. c. 93A letters were never addressed and/or sent to PLS.

9

Respectfully submitted,

PennyMac Corp., and PennyMac Loan
Services LLC,
By their attorneys,


*/s/ Kevin P. Polansky*
David E. Fialkow (BBO# 666192)
david.fialkow@nelsonmullins.com
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston, Massachusetts 02109
p.     (617) 573-4700
f.     (617) 573-4710

Dated: March 2, 2015

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on
this date.

Dated: March 2, 2015                    */s/ Kevin P. Polansky*