UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
CITIBANK, N.A., AS TRUSTEE FOR THE )
BENEFIT OF SWDNSI TRUST SERIES )
2010-3, )
 )
    Plaintiff, )
 )
v. ) Case No. 14-13593-GAO
 )
RENEE ANNA NAJDA a/k/a RENEE NAJDA, )
ANDREW NAJDA and ANY and ALL )
OCCUPANTS, )
 )
    Defendants. )
_____)

_____
RENEE ANNA NAJDA a/k/a RENEE NAJDA, )
ANDREW NAJDA and any and all occupants, )
 )
    Defendants/Counterclaim Plaintiffs, )
 )
v. )
 )
CITIBANK, N.A., AS TRUSTEE FOR THE )
BENEFIT OF SWDNSI TRUST SERIES 2010-3 )
 )
    Plaintiff/Counterclaim Defendant, )
 )
PENNYMAC, CORP., MORTGAGE )
ELECTRONIC REGISTRATION SYSTEMS, INC.)
SPECIALIZED LOAN SERVICING, LLC, )
PENNYMAC LOAN SERVICES, LLC and )
CITIMORTGAGE, INC. )
 )
    Counterclaim Defendants. )
_____)

CITIMORTGAGE, INC.'S ANSWER TO
COUNTERCLAIM PLAINTIFFS' AMENDED COUNTERCLAIMS

Counterclaim Defendant CitiMortgage, Inc. ("CMI") hereby answers Counterclaim Plaintiffs Andrew and Renee Najdas' (the "Najdas") Amended Counterclaims by denying each

1

and every allegation set forth in the Amended Counterclaims not specifically admitted herein, and further responds as follows:

## INTRODUCTION

The allegations in the introduction are introductory statements and facts; accordingly, no response is required. To the extent a response is required; CMI denies the allegations in the introduction.

## PARTIES

1. Upon information and belief, CMI admits the allegations of Paragraph 1.

2. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 2.

3. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 3.

4. [Removed]

5. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 5.

6. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 6.

7. CMI admits the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations set forth in Paragraph 8 are legal conclusions to which no response is required.

9. The allegations set forth in Paragraph 9 are legal conclusions to which no response is required.

## FACTS

10. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 10.

11. CMI states that the referenced town records speak for themselves and denies any and all allegations inconsistent therewith.

12. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 12.

13. Upon information and belief, CMI admits the allegations of Paragraph 13.

14. CMI states that the referenced mortgage and note speak for themselves and denies any and all allegations inconsistent therewith.

15. CMI states that the referenced mortgage speaks for itself and denies any and all allegations inconsistent therewith.

16. The allegations of Paragraph 16 contain legal conclusions to which no response is required.

17. Upon information and belief, CMI admits the allegations of Paragraph 17.

18. Upon information and belief, CMI admits the Najdas made certain payments pursuant to the Note from 2007 through early 2009.

19. CMI admits that the Najdas began missing their mortgage payments in early 2009. CMI lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 19.

20. CMI admits that the Najdas sought loss mitigation assistance from CMI following their default under the subject mortgage loan. CMI lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 20.

21. CMI states that the letter referenced in Paragraph 21 speaks for itself and denies any and all allegations inconsistent therewith.

22. CMI denies the allegations of Paragraph 22.

23. CMI denies so much of the allegations of Paragraph 23 that it offered a grace period to the Najdas and that it "began the process to foreclose on the property." CMI lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 23.

24. CMI admits that it retained Harmon Law Offices to foreclose on the property and to prepare certain documents. CMI denies any remaining allegations of Paragraph 24.

25. CMI lacks sufficient knowledge to either admit or deny when the Najdas received the letter referenced in Paragraph 25. Answering further, CMI states that the referenced letter speaks for itself and denies any and all allegations inconsistent therewith.

26. CMI admits that Andrew Najda called CMI on October 13, 2010 to discuss a forbearance plan. CMI lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 26.

27. CMI admits that on October 13, 2010 the Najdas were advised of figures of a proposed forbearance plan. CMI denies any remaining allegations of Paragraph 27.

28. CMI admits that a CMI representative, Floyd Hanson, spoke with Andrew Najda on October 13, 2010 regarding a forbearance plan. CMI denies any remaining allegations in Paragraph 28.

