UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CHRISTIANA TRUST, A DIVISION OF     )
WILMINGTON SAVINGS FUND SOCIETY,    )
FSB, NOT IN ITS INDIVIDUAL CAPACITY )
BUT SOLELY AS SEPARATE TRUSTEE      )
FOR PMT NPL FINANCING 2015-1,       )
                                    )
      Substitute Plaintiff,         )
                                    )
v.                                  )   Case No. 14-13593-GAO
                                    )
RENEE ANNA NAJDA *et al.*,          )
                                    )
      Defendants,                   )
                                    )
                                    )
and                                 )
                                    )
SANTANDER BANK N.A. f/k/a SOVEREIGN )
BANK,                               )
                                    )
      Party-in-Interest,            )
_____)
                                    )
RENEE ANNA NAJDA *et. al.*,         )
                                    )
      Defendants/Counterclaim Plaintiffs, )
                                    )
v.                                  )
                                    )
CITIBANK, N.A. AS TRUSTEE FOR       )
THE BENEFIT OF SWDNSI TRUST         )
SERIES 2010-3, *et al.,*            )
                                    )
      Counterclaim Defendants.      )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ITS
AMENDED COMPLAINT**

Defendants Renee and Andrew Najda ("Defendants") have moved to dismiss the Amended Complaint filed by Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1[1] ("Christiana Trust"), pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants' sole argument is that there is not complete diversity between them and Christiana Trust. Not only are Defendants legally incorrect, this Court has already found the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and, thus, this is an issue already decided against Defendants by this Court. Accordingly, Defendants' motion is barred by the law of the case doctrine.

In addition, even if Defendants' arguments were not barred (which they are), they are meritless. As this Court has already found, it is the citizenship of Christiana Trust—the named Plaintiff to this action in its capacity as Trustee—not the Trust itself that controls for the purpose of diversity jurisdiction. Therefore, because Christiana Trust is domiciled in Delaware and Defendants are domiciled in Massachusetts, complete diversity exists between Christiana Trust and Defendants. And even assuming *arguendo* that the domicile of the Trust itself controls for diversity purposes, the Trust is, as Defendants acknowledge in their motion, a Delaware Statutory Trust. Thus, even if the Trust's domicile is considered for purposes of diversity, there is still complete diversity between the Trust and Defendants.

Finally, it should be noted that Defendants have again sought to delay this action only further and have acted disingenuously in doing so. Namely, Defendants knew or should have known the basis for the instant motion as early as December 2015, but instead waited six months to file the instant motion after requesting and receiving a thirty-five (35) day extension

---

[1] PMT NPL Financing 2015-1 is referred to herein as the "Trust."

to respond to the Amended Complaint without ever explaining to the Court that they sought this extension solely to mount this jurisdictional challenge.  This is especially devious in light of the Court's attempt to resolve this case by referring it to the Court's ADR Program, which Defendants consented to at the May 31st Status Conference.  By and through these disingenuous actions, Defendants have again delayed this action only further, which is their obvious tactic to avoid litigation of this action on the merits.  Thus, not only is Defendants' instant motion meritless, it represents yet another attempt by them to drag out, complicate, and muddle this action unnecessarily.  For all of these reasons, their motion must be denied.

I.     This Court Has Already Found the Existence of Diversity Jurisdiction.

As an initial matter, the law of the case doctrine bars Defendants' motion and renders it facially meritless.  Specifically, this Court has already found that "Christiana Trust is diverse as to the defendants, Renee and Andrew Najda."  See ECF No. 96.

As brief background, the original Plaintiff, Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3 ("Citibank Trustee"), in December 2015, moved to amend its Complaint to (1) substitute Christiana Trust as the Plaintiff because it was the new Note Holder of the subject Note, pursuant to Federal Rule of Civil Procedure 25(c), and (2) add Santander Bank N.A. f/k/a Sovereign Bank ("Santander"), a junior lienholder, as a neutral party-in-interest.  See ECF Nos. 76 (Motion to Amend).  In its 20-page opposition thereto, Defendants failed to put forth the argument they advance for the first time in their instant motion to dismiss—namely, that the filing of the Amended Complaint destroyed diversity between the parties.  See ECF No. 81 (Defendants' Opposition).

Subsequently, by Order dated January 13, 2016, see ECF No. 89, this Court denied the Motion without prejudice due to concerns about its subject matter jurisdiction if the Motion was granted. See Order, p. 14. Specifically, this Court stated:

> However, as written, the Proposed Amended Complaint raises another issue. Federal jurisdiction in this case is based on diversity of citizenship. See 28 U.S.C. § 1332(a)(1). The Proposed Amended Complaint states that Christiana Trust is domiciled in Delaware. It also identifies Delaware as Santander's domicile, calling into question this Court's subject matter jurisdiction. See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138–42 (1st Cir. 2004). Citibank's motion is therefore denied without prejudice. Citibank may file additional motions to add these parties on a showing that doing so would be consistent with this Court's subject matter jurisdiction.

