UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3 and CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br><br>    Plaintiffs,<br>v.<br><br>RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and all occupants,<br><br>    Defendants,<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK,<br><br>    Party-in-Interest. | Case No. 14-13593-GAO |
| RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and all occupants,<br><br>    Defendants/Counterclaim Plaintiffs,<br>v.<br><br>CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>PENNYMAC, CORP., SPECIALIZED LOAN SERVICING, LLC, PENNYMAC LOAN SERVICES, LLC and CITIMORTGAGE, INC.<br><br>    Counterclaim Defendants. | |

**COUNTERCLAIM PLAINTIFFS' STATEMENT OF FACTS FOR THEIR
OPPOSITION TO PENNYMAC, CORP.'S MOTION FOR SUMMARY JUDGMENT**

1

**RESPONSE TO PENNYMAC, CORP.'S STATEMENT OF FACTS**

1. Qualified. The factual statement appearing at paragraph 1 is incomplete. The parcel of land located at 71 Flint Road, Concord, Massachusetts and the house, which over the course of six years cost approximately $5 million to build, are collectively the property ("Property"). See Dkt. No. 45, Answer and Amended Counterclaim ¶ 10.

2. Disputed. The factual statement appearing at paragraph 2 is misleading. CitiMortgage, Inc. ("Citimortgage") may not be the original lender. Ameriquest Mortgage Company ("Ameriquest"), Citibank, N.A., or Capital Markets II may have been the original, undisclosed, lender.

    a. The purported copy of the Note sent the Najdas on March 2, 2014 includes a stamp endorsement by Ameriquest. See Exhibit A, Ameriquest stamp endorsement Note. Specialized Loan Servicing, LLC's ("SLS") servicing notes state that "[t]he original note [is] stamped endorsed." See Exhibit B, SLS's Servicing Notes for November 6, 2013.

    b. On July 27, 2009 and October 7, 2009 CitiMortgage's servicing records describe Citibank, N.A. as the owner of the Note and creditor: the Note is "risk-owned" and a "CBNA loan." See Exhibit C, CitiMortgage's Servicing Notes for July 27, 2009; Exhibit D, CitiMortgage's Servicing Notes for October 7, 2009. Therefore, Citibank, N.A. may have been the creditor from July 2009 back to the origination and hence the original lender.

    c. The Loan Policy of Title Insurance for the origination references Citigroup Inc.'s Capital Markets II group. See Exhibit E, Loan Policy of Title Insurance. Therefore, the Capital Markets II group may be the original lender.

3. Disputed. CitiMortgage may have not been the original lender; therefore, Mortgage Electronic Registration Systems, Inc. ("MERS") may have been the nominee for an undisclosed original lender. As explained in Response No. 2, Ameriquest, Citibank, N.A., or Capital Markets II may have been the original, undisclosed, lender.

4. Disputed. The factual statement appearing at paragraph 4 is incorrect, misleading, and a false statement. PennyMac, Corp. ("PMC") itself stated that it was the creditor, owned the loan, i.e. owned and held the Note. The statements and documents of four (4) separate counterclaim defendants purportedly confirm that PMC has in the past held the note, owned the note, and was the creditor.

   a. Counterclaim Defendant Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3 ("Citibank 2010 Trustee") pled that "[Citibank 2010 Trustee] is the current holder of the Note via transfer from [PMC]." See Dkt. No. 1, Complaint ¶ 16. Therefore, Citibank 2010 Trustee alleges that PMC held the note.

   b. On March 30, 2011, CitiMortgage's servicing notes, under the transaction code "INV," i.e. investor, state that the loan is being "SERVICE RELEASE[D] TO SLS FOR PENNYMAC ON 4/14/2011." See Exhibit G, CitiMortgage's Servicing Notes for March 30, 2011. On March 31, 2011 in CitiMortgage's Servicing Notes, Rochelle Smith, Strategic Acquisitions at CitiMortgage, writes in an email that "[t]his loan is being Serviced Released to SLS for PennyMac." See Exhibit F, CitiMortgage's Servicing Notes for March 31, 2011. On April 21, 2011, CitiMortgage's servicing notes, under the transaction code "INV," i.e. investor, state that the loan is "WL16 - SLS FOR PENNYMAC." See Exhibit H, CitiMortgage's servicing notes for April 21, 2011. Therefore, in multiple instances

CitiMortgage's servicing notes state that PMC was purportedly the creditor, which would have owned the note and held the note.

c. SLS produced a copy of the Loan Policy of Title Insurance that includes the language "Pennymac - WL 16 - Title Policy." In addition, "WL 16" and "PM109C," "PM" is an acronym for PennyMac, are hand written on the policy. See Exhibit E, Loan Policy of Title Insurance. Therefore, SLS's document production suggests that PMC was the creditor, an owner and holder of the note.

d. Finally, PMC sent the Najdas a "Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan" dated March 24, 2011, which is mandated by the Truth in Lending Act, 15 U.S.C. § 1641(g). PMC wrote that "your prior creditor transferred your loan (described above) to PennyMac Corp" and that "[the] New Creditors Name [is] PennyMac Corp." See Exhibit I, March 24, 2011 Transfer of Ownership Notice. Least PMC now claim creditor is a confusing term, PMC writes in the same letter that "[it] is important that you understand the difference between the creditor and the servicer of your loan. The creditor owns your loan." Id. Citibank 2010 Trustee did not send a 15 U.S.C. § 1641(g) letter to the Najdas stating that it was the new creditor. See Affidavit of Mr. Najda ("Affidavit") No. 12. Neither PMC nor any other party subsequently sent a 15 U.S.C. § 1641(g) letter stating that they had acquired the Note from PMC, and thus were the new creditor. See Affidavit No. 12.

