# EXHIBIT E

WL 16



260030558-MALe

File # 07-0912
Loan #

71 Flint Road
Concord MA 01742

PM109C.

IMP  Orion Financial Group Inc.


NAJDA, ANDREW  *11026253*
CitiMortgage, Inc. - Capital Markets II   DOT Matches Request
Pennymac - WL16 - Title Policy

# LOAN POLICY OF TITLE INSURANCE

Issued By

*First American Title Insurance Company*

Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at the address shown in Section 17 of the Conditions.

**COVERED RISKS**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation (the "Company") insures as of Date of Policy and, to the extent stated in Covered Risks 11, 13, and 14, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:

1. Title being vested other than as stated in Schedule A.
2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from
    (a) A defect in the Title caused by
        (i) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
        (ii) failure of any person or Entity to have authorized a transfer or conveyance;
        (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
        (iv) failure to perform those acts necessary to create a document by electronic means authorized by law;
        (v) a document executed under a falsified, expired, or otherwise invalid power of attorney;
        (vi) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
        (vii) a defective judicial or administrative proceeding.
    (b) The lien of real estate taxes or assessments imposed on the Title by a governmental authority due or payable, but unpaid.
    (c) Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land. The term "encroachment" includes encroachments of existing improvements located on the Land onto adjoining land, and encroachments onto the Land of existing improvements located on adjoining land.
3. Unmarketable Title.
4. No right of access to and from the Land.
5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (a) the occupancy, use, or enjoyment of the Land;
    (b) the character, dimensions, or location of any improvement erected on the Land;
    (c) the subdivision of land; or
    (d) environmental protection
    if a notice, describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.
6. An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 5 if a notice of the enforcement action, describing any part of the Land, is recorded in the Public Records, but only to the extent of the enforcement referred to in that notice.
7. The exercise of the rights of eminent domain if a notice of the exercise, describing any part of the Land, is recorded in the Public Records.
8. Any taking by a governmental body that has occurred and is binding on the rights of a purchaser for value without Knowledge.
9. The invalidity or unenforceability of the lien of the Insured Mortgage upon the Title. This Covered Risk includes but is not limited to insurance against loss from any of the following impairing the lien of the Insured Mortgage
    (a) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
    (b) failure of any person or Entity to have authorized a transfer or conveyance;
    (c) the Insured Mortgage not being properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
    (d) failure to perform those acts necessary to create a document by electronic means authorized by law;
    (e) a document executed under a falsified, expired, or otherwise invalid power of attorney;

    (f) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
    (g) a defective judicial or administrative proceeding.
10. The lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance.
11. The lack of priority of the lien of the Insured Mortgage upon the Title
    (a) as security for each and every advance of proceeds of the loan secured by the Insured Mortgage over any statutory lien for services, labor, or material arising from construction of an improvement or work related to the Land when the improvement or work is either
        (i) contracted for or commenced on or before Date of Policy; or
        (ii) contracted for, commenced, or continued after Date of Policy if the construction is financed, in whole or in part, by proceeds of the loan secured by the Insured Mortgage that the Insured has advanced or is obligated on Date of Policy to advance; and
    (b) over the lien of any assessments for street improvements under construction or completed at Date of Policy.
12. The invalidity or unenforceability of any assignment of the Insured Mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the Insured Mortgage in the named Insured assignee free and clear of all liens.
13. The invalidity, unenforceability, lack of priority, or avoidance of the lien of the Insured Mortgage upon the Title
    (a) resulting from the avoidance in whole or in part, or from a court order providing an alternative remedy, of any transfer of all or any part of the title to or any interest in the Land occurring prior to the transaction creating the lien of the Insured Mortgage because that prior transfer constituted a fraudulent or preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws; or
    (b) because the Insured Mortgage constitutes a preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws by reason of the failure of its recording in the Public Records
        (i) to be timely, or
        (ii) to impart notice of its existence to a purchaser for value or to a judgment or lien creditor.
14. Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 13 that has been created or attached or has been filed or recorded in the Public Records subsequent to Date of Policy and prior to the recording of the Insured Mortgage in the Public Records.

The Company will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this policy, but only to the extent provided in the Conditions.

*First American Title Insurance Company*

BY: _____ PRESIDENT

ATTEST: _____ SECRETARY

SCHEIER & KATIN, P.C.
103 GREAT ROAD
ACTON, MA 01720



Form No. 1056.06
ALTA Loan Policy (6-17-06)
1100301P050600

260030558-MALe
Page 1 of 4


This Jacket was created electronically and constitutes an original document

SLS/Najda0902