# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,<br><br>    Plaintiff,<br><br>v.<br><br>RENEE ANNA NAJDA A/K/A RENEE NAJDA, ANDREW NAJDA and any and all occupants<br><br>    Defendants. | Case No. 14-13593-GAO |
| RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and all occupants<br><br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>PENNYMAC, CORP., SPECIALIZED LOAN SERCIVING, LLC, PENNYMAC LOAN SERVICES, LLC AND CITIMORTGAGE, INC.,<br><br>    Counterclaim Defendants. | |

**COUNTERCLAIM DEFENEDANT CITIBANK, N.A.,
AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3
RESPONSES TO DEFENDANT/COUNTERCLAIM PLAINTIFF
<u>ANDREW NAJDA'S FIRST REQUEST FOR ADMISSIONS</u>**

Counterclaim Defendant, Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3 ("Defendant"), hereby responds to Defendant/Counterclaim Plaintiff, Andrew Najda's ("Plaintiff"), First Set of Admissions as follows:

### RESPONSES

**Request No. 1:**

You are requested to admit that each of the following documents attached as an exhibit to these requests for admissions is a true and accurate reproduction of a genuine original:

   a.  Exhibit A: December 12, 2013 copy of a note;

   b.  Exhibit B: March 2, 2014 copy of a note;

   c.  Exhibit C: June 11, 2014 copy of a note; and

   d.  Exhibit D: MERS Milestones for the Loan.

**Response:** Defendant objects to this request on the grounds that it is compound, which may lead to prejudice as each of the subparts may require conflicting admissions or denials. Thus, a simple admission or denial is impossible as currently drafted. Further, it is unclear as to whether Plaintiff is seeking information relating to the "note" or any allonges attached to the note. Accordingly, Defendant will respond to this request by answering only whether the "note," and not any allonges are true and accurate reproductions of the original note, which is currently in Defendant's counsel's office. Notwithstanding these objections, and subject thereto, Defendant states:

   a.  Defendant admits that the note attached as Exhibit A is a copy of the original note;
   b.  Defendant admits that the note attached as Exhibit B is a copy of the original note;
   c.  Defendant admits that the note attached as Exhibit C is a copy of the original note; and
   d.  Irrelevant.

**Request No. 2:**

You are requested to admit that PLS assisted you in preparing your responses to this Request for Admissions.

2

**Response:** Defendant objects to this request on the grounds that it is irrelevant and has no bearing on any claim or defense at issue in this case. Further, it is an improper request and exceeds the scope of Fed. R. Civ. P. 36(a)(1). Pursuant to these objections, no response is being provided.

**Request No. 3:**

You are requested to admit that PMC was the creditor of the Loan as of February 25, 2010.

**Response:** Defendant objects to the extent that "creditor" is vague, ambiguous and undefined. To the extent that Plaintiff intends for "creditor" to mean only the note holder, then the request is denied.

**Request No. 4:**

You are requested to admit that PMC was the creditor of the Loan as of February 25, 2011.

**Response:** Defendant objects to the extent that "creditor" is vague, ambiguous and undefined. To the extent that Plaintiff intends for "creditor" to mean only the note holder, then the request is denied.

**Request No. 5:**

You are requested to admit that PMC was not the creditor of the Loan as of February 25, 2011.

**Response:** Defendant objects to the extent that "creditor" is vague, ambiguous and undefined. To the extent that Plaintiff intends for "creditor" to mean only the note holder, then the request is admitted.

**Request No. 6:**

You are requested to admit that between February 25, 2011 and September 8, 2014 you sold the Loan to at least one other person.

**Response:** Denied.

**Request No. 7:**

You are requested to admit that the Loan was sold through one or more repos.

**Response:** Defendant objects to the definition of "Loan" as it includes both the note and mortgage. Further, Defendant objects to the definition of "repos" and states that the request is irrelevant and has absolutely no bearing on any claim or defense at issue in this case. Pursuant to these objections, no response is being provided.

**Request No. 8:**

You are requested to admit that the Trust Interests of SWDNSI Trust Series 2010-3 were sold to Credit Suisse First Boston Mortgage Capital, LLC on or after August 25, 2011.

