# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,<br><br>    Plaintiff,<br>v.<br><br>RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and all occupants,<br><br>    Defendants.<br><br>RENEE ANNA NAJDA a/k/a RENEE NAJDA, ANDREW NAJDA and any and all occupants *et al.*,<br><br>    Defendants/Counterclaim Plaintiffs,<br>v.<br><br>CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>PENNYMAC, CORP., SPECIALIZED LOAN SERVICING, LLC, PENNYMAC LOAN SERVICES, LLC and CITIMORTAGE, INC.<br><br>    Counterclaim Defendants. | Case No. 14-13593-GAO |

**COUNTERCLAIM DEFENDANT CITIBANK, N.A.'S,
AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3,
ANSWERS TO DEFENDANT/COUNTERCLAIM PLAINTIFF ANDREW NAJDA'S
FIRST SET OF INTERROGATORIES**

Counterclaim Defendant, Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3 ("<u>Defendant</u>"), hereby responds to Defendant/Counterclaim Plaintiff, Andrew Najda's ("<u>Plaintiff</u>"), First Set of Interrogatories as follows:

### INTERROGATORIES

1. State the name, business and residence address, and corporate position of the person answering these interrogatories.

    **ANSWER:** Answers to interrogatories are based upon information gathered from various sources and documents. The facts as stated in these answers have been assembled from various sources and from authorized individuals, including the assistance of counsel. Subject to the foregoing, Defendant refers Plaintiff to its verification page below which identifies the name, occupation, and relationship to Defendant.

2. Describe in detail the facts that form the basis of your belief that the person answering these interrogatories is competent to do so and identify all of the documents the person answering these interrogatories consulted in preparation of his or her answers to these interrogatories.

    **ANSWER:** Defendant refers Plaintiff to its Answer to Interrogatory No. 1, which is incorporated herein.

3. Describe in detail all communications between your company and PennyMac, PennyMacTrust, Citibank Organization, SLS, Highfields Capital, or Credit Suisse relating to the Loan, the Account, or RAAN. In response to this interrogatory, please identify the person communicating with said person, provide a summary of the communication, and the date on which said communication occurred.

    **ANSWER:** Defendant objects to this Interrogatory on the grounds that it is irrelevant as it has no bearing on any claim or defense in this action and is not proportionate to the needs of the case. This is a judicial foreclosure action arising from Plaintiffs' default under the mortgage. The claims at issue involve whether the note holder may lawfully foreclose based upon its status as the lawful mortgagee and note holder and whether certain statutory and contractual obligations were met prior to foreclosure. Communications with the referenced companies have no bearing on any of the ultimate issues at stake. Notwithstanding these objections, and subject thereto, Plaintiff states it

2

never had any direct communications with Plaintiffs. Rather, any communications between Plaintiffs and Defendant came through communications with its loan servicers. Please see the written communications that have been produced in discovery by Specialized Loan Servicing LLC ("SLS") and PennyMac Corp (which was not a loan servicer, but has produced documents in this case).

4. Describe in detail all communications between your company and PennyMac, PennyMacTrust, Citibank Organization, SLS, or Orion Financial Group, Inc. relating to the Note, the "Note Allonge" signed by "M. E. Wileman," the "Allonge To Note" signed by "Timothy Nicholson," the back page endorsement signed by "Kirk Langs" and "John Grazer," the Mortgage, and the October 13, 2010 Assignment of Mortgage. In response to this interrogatory, please identify the person communicating with said person, a summary of the communication, and the date on which said communication occurred.

**ANSWER:** Defendant refers to and incorporates its answer and objections to Interrogatory No. 3 above. Further, Plaintiffs lack standing to challenge the note and mortgage. Thus, any communications it may have had relating to the referenced Note and/or Assignments of Mortgage are irrelevant. In addition, Defendant refers Plaintiffs to the Court's January 13, 2016 Order.

5. For each instance, during the relevant time period, when your company assigned, sold, purchased, or transferred the Loan identify:

    a. each person to whom or from whom your company assigned, sold, purchased, or transferred the Loan;

    b. the date on which the assignment, sale, purchase, or transfer occurred;

    c. the price paid, price demanded or consideration given or received for the Loan; and

    d. whether the assignment, sale, purchase, or transfer was part of a repo.

