# EXHIBIT R

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1, <br><br> Substitute Plaintiff, <br><br> v. <br><br> RENEE ANNA NAJDA *et al.*, <br><br> Defendants, <br><br> and <br><br> SANTANDER BANK N.A. f/k/a SOVEREIGN BANK, <br><br> Party-in-Interest, <br><br>―――――――――――――――――――――― <br><br> RENEE ANNA NAJDA *et. al.*, <br><br> Defendants/Counterclaim Plaintiffs, <br><br> v. <br><br> CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, *et al.*, <br><br> Counterclaim Defendants. | Case No. 14-13593-GAO |

**COUNTERCLAIM DEFENDANT PENNYMAC, CORP.'S ANSWERS TO DEFENDANT/COUNTERCLAIM PLAINTIFF ANDREW NAJDA'S FIRST SET OF INTERROGATORIES**

1

Counterclaim Defendant, PennyMac Corp. ("PennyMac"), hereby responds to Defendant/Counterclaim Plaintiff, Andrew Najda's ("Plaintiff"), First Set of Interrogatories as follows:

## INTERROGATORIES

1. Describe in detail all communications between your company and PennyMac, PennyMacTrust, Citibank Organization, SLS, Highfields Capital, or Credit Suisse relating to the Loan, the Account, or RAAN. In response to this interrogatory, please identify the person communicating with said person, provide a summary of the communication, and the date on which said communication occurred.

> ANSWER: PennyMac objects to this Interrogatory on the grounds that it is irrelevant as it has no bearing on any claim or defense in this action and is not proportionate to the needs of the case. This is a judicial foreclosure action arising from Plaintiffs' default under the mortgage. The claims at issue involve whether the note holder may lawfully foreclose based upon its status as the lawful mortgagee and note holder and whether certain statutory and contractual obligations were met prior to foreclosure. Communications with the referenced companies have no bearing on any of the ultimate issues at stake. Further, to avoid any confusion, PennyMac and PennyMac Loan Services, LLC ("PLS"), are two separate entities; PennyMac has never serviced the loan at issue and is not aware of any communications it may have had with "RAAN." Pursuant to these objections, no additional information is being provided.

2. Describe in detail all communications between your company and PennyMac, PennyMacTrust, Citibank Organization, SLS, or Orion Financial Group, Inc. relating to the Note, the "Note Allonge" signed by "M. E. Wileman," the "Allonge To Note" signed by "Timothy Nicholson," the back page endorsement signed by "Kirk Langs" and "John Grazer," the Mortgage, the October 13, 2010 Assignment of Mortgage, the August 27, 2012 Assignment of Mortgage, the September 18, 2012 Assignment of Mortgage, and the June 24, 2014 Assignment of Mortgage. In response to this interrogatory, please identify the person

communicating with said entity, a summary of the communication, and the date on which said communication occurred.

    ANSWER: PennyMac refers to and incorporates its answer and objections to Interrogatory No. 1 herein. Further, Plaintiffs lack standing to challenge the note and mortgage. Thus, any communications it may have had relating to the referenced Assignments of Mortgage are irrelevant. PennyMac refers Plaintiffs to the Court's January 13, 2016 Order.

3. For each instance, during the relevant time period, when your company assigned, sold, purchased, or transferred the Loan identify:

    a. each person to whom or from whom your company assigned, sold, purchased, or transferred the Loan;

    b. the date on which the assignment, sale, purchase, or transfer occurred;

    c. the price paid, price demanded or consideration given or received for the Loan; and

    d. whether the assignment, sale, purchase, or transfer was part of a repo.

    ANSWER: PennyMac objects to this Interrogatory on the grounds that it is overly broad as it relates to the price paid for the transfer and/or sale of the Plaintiffs' note and whether it was part of a "repo." Plaintiffs lack standing to challenge and/or enforce the terms of any purchase and sale agreement and that information has no bearing on any claim or defense at issue in this case. Further, PennyMac objects to the extent that "Loan" is defined to include the Najdas' promissory note and mortgage. As worded, PennyMac will answer this question applying the term "Loan" to solely refer to the note at issue. Notwithstanding these objections, and subject thereto, PennyMac states that it has never held the note at issue. It held legal title to the Property on behalf of the note holder – Citibank, N.A. as Trustee for the benefit of the SWDNSI Trust Series 2010-3 ("Citibank Trustee") - from September 18, 2012 to June 24, 2014, and as more fully explained by the Court's January 13, 2016 Order.