29. CMI admits that during a telephone call on October 13, 2010, the Najdas agreed to immediately make a down payment of $10,793.97 plus $1,441.08 in attorney's fees. CMI denies any remaining allegations in Paragraph 29.

30. CMI admits that the Najdas were offered a plan where they could pay back their arrearages over an 18-month period by paying an additional $1,716.81 per month. CMI denies any remaining allegations in Paragraph 30.

31. CMI admits that it advised the Najdas a forbearance plan would be sent to their attention for execution, after their initial payment posted. CMI denies the remaining allegations of Paragraph 31, as phrased, including all subparts.

32. CMI admits that the Najdas made the Initial Payment electronically on October 13, 2010. CMI denies the remaining allegations of Paragraph 32, including all subparts.

33. CMI admits that it had telephone conversations with the Najdas between October 14 and 21, 2010, regarding the forbearance plan and that it advised the Najdas that their account reflected a forbearance plan. CMI denies the remaining allegations of Paragraph 33, including all subparts.

34. CMI states that the referenced forbearance agreement speaks for itself and denies any and all allegations inconsistent therewith.

35. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 35 of when Andrew Najda executed the forbearance plan and his understanding or expectation. Answering further, CMI states that the referenced forbearance plan and any correspondence speaks for themselves and denies any and all allegations inconsistent therewith. CMI admits that it did not respond to the Najdas' handwritten notation on the forbearance plan fax cover sheet and denies the remaining allegations of Paragraph 35, including all subparts.

36. CMI states that the referenced letter speaks for itself and denies any and all allegations inconsistent therewith.

37. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 37 of when Andrew Najda wrote to Harmon Law Offices. Answering further, CMI states that the referenced letters speak for themselves and denies any and all allegations inconsistent therewith.

38. CMI denies the allegations of Paragraph 38.

39. CMI states that the referenced Servicemember's Complaint speaks for itself and denies any and all allegations inconsistent therewith. Answering further, CMI denies the remaining allegations of Paragraph 39, including all subparts.

40. The allegations of Paragraph 40 contain legal conclusions to which no response is required.

41. CMI denies the allegations of Paragraph 41.

42. CMI states that the referenced affidavit speaks for itself and denies any and all allegations inconsistent therewith. CMI denies the remaining allegations of Paragraph 42.

43. CMI states that the referenced assignment speaks for itself and denies any and all allegations inconsistent therewith. Answering further, CMI states that the allegations of Paragraph 43 contain legal conclusions to which no response is required.

44. CMI states that the Servicemember's Complaint speaks for itself and denies any and all allegations inconsistent therewith. CMI denies the remaining allegations of Paragraph 44.

45. CMI denies the allegations of Paragraph 45.

46. CMI admits that the Najdas made payments under the forbearance agreement, however, CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 46

that the Najdas performed under the agreement for twelve months because the servicing rights for the loan transferred from CMI effective April 15, 2011 during the forbearance plan.

47.     CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 47.

48.     CMI denies the allegations of Paragraph 48.

49.     CMI states that the allegations of Paragraph 49 contain legal conclusions to which no response is required.  In the event a response is required, CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 49.

50.     CMI denies the allegations of Paragraph 50.  CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 50(a).

51.     CMI denies the allegations of Paragraph 51 that CMI "promised" to dismiss the Servicemember's Action.  Answering further, CMI states that the Land Court docket for the Servicemember's Action speaks for itself and denies any and all allegations inconsistent therewith.

52.     CMI states that the allegations of Paragraph 52 contain legal conclusions to which no response is required.  Answering further, CMI lacks sufficient knowledge to admit or deny the allegations of Paragraph 52(a).

53.     CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 53.

54.     CMI denies the allegations of Paragraph 54.

55.     CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 55.  Answering further, the referenced notice speaks for itself and CMI denies any and all allegations inconsistent therewith.

56. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 56 regarding the Najdas' receipt of a letter advising them of a servicing rights transfer from CMI to a new servicer. Answering further, CMI states that it sent the Najdas a letter dated March 29, 2011 informing them of the servicing rights transfer.