Id.

Citibank Trustee moved for reconsideration of this portion of the Order, arguing that the addition of Santander and substitution of Christiana Trust would not defeat diversity jurisdiction. See ECF No. 90. In Defendants' Opposition thereto, they only argued that there was not complete diversity between Plaintiff and Santander. See ECF No. 93. Defendants did not argue that there was not complete diversity between them and Christiana Trust. Id.

By Order dated February 9, 2016, this Court granted Citibank Trustee's Motion for Reconsideration and thus allowed leave to file the Amended Complaint and, in the process thereof, explicitly found that diversity jurisdiction existed post-amendment. See ECF No. 96. The Court stated that "[s]ubstituting Christiana Trust for Citibank after a post-filing transfer in interest does not destroy diversity of citizenship. Christiana Trust is diverse as to the defendants, Renee and Andrew Najda. Additionally, Santander is a nominal party here." See id. (internal citations omitted). Defendants did not move for reconsideration of this Order. Thereafter, the Amended Complaint was docketed. See ECF No. 98.

Thus, this Court's finding that diversity jurisdiction exists in this action, and specifically that there is complete diversity between Christiana Trust and Defendants, is the

law of the case and is binding on the Defendants. See Island View Residential Treatment Ctr., Inc. v. Bluecross Blueshield of Mass., Inc., 2007 U.S. Dist. LEXIS 94901, at *21 (D. Mass. Dec. 28, 2007) ("Under the 'law of the case' doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting Arizona v. California, 460 U.S. 605, 618 (1983)); see also Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir. 1996) ("The law of the case doctrine precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided."); Baetge-Hall v. Am. Overseas Marine Corp., 624 F. Supp. 2d 148, 161 (D. Mass. 2009). Therefore, Defendants' argument challenging the existence of diversity jurisdiction is barred by the doctrine and their motion must be denied for this reason alone.

II.     The Defendants' Argument Is Legally Meritless.[2]

In any event, Defendants' argument that there is not complete diversity is independently meritless, even if not barred (which it is). Defendants first argue that the citizenship of Christiana Trust (*i.e.* the Trustee of the Trust) does not control for diversity jurisdiction purposes; rather, they argue, the citizenship of the Trust controls. See Defendants' Motion, pp. 3-5. In the first instance, this Court already decided this precise issue against them by finding that the citizenship of Christiana Trust controlled for diversity purposes, and Christiana Trust—domiciled in Delaware—was diverse from Defendants, citizens of Massachusetts. See ECF No. 96.

Second, courts in this Circuit have repeatedly found that the domicile of the trustee of a mortgage-backed trust prosecuting or defending a foreclosure-related action controls for

---

[2] When reviewing motions to dismiss, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (internal citation omitted).

5

diversity purposes, not the domicile of the trust itself. For example, in Ibanez v. United States Bank Nat'l Ass'n, 2011 U.S. Dist. LEXIS 136632 (D. Mass. Nov. 29, 2011) (Stearns, J.), the Court considered whether "the citizenship of defendant U.S. Bank as Trustee [for the Structured Asset Securities Corporation Pass-Through Certificates, Series 2006-Z] should be defined by the citizenship of the Trustee, or whether the court must also consider the citizenship of the Trust's certificateholders, that is, each of the Trust's beneficiaries." Id. at *4. The Court came to consider the issue because the plaintiff moved to remand the action on the same basis now advanced by Defendants here. See id. at *2-4. The Court, relying in part on Navarro Sav. Ass'n v Lee, 446 U.S. 458, 464, 100 S.Ct. 1779 (1980), noted that "when a suit is filed by or against the trustee, so long as the trustee is a real party to the controversy, the citizenship of the trustee - and not that of the beneficiaries - is at play." Id. at *5 (internal citation and quotation omitted). The Court concluded that "[b]ecause here only the Trustee is a real party to the suit, complete diversity exists, and the case was properly removed." Id. at *5-6. In other words, in an entirely uncontroversial and simple conclusion for the Court, it found that the domicile of the Trustee against whom the suit was brought controlled, not that of the Trust. Id. See also McLarnon v. Deutsche Bank Nat'l Trust Co., 2015 U.S. Dist. LEXIS 89840, at *7 (D. Mass. July 10, 2015) (Saylor, J.) (trustee of statutory trust that held mortgage at issue determined citizenship in foreclosure-related action based on diversity of jurisdiction).

And even *if* the domicile of the Trust should control, the Trust at issue here is a Delaware statutory trust. As other courts have found, Delaware statutory trusts are similar to corporations and thus domicile rules applicable to corporations likewise apply to them, meaning that a Delaware statutory trust is domiciled at the situs of the ownership of its capital stock – *i.e.*, Delaware. See Dargahi v. Hymas, 2008 U.S. Dist. LEXIS 122295, at *12-13,

2008 WL 8586675 (S.D.N.Y. Oct. 15, 2008) ("Delaware law does not define the domicile of a Delaware statutory trust. However, a Delaware statutory trust has many of the characteristics of a corporation. … Because a Delaware statutory trust is so similar to a corporation, the Court applies Delaware law governing the domicile of a corporation to determine HLT's domicile. Under Delaware law, a Delaware corporation is a domiciliary of Delaware because Delaware is the situs of the ownership of its capital stock. Thus, under Delaware law governing the domicile of a corporation, HLT's domicile is Delaware." (internal citations omitted) (considering domicile for purposes of choice of laws analysis)). Thus, even if the domicile of the Trust controls, it is domiciled in Delaware and the parties are still completely diverse.