5. Disputed. See Response to No. 4. Citibank 2010 Trustee was not the Note Holder, owner of both the Note and the right to the Note's payments, from September 18, 2012 to June 24, 2014. Citibank 2010 Trustee did not send a 15 U.S.C. § 1641(g) letter to the Najdas stating that it was the new creditor. See Affidavit No. 13. The only 15 U.S.C. § 1641(g)

4

letter the Najdas received before this action began stated PMC was the creditor. See Exhibit I, March 24, 2011 Transfer of Ownership Notice. Further, on or after June 8, 2012, Credit Suisse First Boston Mortgage Capital LLC ("Credit Suisse") bought all of the assets of SWDNSI Trust Series 2010-3 ("SWDNSI 2010"). See Exhibit W, June 8, 2011 Credit Suisse Agreement Amended August 25, 2011, Section 8 Conveyance at 33 of 131. If the Note had been owned by SWDNSI 2010 as of June 7, 2012, then Credit Suisse purportedly became the owner of the Note and creditor on or after June 8, 2012.

The September 18, 2012 assignment did not transfer ownership of the mortgage to PMC because the assignment is signed using the name "M. Mathews" under which multiple people signed at Orion Financial Group, the manufacturer of this assignment and other missing documents. The different people signing under "M. Mathews" were recorded in different counties. One Orion employee's "M. Mathews" signature is recorded at the Southern Middlesex Registry of Deeds. A different Orion employee's "M. Mathews" signature is recorded at the Southern Essex Registry of Deeds. When shown the "M. Mathews" assignments recorded in Essex county versus the "M. Mathews" assignments recorded in Middlesex county the staff of the registry of deeds told Mr. Najda multiple people are signing under this single name with the Essex county signatures different from the Middlesex county signatures. See Affidavit No. 35. Hence, the assignment is a forgery and therefore void and ineffective.

6. Disputed. The factual statement appearing at paragraph 6 is incorrect, misleading, and a false statement. See Response to No. 4. Further, PMC purportedly participated in a purchase of the Note. On March 24, 2011, PMC wrote to the Najdas that "your prior creditor transferred your loan (described above) to PennyMac Corp" and that PMC is the "new creditor," i.e. the new investor, new note owner, and new note holder. See Exhibit I,

March 24, 2011 Transfer of Ownership Notice. The letter is a "Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan," which is mandated by the Truth in Lending Act, 15 U.S.C. § 1641(g). Neither PMC nor any other party subsequently sent a 15 U.S.C. § 1641(g) letter stating that they had acquired the note from PMC, and thus were the new creditor. See Affidavit No. 12.

## COUNTERCLAIM PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

7. PMC, through its agent PennyMac Loan Services, LLC ("PLS"), sent the Najdas a March 24, 2011 letter titled "Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan" ("PMC's Transfer Notice"). See Exhibit I, March 24, 2011 Transfer of Ownership Notice.

8. PMC's Transfer Notice states that "your prior creditor transferred your loan (described above) to PennyMac Corp." See Exhibit I, March 24, 2011 Transfer of Ownership Notice.

9. On March 24, 2011 PMC stated it was the creditor of the Najdas' loan. See Exhibit I, March 24, 2011 Transfer of Ownership Notice.

10. PMC's Transfer Notice states that the transfer of the loan to PMC was recorded on its books and records. See Exhibit I, March 24, 2011 Transfer of Ownership Notice.

11. PMC did not send the Najdas a letter stating that it had sold the note to a new creditor. See Affidavit No. 15.

12. PLS was an agent of PMC. See Exhibit I, March 24, 2011 Transfer of Ownership Notice.

(Signatures Appear on the Next Page)

Respectfully submitted,

*[signature]*

Andrew Najda, *pro se*
71 Flint Road
Concord, MA 01742

and

*[signature]*

Renee Najda, *pro se*
71 Flint Road
Concord, MA 01742

Date: July 18, 2016

**CERTIFICATE OF SERVICE**

I, Andrew Najda, hereby certify that a true copy of the above document was served upon Kevin P. Polansky, the attorney of record for Citibank, N.A., as Trustee for the Benefit of SWDNSI Trust Series 2010-3, PennyMac, Corp., Specialized Loan Servicing, LLC, PennyMac Loan Services, LLC, and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1, and Timothy R. DeMarco, the attorney of record for CitiMortgage, Inc., by USPS mail on July 18, 2016.

*[signature]*

Andrew Najda