**Response:** Denied.

**Request No. 9:**

You are requested to admit that the Trust Interest in the Loan was sold to Credit Suisse First Boston Mortgage Capital, LLC on or after August 25, 2011.

**Response:** Denied.

**Request No. 10:**

You are requested to admit that you were not mortgagee of the Loan as of May 7, 2013.

**Response:** Please see the Court's January 13, 2016 Order, which identifies the lawful mortgagee on the date in question.

**Request No. 11:**

You are requested to admit that you were not mortgagee of the Loan as of October 18, 2013.

**Response:** Please see the Court's January 13, 2016 Order, which identifies the lawful mortgagee on the date in question.

**Request No. 12:**

You are requested to admit that the May 5, 2013 letter did not give notice to RAAN of the right to bring a court action to assert the non-existence of a default or any other defense to acceleration or sale.

**Response:** Defendant objects to this request to the extent that the referenced letter speaks for itself. Further, Defendant objects to the extent that Plaintiff is inferring obligations in the referenced letter that do not otherwise exist. Finally, Defendant objects to this request on the ground that it is improper and exceeds the scope of Fed. R. Civ. P. 36(a)(1) as it fails to request the genuineness of the referenced document versus the contents therein.

**Request No. 13:**

You are requested to admit that you sent the copy of a note, which is attached as Exhibit A, to RAAN on December 12, 2013.

**Response:** Defendant objects to this request to the extent that the referenced note speaks for itself. Further, Defendant objects to this request on the ground that it is improper and exceeds the scope of Fed. R. Civ. P. 36(a)(1) as it fails to request the genuineness of the referenced document versus whether Defendant actually sent it, which is irrelevant and has no bearing on any claim or defense at issue in this litigation.

**Request No. 14:**

You are requested to admit that you sent the copy of a note, which is attached as Exhibit B, to RAAN on March 2, 2014.

**Response:** Defendant objects to this request to the extent that the referenced note speaks for itself. Further, Defendant objects to this request on the ground that it is improper and exceeds the scope of Fed. R. Civ. P. 36(a)(1) as it fails to request the genuineness of the referenced document versus whether Defendant actually sent it, which is irrelevant and has no bearing on any claim or defense at issue in this litigation.

**Request No. 15:**

You are requested to admit that you sent the copy of a note, which is attached as Exhibit C, to RAAN on June 11, 2014.

**Response:** Defendant objects to this request to the extent that the referenced note speaks for itself. Further, Defendant objects to this request on the ground that it is improper and exceeds the scope of Fed. R. Civ. P. 36(a)(1) as it fails to request the genuineness of the referenced document versus whether Defendant actually sent it, which is irrelevant and has no bearing on any claim or defense at issue in this litigation.

**Request No. 16:**

You are requested to admit that the December 12, 2013, March 2, 2014, and June 11, 2014 copies, which are Exhibits A, B, and C, are not identical.

**Response:** Defendant objects to this request to the extent that the referenced exhibits speaks for themselves. Further, Defendant objects to this request on the ground that it is improper and exceeds the scope of Fed. R. Civ. P. 36(a)(1) as it fails to request the genuineness of the referenced document versus requiring Defendant to compare certain documents, which is irrelevant and has no bearing on any claim or defense at issue in this litigation.

**Request No. 17:**

You are requested to admit that the following are not true and accurate copies of the original Note:

    a.    Exhibit A;

    b.    Exhibit B; and

    c.    Exhibit C.

**Response:** Defendant objects to this request on the grounds that it is compound, which may lead to prejudice as each of the subparts may require conflicting admissions or denials. Thus, a simple admission or denial is impossible as currently drafted. Further, it is unclear as to whether Plaintiff is seeking information relating to the "note" or any allonges attached to the note. Accordingly, Defendant will respond to this request by answering only whether the "note," and not any allonges are true and accurate reproductions of the original note, which is currently in Defendant's counsel's office. Notwithstanding these objections, and subject thereto, Defendant admits that Exhibits A, B and C are accurate copies of the note executed by Plaintiffs.