3

ANSWER: Defendant objects to this Interrogatory on the grounds that it is overly broad as it relates to the price paid for the transfer and/or sale of the Plaintiffs' note and whether it was part of a "repo." Plaintiffs lack standing to challenge and/or enforce the terms of any purchase and sale agreement and that information has no bearing on any claim or defense at issue in this case. Further, Defendant objects to the extent that "Loan" is defined to include the Najdas' promissory note and mortgage. As worded, Defendant will answer this question applying the term "Loan" to solely refer to the note at issue. Notwithstanding these objections, and subject thereto, Defendant states that it acquired the note on or about February 18, 2011 from CitiMortgage, Inc. ("CitiMortgage"). It held the note until June 30, 2015, when it transferred the note to PMT NPL Financing 2015-1 ("PMT Trust"), who is the current note holder.

6.      As of the first day of each calendar quarter of each year during the relevant time period, identify each person who:

   a. held legal title or equitable title to the Mortgage or Note;

   b. was the creditor or investor of the Mortgage or Note;

   c. was the mortgagee of the Loan;

   d. was a recipient or designated beneficiary of any part or all of the cash flow from the Mortgage or Note;

   e. you employed as a servicer or sub-servicer of the Account; and

   f. owned the servicing rights of the Loan.

ANSWER: Defendant objects to this Interrogatory on the grounds that it is overly broad as it relates to the recipient of any part or all of the cash flow from the Mortgage or Note. Plaintiffs lack standing to challenge and/or enforce the terms of any purchase and sale agreement and that information has no bearing on any claim or defense at issue in this case. Further, Defendant objects to the extent that "Loan" is defined to include the Najdas' promissory note and mortgage. As worded, Defendant will answer this question applying the term "Loan" to solely refer to the note at issue. Notwithstanding these objections, and subject thereto, Defendant states as follows:

On February 18, 2011, Defendant acquired the note from CitiMortgage. Defendant then held the note until June 30, 2015, when it was transferred to PMT Trust, who is the current note holder. From February 18, 2011 to April 15, 2011, CitiMortgage remained the servicer of the loan, until servicing was transferred to SLS on April 15, 2011. On August 1, 2014, servicing was transferred to PennyMac Loan Services, LLC ("PLS"), who remains the current servicer. The note is currently being held by PMT Trust's counsel in this matter, Nelson Mullins Riley & Scarborough LLP and is available for Plaintiffs' inspection at a mutually convenient time for all parties.

4

With respect to legal title of the Property, that issue has been fully briefed and was decided by the Court in its January 13, 2016 Order. Further, the current mortgagee is Christiana Trustee by virtue of an Assignment of Mortgage dated November 12, 2015, which is recorded in the Middlesex County (Southern District) Registry of Deeds in Book 66435, Page 466.

7. Identify the mortgagee and creditor (or investor) of the Loan as of August 3, 2007, January 1, 2008, October 7, 2010, October 13, 2010, February 25, 2010, February 25, 2011, August 27, 2012, September 18, 2012, May 7, 2013, October 18, 2013, and November 16, 2015.

ANSWER: Please see Defendant's Answer to Interrogatory No. 6, which is incorporated herein.

8. Describe in detail all actions you took or contemplated, communications you made, and documents you drafted or distributed relating to your company's compliance with paragraphs 1 – 24 of the Mortgage, including paragraph 22.

ANSWER: Defendant objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in that not every action or decision relating to the loan is at issue in this case. Moreover, other than hold the note, it did not make any decisions with respect to Plaintiffs' loan. Rather, decisions relating to the loan were made by Defendant's loan servicers. Notwithstanding these objections, and subject thereto, Defendant refers to copies of its business records produced herewith under Fed. R. Civ. P. 33(d), which contain Defendant's servicers' actions with respect to its compliance with the subject mortgage.

9. Identify the date on which each allonge, endorsement, or indorsement of the Note was created or the date on which your company first became aware of its existence.

ANSWER: Please see Defendant's Answer to Interrogatory No. 6, which is incorporated herein.

10. Identify all insurance policies that may cover your company, the Trust, PennyMac, PennyMacTrust, Citibank organization, PLS, or SLS for the acts/omissions alleged in RAAN's counterclaims and the 93A letters sent to your company. For each insurance policy, please attach the declarations page and policy.

5

ANSWER: As set forth in its initial disclosures, Defendant is unaware of any such policies that may provide coverage for the single, non-monetary counterclaim remaining against Defendant in this case.