4. As of the first day of each calendar quarter of each year during the relevant time period, identify each person who:

    a. held legal title or equitable title to the Mortgage or Note;

    b. was the creditor or investor of the Mortgage or Note;

3

  c.  was the mortgagee of the Loan;

  d.  was a recipient or designated beneficiary of any part or all of the cash flow from the Mortgage or Note;

  e.  you employed as a servicer or sub-servicer of the Account; and

  f.  owned the servicing rights of the Loan.

ANSWER: PennyMac objects to this Interrogatory on the grounds that it is overly broad as it relates to the recipient of any part or all of the cash flow from the Mortgage or Note. Plaintiffs lack standing to challenge and/or enforce the terms of any purchase and sale agreement and that information has no bearing on any claim or defense at issue in this case. Further, PennyMac objects to the extent that "Loan" is defined to include the Najdas' promissory note and mortgage. As worded, PennyMac will answer this question applying the term "Loan" to solely refer to the note at issue. Notwithstanding these objections, and subject thereto, PennyMac states as follows:

On or about February 18, 2011, Citibank Trustee acquired the note from CitiMortgage, Inc. ("CitiMortgage"). Citibank Trustee then held the note until June 30, 2015, when it was transferred to PMT NPL Financing 2015-1 (the "PMT Trust"), who is the current note holder. From February 18, 2011 to April 15, 2011, CitiMortgage remained the servicer of the loan, until servicing was transferred to Specialized Loan Servicing LLC ("SLS") on April 15, 2011. On August 1, 2014, servicing was transferred to PLS, who remains the current servicer. The note is currently being held by PMT Trust's counsel in this matter, Nelson Mullins Riley & Scarborough LLP and is available for Plaintiffs' inspection at a mutually convenient time for all parties.

With respect to legal title of the Property, that issue has been fully briefed and was decided by the Court in its January 13, 2016 Order. Further, the current mortgagee is Christiana Trustee by virtue of an Assignment of Mortgage dated November 12, 2015, which is recorded in the Middlesex County (Southern District) Registry of Deeds in Book 66435, Page 466.

5. As of the first day of each calendar quarter of each year during the relevant time period, identify the location of the Note.

ANSWER: PennyMac objects to this Interrogatory on the grounds that it is irrelevant as to the exact location of the Note for each period of time through the present. As set forth by the Massachusetts Supreme Judicial Court in Eaton v. Fed. Nat'l Mortgage Ass'n, 462, Mass. 569 (2012), it is only relevant as to whether the foreclosing mortgagee – here PMT Trust – holds the note prior to sending the statutory notices of sale. Notwithstanding these objections, and subject thereto, PennyMac states that

4

Nelson Mullins Riley & Scarborough LLP currently holds the note on behalf of PMT Trust. It is available for inspection at a mutually convenient time for all parties.

6. Identify all repos relating to the Loan.

ANSWER: PennyMac objects to this Interrogatory on the grounds that it is irrelevant as it has no bearing on any claim or defense in this action and is not proportionate to the needs of the case. This is a judicial foreclosure action arising from Plaintiffs' default under the mortgage. The claims at issue involve whether the note holder may lawfully foreclose based upon its status as the lawful mortgagee and note holder and whether certain statutory and contractual obligations were met prior to foreclosure. Plaintiffs lack standing to enforce the terms of any "repos" as that term is defined and any such agreements are confidential in nature. Pursuant to these objections, no information is being provided.

7. Identify the creditor or investor of the Loan as of February 25, 2010, February 25, 2011, January 5, 2012, May 7, 2013, October 18, 2013, and November 9, 2015.

ANSWER: Please see PennyMac's Answer to Interrogatory No. 4, which is incorporated herein.

8. Identify the mortgagee of the Loan as of May 7, 2013, October 18, 2013, and November 9, 2015.

ANSWER: Please see PennyMac's Answer to Interrogatory Nos. 3 and 4, which are incorporated herein.

9. Identify the prior, old creditor, which transferred ownership of the Loan to the "new Creditor" (PennyMac, Corp.), associated with the transfer referenced in the March 24, 2011 NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF OWNERSHIP OF MORTGAGE LOAN your company sent to RAAN.

ANSWER: Please see PennyMac's Answer to Interrogatory No. 4, which is incorporated herein.

10. Identify the date on which each allonge, endorsement, or indorsement of the Note was created or the date on which your company first became aware of its existence.