57. CMI states that the referenced complaint speaks for itself and denies any and all allegations inconsistent therewith.

58. CMI admits that it sent the Najdas a letter dated March 29, 2011, and states that the referenced letter speaks for itself. CMI denies any and all allegations inconsistent therewith.

59. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 59 as to when the Najdas defaulted after servicing rights transferred to PennyMac. Answering further, CMI denies that is actions caused the Najdas' default or any damages to the Najdas.

60. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 60. Answering further, the referenced letter speaks for itself and CMI denies any and all allegations inconsistent therewith.

61. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 61.

62. CMI states that the referenced mortgage assignment speaks for itself and denies any and all allegations inconsistent therewith.

63. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 63.

64. CMI states that the referenced mortgage assignment speaks for itself and denies any and all allegations inconsistent therewith.

65. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 65.

66. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 66.

67. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 67.

68. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 68.

69. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 69.

70. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 70.

71. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 71.

72. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 72.

73. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 73.

74. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 74.

75. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 75.

76. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 76.

77. The allegations of Paragraph 77 contain legal conclusions to which no response is required.

78. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 78.

79. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 79.

80. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 80.

81. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 81.

82. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 82.

83. CMI states that the referenced letter speaks for itself and denies any and all allegations inconsistent therewith.

84. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 84.

85. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 85.

86. CMI states that the allegations of Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is required, CMI denies the allegations of Paragraph 86.

87. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 87.

88. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 88.

89. Upon information and belief, CMI admits the allegations of Paragraph 89.

90. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 90.

91. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 91.  Answering further, CMI denies that it breached the forbearance plan.

92. CMI denies the allegations as they relate to CMI.  CMI lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 92.  Answering further, CMI states that the allegations of Paragraph 92 contain legal conclusions to which no response is required.

93. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 93.

94. CMI lacks sufficient knowledge to either admit or deny the allegations of Paragraph 94.

## COUNT I - DECLARATORY JUDGMENT

95. CMI restates its responses to paragraphs 1-94 as if fully set forth herein.

96. CMI states that the allegations of Paragraph 96 contain legal conclusions to which no response is required.  To the extent a response is required, CMI denies the allegations of Paragraph 96.

97. CMI states that the allegations of Paragraph 97 contain legal conclusions to which no response is required. To the extent a response is required, CMI denies the allegations of Paragraph 97.

98. CMI states that the allegations of Paragraph 96 contain legal conclusions to which no response is required.

99. CMI denies the allegations of Paragraph 99.

100. CMI states that the allegations of Paragraph 100 contain legal conclusions to which no response is required.

## COUNT II - SLANDER OF TITLE

101. CMI restates its responses to paragraphs 1-94 as if fully set forth herein.

102. CMI states that the Najdas' Slander of Title claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

103. CMI states that the Najdas' Slander of Title claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

104. CMI states that the Najdas' Slander of Title claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

105. CMI states that the Najdas' Slander of Title claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

106. CMI states that the Najdas' Slander of Title claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

## COUNT III - BREACH OF CONTRACT

107. CMI restates its responses to paragraphs 1-106 as if fully set forth herein.

108. CMI states that the Najdas' Breach of Contract claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

109. CMI states that the Najdas' Breach of Contract claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

110. CMI states that the Najdas' Breach of Contract claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

111. CMI states that the Najdas' Breach of Contract claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

## COUNT IV - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

112. CMI restates its responses to paragraphs 1-111 as if fully set forth herein.

113. CMI states that the Najdas' Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

114. CMI states that the Najdas' Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

115. CMI states that the Najdas' Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

116. CMI states that the Najdas' Breach of the Covenant of Good Faith and Fair Dealing claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

## COUNT V - PROMISSORY ESTOPPEL

117. CMI restates its responses to paragraphs 1-116 as if fully set forth herein.

118. CMI admits that on October 13, 2010, the Najdas were offered a plan where they could pay back their arrearages during an 18-month period. CMI denies the remaining allegations of Paragraph 118 and further states that the referenced forbearance plan speaks for itself and denies any and all allegations inconsistent therewith.

119. CMI states that the allegations of Paragraph 119 contain legal conclusions to which no response is required. To the extent a response is required, CMI denies the allegations of Paragraph 119.