III.    <u>Defendants' Disingenuous and Endless Delay Tactics Must Be Rejected</u>.

As mentioned <u>supra</u>, Defendants first learned that Citibank Trustee sought to substitute Christiana Trust as the named Plaintiff in December 2015, when Citibank Trustee moved to amend its Complaint to substitute Christiana Trust and add Santander. <u>See</u> ECF No. 76. In the putative Amended Complaint, Christiana Trust alleged that (1) it was a division of Wilmington Savings Fund Society, FSB, with a usual place of business in Wilmington, Delaware, (2) it was prosecuting the action solely in its capacity as separate trustee for PMT NPL Financing 2015-1, a Delaware Statutory Trust, and (3) this Court had diversity jurisdiction pursuant to § 1332 in part because the parties were citizens of different states. <u>See</u> Ex. A to ECF No. 76, ¶¶ 2-3, 8-9. Defendants filed an Opposition to Citibank Trustee's Motion but therein failed to address the jurisdictional challenge they now advance six months later. <u>See</u> ECF No. 81. When this Court *sua sponte* raised the issue of subject matter jurisdiction based on the substitution of Christiana Trust as Plaintiff, <u>see</u> ECF No. 89, Citibank Trustee thoroughly briefed the issue in a motion for reconsideration, <u>see</u> ECF No. 90, and

7

Defendants filed an opposition thereto, see ECF No. 93. Still Defendants did not address the jurisdictional issue they now raise for the first time despite that this would have been the obvious time to do it.

Instead, Defendants waited until they were served with the Amended Complaint, further waited until three days prior to the May 2, 2016 deadline to respond thereto, and then moved for a thirty-five (35) day extension to respond to the Amended Complaint. In their motion for an extension, Defendants did not make known to this Court that they were seeking solely to mount a jurisdictional challenge to the Amended Complaint. At a status conference on their motion and other pending motions, Defendants again did not mention to this Court that they were seeking additional time solely to mount a jurisdictional challenge that they could have raised prior – especially in light of the Court's attempt to resolve this matter through the Court's ADR program. After this Court granted their motion for an extension, Defendants then filed their instant motion on the last day to do so, which was six (6) months after they first received a copy of the putative Amended Complaint and two (2) months after they were served with an as-filed copy. In doing so, Defendants also failed to comply with Local Rule 7.1, as they included a purported certification but relied on a March 22, 2016 meet and confer with the undersigned counsel that was related to discovery issues only, and wholly unrelated to the instant motion. See Defendants' Motion, p. 7.[3]

In short, Defendants could have raised the jurisdictional issue at any point prior in the previous six months, when they first knew or should have known of the basis for the motion.

---

[3] The Local Rules state that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue[s]" presented in the motion. See LR 7.1(a)(2); see also LR 83.5.5(d) ("A *pro se* party is required to comply with these local rules."). Thus, a certification is required for each motion filed, which requires a conference in relation to each specific motion. Defendants failed to both confer and certify that they had conferred with respect to this motion specifically.

Despite this, Defendants disingenuously waited until a few days before the deadline to respond to the Complaint, and requested an extension of 35 days to respond without notifying the Court that they sought an extension solely to advance this jurisdictional argument. It is clear from Defendants' actions—which include numerous Local Rule 7.1 dispute letters concerning the sufficiency of virtually every single discovery response served on them, requests for additional discovery and extensions, etc.—that they are attempting to avoid litigation of this action on the merits. Their instant motion is yet another example. Despite that this Court has already conclusively found the existence of subject matter jurisdiction, despite the fact that the Defendants could have briefed their instant arguments six months' prior, and despite that their arguments are meritless, Defendants insisted on filing this motion and only further delaying this action. This is an additional basis requiring denial of their motion.

## CONCLUSION

This Court has already determined that diversity jurisdiction exists in this action and, thus, Defendants' motion is barred by the law of the case doctrine. In any event, their arguments are meritless and their reasons for filing the motion disingenuous, which also justifies denial of their motion. Therefore, Defendants' motion must be denied.

*[SIGNATURES ON FOLLOWING PAGE]*

Respectfully submitted,

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1,

by its attorneys,

/s/ *Kevin P. Polansky*
Kevin P. Polansky (BBO# 667229)
Kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO# 682962)
Christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109

Dated: June 14, 2016                              p. (617) 573-4700/f. (617) 573-4710


CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 14, 2016                    /s/ *Kevin P. Polansky*