**Request No. 18:**

You are requested to admit that you did not respond to RAAN's March 27, 2014 93A Demand Letter.

**Response:** Defendant states that it was not required to respond to Plaintiffs' March 27, 2014 letter as it was improper and procedurally deficient pursuant to G.L. c. 93A. It was not served on Defendant as is required by G.L. c. 93A and, thus, did not trigger any such response requirement – if any to begin with. Further, the Court has already dismissed the 93A claim against Defendant.

**Request No. 19:**

You are requested to admit that you were not in possession of the original Note at the time this lawsuit was filed.

> **Response:** Defendant objects to this request to the extent that "possession" is vague and undefined. Notwithstanding these objections, and subject thereto, Defendant denies the allegation.

**Request No. 20:**

You are requested to admit that you have no evidence supporting your contentions that Citibank always properly administered the Mortgage.

> **Response:** Defendant objects to this request on the grounds that "properly administered the Mortgage" is vague, ambiguous and undefined. Notwithstanding these objections, and subject thereto, Defendant denies the allegations.

**Request No. 21:**

You are requested to admit that you have evidence that Citibank did not properly administer the Mortgage.

> **Response:** Defendant objects to this request on the grounds that "properly administered the Mortgage" is vague, ambiguous and undefined. Notwithstanding these objections, and subject thereto, Defendant denies the allegations.

**Request No. 22:**

You are requested to admit that you have no evidence supporting your contentions that RAAN received benefit under the terms of the Note and Mortgage, including but not limited to money lent and advanced for the purchase of the Property.

> **Response:** Defendant objects to this request on the grounds that it is irrelevant as it has absolutely no bearing on any claim or defense at issue. Notwithstanding these objections, and subject thereto, Defendant denies the allegations.

**Request No. 23:**

You are requested to admit that you sent RAAN a Right to Cure Your Mortgage Default notice that does not substantially comply with M.G.L. Ch. 244 § 35A.

**Response:** Denied.

**Request No. 24:**

You are requested to admit that you breached the Mortgage contract.

**Response:** Denied.

**Request No. 25:**

You are requested to admit that the MERS Milestones for the Loan, which are Exhibit D, contain no record of PMC transferring its interest in the Loan to you.

**Response:** Defendant objects to this request on the grounds that it is irrelevant and has no bearing on any claim or defense at issue in this case. Further, Defendant objects to the extent the referenced document speaks for itself. Notwithstanding these objections, and subject thereto, Defendant admits PMC did not transfer any interest in Plaintiffs' note to Defendant.

As to objections,<br>
Citibank, N.A., as Trustee for the benefit of<br>
SWDNSI Trust Series 2010-3,<br>
By its attorneys,<br><br>
_/s/ Kevin P. Polansky_<br>
Kevin P. Polansky (BBO#667229)<br>
kevin.polansky@nelsonmullins.com<br>
Nelson Mullins Riley & Scarborough LLP<br>
One Post Office Square / 30th Floor<br>
Boston, MA 02109<br>
(617) 217-4700

Dated: March 24, 2016

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for Defendant, do hereby certify that I have served all counsel of record and pro se parties with copies of the below listed documents by U.S. Mail on this 24th day of March 2016:

Documents:

- Counterclaim Defendant Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3's Responses to Defendants/Counterclaim Plaintiff Andrew Najda's First Set of Requests for Admissions

_____
Kevin P. Polansky

## VERIFICATION

The undersigned states that he holds the position of Supervisor of Foreclosure Operations for PennyMac Loan Servicing, LLC. He signs these Responses and is authorized to do so on behalf of Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3. The matters stated in the foregoing responses to admissions are not all within his personal knowledge and there is no such person who has personal knowledge of all such matters. As a result, the facts as stated in said answers have been assembled by authorized individuals of PennyMac Loan Servicing, LLC. The undersigned is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

Signed under pains and penalties of perjury on the 24 day of March 2016.

Name: Johnny Morton
Title: Supervisor of Foreclosure Operations