11. Identify each person who participated in any actions or decisions relating to the Account or the Loan.

ANSWER: Defendant objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in that not every action or decision relating to the loan is at issue in this case. Moreover, other than hold the note, it did not make any decisions with respect to Plaintiffs' loan. Rather, decisions relating to the loan were made by Defendant's loan servicers. Please see Defendant's Answer to Interrogatory No. 3, which is incorporated herein.

12. Identify each person who participated in any actions or decisions relating to the exhibits attached to your complaint in this case, including Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, and Exhibit J.

ANSWER: Defendant refers Plaintiffs to its Answer to Interrogatory No. 11, which is incorporated herein. Moreover, Defendant objects to this Interrogatory on the grounds that several of the documents referenced above were entered into prior to the note and mortgage being transferred to Defendant.

13. Describe in detail your company's methodologies for determining or assigning a value to the Loan and identify each value derived from those methodologies, including all of the documents containing those identified values. In response to this interrogatory, please identify the methodologies used and the persons using those specific methodologies.

ANSWER: Defendant objects to this Interrogatory on the grounds it is vague and ambiguous as to what Plaintiffs mean by assigning a value to the loan. Plaintiffs received a loan in the amount of Three Million Four Hundred Sixty-Four Thousand Dollars ($3,464,000.00), which they have defaulted on by failing to make the requisite payments. Thus, the value of the loan is the amount of the unpaid principal, interest, fees, and unpaid escrow that continues to accrue. Pursuant to these objections, no additional information is being provided.

14. Identify the dates on which all servicers and sub-servicers of the Loan, including CitiMortgage, Inc., SLS, and PLS, commenced and ended their roles as servicers and sub-servicers.

ANSWER: Please see Defendant's Answer to Interrogatory No. 6, which is incorporated herein.

15. Identify all payments, advances, remittances, or funds ("payment transfers") that the Trust or your company, on behalf of the Trust, received relating to the Loan or Account. In response to this interrogatory, please identify the person sending the payment transfer, state the payment transfer amount, and state the date of the payment transfer.

ANSWER: Defendant objects to this Interrogatory on the grounds that it is vague and confusing as to whom Plaintiff is identifying as having made the payments. Assuming that Plaintiff is referring to payments that Plaintiffs made, then notwithstanding the above objections, and subject thereto, Defendant refers to copies of its business records produced herewith under Fed. R. Civ. P. 33(d), which identify Plaintiffs' payments under the mortgage.

16. Describe in detail how "Citibank, in its capacity as Trustee of the Trust, [became] the current holder of the Note." In response to this interrogatory, please describe in detail all agreements to assign, sell, purchase, or transfer the Note from the originator to all intermediary "holder[s] of the Note" and then to "Citibank, in its capacity as Trustee of the Trust."

ANSWER: Please see Defendant's Answer to Interrogatory No. 6, which is incorporated herein.

17. Describe in detail your company's defenses to all claims RAAN made against you in your counterclaims, including Counts I, II, VIII, and X.

ANSWER: Defendant objects to this Interrogatory on the grounds that it seeks information protected by attorney/client privilege, the work product doctrine, and prepared in anticipation of litigation. Notwithstanding these objections, and subject thereto, Defendant refers to copies of its business records produced herewith under Fed. R. Civ. P. 33(d), which supports its defenses to Plaintiffs' counterclaims.

7

As to objections,

Counterclaim Defendant, Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3
By its attorneys,

_____
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(617) 573-4700
(617) 573-4700

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for the Defendant, do hereby certify that I have served all counsel of record and pro se parties with copies of the below listed documents by U.S. Mail on this 24th day of March 2015:

Documents:

- Counterclaim Defendant, Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3's Answers to Defendants/Counterclaim Plaintiffs First Set of Interrogatories

_____
Kevin P. Polansky

8

## VERIFICATION

The undersigned states that he holds the position of Supervisor of Foreclosure Operations for PennyMac Loan Services, LLC who was the servicer for Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3. He signs these Answers and is authorized to do so. The matters stated in the foregoing answers to interrogatories are not all within his personal knowledge and there is no such person who has personal knowledge of all such matters. As a result, the facts as stated in said answers have been assembled by authorized individuals of PennyMac Loan Services, LLC. The undersigned is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

Signed under pains and penalties of perjury on the 24 day of March 2016.

Name: Johnny Morton
Title: Supervisor of Foreclosure Operations