ANSWER: Please see PennyMac's Answer to Interrogatory Nos. 4 and 5, which are incorporated herein.

11. Identify all insurance policies that may cover your company, PennyMac, PennyMacTrust, Citibank Organization, or SLS for the acts/omissions alleged in RAAN's counterclaims and the 93A letters sent to your company via your parent company. For each insurance policy, please attach the declarations page and policy.

>ANSWER: As set forth in its initial disclosures, PennyMac is unaware of any such policies that may provide coverage for the single, non-monetary counterclaim remaining against PennyMac in this case.

12. Identify each person who participated in any actions or decisions relating to the Account or the Loan.

>ANSWER: PennyMac objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in that not every action or decision relating to the loan is at issue in this case. In fact, PennyMac had nothing to do with the loan other than holding legal title for a short period of time. Further, this request is not proportionate to the needs of the case. Please see its Answers to Interrogatory Nos. 3 and 4, which are incorporated herein. Pursuant to these objections, no information is being provided.

13. Identify each person who participated in any actions or decisions relating to the exhibits attached to the complaint of this case, including Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, and Exhibit J.

>ANSWER: PennyMac objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad in that Plaintiffs lack standing to challenge the referenced exhibits. In fact, PennyMac had nothing to do with the loan other than holding legal title for a short period of time. Further, this request is not proportionate to the needs of the case. Please see its Answer to Interrogatory No. 4, which it incorporates herein. Pursuant to these objections, no information is being provided.

14. Identify the dates on which your company commenced and terminated PLS as a servicer and SLS as a sub-servicer of the Loan or Account.

>ANSWER: Please see PennyMac's Answer to Interrogatory No. 4, which is incorporated herein.

15. Describe in detail your company's methodologies for determining or assigning a value to the Loan and each associated value within your company's documents.

ANSWER: PennyMac objects to this Interrogatory on the grounds it is vague and ambiguous as to what Plaintiffs mean by assigning a value to the loan. Plaintiffs received a loan in the amount of Three Million Four Hundred Sixty-Four Thousand Dollars ($3,464,000.00), which they have defaulted on by failing to make the requisite payments. Thus, the value of the loan is the amount of the unpaid principal, interest, fees, and unpaid escrow that continues to accrue. Pursuant to these objections, no additional information is being provided.

16. Describe in detail your company's basis for the Trust having standing in case 13 MISC 480118.

ANSWER: PennyMac objects to this Interrogatory on the grounds that 13 MISC 480118 has no bearing on any claim or defense at issue in this case. Pursuant to this objection, no information is being provided.

17. Describe in detail your company's defenses to all claims RAAN made against it in Count I and X of the above captioned action.

ANSWER: PennyMac objects to this Interrogatory on the grounds that it seeks information protected by attorney/client privilege, the work product doctrine, and prepared in anticipation of litigation. Further, PennyMac objects to this Interrogatory on the grounds that Count X of Plaintiffs' counterclaims has been dismissed against. As to Count I, PennyMac is not the current note or mortgage holder and, thus, Plaintiffs have no standing to assert a declaratory judgment counterclaim against it. PennyMac also refers Plaintiffs to its Answers to Interrogatory Nos. 3 - 5, which are incorporated herein.

*[SIGNATURES ON FOLLOWING PAGE]*

As to objections,

By their attorneys,

_____
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston, Massachusetts 02109
p.	(617) 573-4700
f.	(617) 573-4710

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for the Defendant, do hereby certify that I have served all counsel of record and pro se parties with copies of the below listed documents by U.S. Mail on this 24th day of March 2016:

Documents:

- Defendant PennyMac Corp.'s Answers to Defendants/Counterclaim Plaintiffs First Set of Interrogatories

_____
Kevin P. Polansky

8

## VERIFICATION

The undersigned states that he holds the position of Supervisor of Foreclosure Operations for PennyMac Loan Services, LLC. He signs these Answers and is authorized to do so on behalf of PennyMac Corp. The matters stated in the foregoing answers to interrogatories are not all within his personal knowledge and there is no such person who has personal knowledge of all such matters. As a result, the facts as stated in said answers have been assembled by authorized individuals of PennyMac Loan Services, LLC. The undersigned is informed and believes that the facts stated in said answers are true and so states under the pains and penalties of perjury.

Signed under pains and penalties of perjury on the 24 day of March 2016.

Name: Johnny Morton
Title: Supervisor of Foreclosure Operations