120. CMI states that the allegations of Paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, CMI denies the allegations of Paragraph 120.

121. CMI denies the allegations of Paragraph 121.

## COUNT VI - NEGLIGENT MISREPRESENTATION

122. CMI restates its responses to paragraphs 1-121 as if fully set forth herein.

123. CMI states that the Najdas' Negligent Misrepresentation claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

124. CMI states that the Najdas' Negligent Misrepresentation claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

125. CMI states that the Najdas' Negligent Misrepresentation claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

126. CMI states that the Najdas' Negligent Misrepresentation claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

127.   CMI states that the Najdas' Negligent Misrepresentation claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

### COUNT VII - UNJUST ENRICHMENT

128.   CMI restates its responses to paragraphs 1-127 as if fully set forth herein.

129.   CMI states that the Najdas' Unjust Enrichment claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

130.   CMI states that the Najdas' Unjust Enrichment claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

131.   CMI states that the Najdas' Unjust Enrichment claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

132.   CMI states that the Najdas' Unjust Enrichment claim was dismissed by this Court on January 13, 2016 and as such, no response is required.

### COUNT VIII - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

133.   CMI restates its responses to paragraphs 1-132 as if fully set forth herein.

134.   CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

135.   CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

136.   CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

137.   CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

138.     CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

139.     CMI states that Count VIII contains allegations against parties other than CMI, and as such, no response is required.

## COUNT IX - VIOLATION OF RESPA

140.     CMI restates its responses to paragraphs 1-139 as if fully set forth herein.

141.     CMI states that Count IX contains allegations against parties other than CMI, and as such, no response is required.

142.     CMI states that Count IX contains allegations against parties other than CMI, and as such, no response is required.

143.     CMI states that Count IX contains allegations against parties other than CMI, and as such, no response is required.

144.     CMI states that Count IX contains allegations against parties other than CMI, and as such, no response is required.

## COUNT X - VIOLATION OF G.L. C. 93A

145.     CMI restates its responses to paragraphs 1-144 as if fully set forth herein.

146.     The allegation of Paragraph 146 contains legal conclusions to which no response is required.

147.     CMI denies the allegations of Paragraph 147.

148.     CMI denies the allegations of Paragraph 148.

149.     CMI denies the allegations of Paragraph 149.

150.     CMI states that the referenced letters speak for themselves and denies any and all allegations inconsistent therewith.

151.    CMI denies the allegations of Paragraph 151 and also denies that the Najdas are entitled to the relief sought in the "Request for Relief" immediately following Paragraph 151.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Najdas fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Najdas have suffered any damages, such damages were not proximately caused by CMI.

### THIRD AFFIRMATIVE DEFENSE

The Najdas failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

The Najdas have not suffered any damages.

### FIFTH AFFIRMATIVE DEFENSE

The Najdas' claims are barred by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

The Najdas are comparatively or contributorily at fault for their damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The Najdas' claims are barred, in whole or in part, because they failed to perform their contractual obligations.

WHEREFORE, having fully answer the Amended Counterclaims, CMI requests that this Court dismiss the Najdas' Amended Counterclaims with prejudice; enter judgment on behalf of CMI; that CMI be awarded its reasonable costs and attorneys' fees necessarily incurred

in the defense of this action; and that CMI be granted such other relief as the Court deems just and proper.

                                                         Respectfully submitted,
                                                         CitiMortgage, Inc.
                                                         By its attorneys,

                                                        /s/ *Timothy R. DeMarco*
                                                         Jeffrey S. Patterson (BBO# 671383)
                                                         jeffrey.patterson@klgates.com
                                                         Timothy R. DeMarco (BBO# 685808)
                                                         tim.demarco@klgates.com
                                                         K&L Gates LLP
                                                         State Street Financial Center
                                                         One Lincoln Street
                                                         Boston, Massachusetts 02111
                                                         p.  (617) 951-9076

Date: January 27, 2016

## CERTIFICATE OF SERVICE

     I, Timothy R. DeMarco, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: January 27, 2016                    /s/ *Timothy R. DeMarco*
                                              Timothy R. DeMarco