# EXHIBIT U

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CITIBANK, N.A., AS TRUSTEE FOR THE
BENEFIT OF SWDNSI TRUST SERIES
2010-3,

      Plaintiff,

v.

RENEE ANNA NAJDA a/k/a RENEE
NAJDA, ANDREW NAJDA and any and all
occupants,

      Defendants.

Case No. 14-13593-GAO

RENEE ANNA NAJDA a/k/a RENEE
NAJDA, ANDREW NAJDA and any and all
occupants,

      Defendants/Counterclaim Plaintiffs

v.

CITIBANK, N.A., AS TRUSTEE FOR THE
BENEFIT OF SWDNSI TRUST SERIES
2010-3,

      Plaintiff/Counterclaim Defendant,

PENNYMAC, CORP., SPECIALIZED LOAN
SERVICING, LLC, PENNYMAC LOAN
SERVICES, LLC and CITIMORTGAGE,
INC.

      Counterclaim Defendants.

## COUNTERCLAIM DEFENDANT CITIMORTGAGE, INC.'S RESPONSES TO COUNTERCLAIM PLAINTIFFS' FIRST REQUESTS FOR DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Counterclaim Defendant

1

CitiMortgage, Inc. ("CMI") hereby responds to the First Requests for Production of Documents served by Counterclaim Plaintiffs Renee and Andrew Najda (the "Document Requests").

CMI responds to the Document Requests consistent with the obligations set forth in the Federal Rules of Civil Procedure ("Federal Rules"), notwithstanding any requests in the Document Requests that purport to impose obligations different therefrom. In responding to the Document Requests, CMI has assigned to each word its everyday meaning and has construed the language of each request in light of the scope of discovery permitted by the Federal Rules. CMI's search for information relevant to issues in this action is continuing. CMI's objections and responses to the Najdas' Document Requests are based only upon such information that is available to CMI at the time of this response. Further investigation in this action may disclose additional information or documents that are requested by the Najdas. CMI reserves the right to modify or supplement any and all of its objections and responses to the Document Requests as additional information or documents are obtained or become available or known to CMI.

## DOCUMENT REQUESTS

1. Your company's certificate of incorporation, bylaws, management organizational charts, guidelines, handbooks, regulations, procedures, and any proposed amendments thereto.

**RESPONSE:** CMI objects to Request 1 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought and because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 1 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

2

2.      One copy of each annual or other periodic financial report of your company, separately for your company and each of its parents, partners, divisions or subsidiaries.

**RESPONSE:**    CMI objects to Request 2 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope and because the documents sought of publically available documents. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 2 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

3.      All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of each board of directors of your company and of each committee or subgroup of each board relating to distressed mortgages.

**RESPONSE:**    CMI objects to Request 3 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope and because the documents sought are protected by the attorney-client privilege and bank examination privilege. CMI also objects to Request 3 on the grounds that the term "distressed mortgages" is undefined. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 3 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

3

4.      All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the executive team, including, but not limited to, the Chief Executive Officer, President, Chief Operating Officer, Chief Financial Officer, Chief Administrative Officer, Head of Global Mortgages, Director of Control and Regulatory Remediation, Chief Customer Officer, Senior Vice President, Managing Director of Correspondent Lending Division, Head of Portfolio Strategy, Head of Origination, and Head of the Citi Homeowner Assistance Program, of your company referencing distressed mortgages.

**RESPONSE:** CMI objects to Request 4 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope and because the documents sought are protected by the attorney-client privilege and bank examination privilege. CMI also objects to Request 4 on the grounds that the term "distressed mortgages" is undefined. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 4 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

5.      All documents that set forth, report, describe, summarize, analyze, discuss or comment on your company's:

a.      methods, guidelines, strategies, means, or policies for servicing distressed mortgages;

b.      methods, guidelines, strategies, means, or policies for modifying distressed mortgages;

4

c.      methods, guidelines, strategies, means, or policies for liquidating or foreclosing on distressed mortgages;

d.      methods, guidelines, strategies, means, or policies for creating, replacing or supplementing missing or non-conforming documents for distressed mortgages, including endorsements, indorsements, allonges, assignments, and other pages; and

e.      methods, guidelines, strategies, means, or policies for conforming to or complying with common law, Massachusetts statutes, or the Uniform Commercial Code ("U.C.C.").

> **RESPONSE:** CMI objects to Request 5 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope and because the documents sought are protected by the attorney-client privilege and bank examination privilege. CMI also objects to Request 5 on the grounds that the term "distressed mortgages" is not adequately defined. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 5 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

6.      All documents concerning legal title or equitable title to the Loan or Property.

**RESPONSE:**   CMI objects to Request 6 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, the Najdas seek documents related

to the subject mortgage, however, in this Court's January 13, 2016 order, the Najdas'
Declaratory Judgment claim related to the transfer of the subject mortgage was
dismissed. Notwithstanding and subject to said objections, CMI refers to the documents
produced herewith, which include a copy of the Note.

7.       All documents concerning repos relating to the Loan or Property.

**RESPONSE:**  CMI objects to Request 7 on the grounds that it is not proportional to the
needs of this case because the importance of the discovery in resolving the issues has a
minimal benefit of the discovery sought. CMI also objects to Request 7 on the grounds
that the term "repo" is undefined.  Specifically, in its January 13, 2016 order this Court
narrowed the scope of the Najdas' remaining counterclaims as to the identity of the
current note holder and whether CMI "pursued foreclosure" after allegedly promising not
to.  Accordingly, Request 7 does not pertain to the narrow issues remaining in the
Najdas' counterclaims. Notwithstanding and subject to said objections, CMI states that it
is not aware of any documents in its custody or control responsive to this Request.

8.       All documents relating to all transfers, sales, purchases, or assignments of the
Mortgage or Note.

**RESPONSE:**  CMI objects to Request 8 on the grounds that it is not proportional to the
needs of this case because the importance of the discovery in resolving the issues has a
minimal benefit of the discovery sought and because the Request is not limited in time or
scope.  Specifically, the Najdas seek documents related to the assignment of the subject
mortgage, however, in this Court's January 13, 2016 order, the Najdas' Declaratory
Judgment claim related to the transfer of the subject mortgage was dismissed.

6

Notwithstanding and subject to said objections, CMI refers to the documents produced herewith, which include a copy of the Note.

9.     All documents concerning co-obligors, sureties, insurers, endorsers, prior note owners, or guarantors relating to the Loan or Property.

**RESPONSE:**  CMI objects to Request 9 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, Request 9 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

10.     All documents concerning servicing agreements relating to the Loan.

**RESPONSE:**  CMI objects to Request 10 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and vague as the Request does not articulate what entities are parties to the "servicing agreements."  CMI also objects to Request 10 on the grounds that the term "distressed mortgages" is undefined.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, Request 10 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

7

11. All documents relating to the location of the Note and all transfers of the Note from all locations to all different locations.

**RESPONSE:** CMI objects to Request 11 on the grounds that it is not limited in time or scope and seeks documents related to the note for periods that CMI was not involved with the Loan. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of the Note.

12. All documents between your company and PennyMac, PennyMacTrust, Citigroup Organization, SLS, Highfields Capital, Credit Suisse, or Ameriquest Mortgage Company relating to the Loan.

**RESPONSE:** CMI objects to Request 12 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 12 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

13. All documents between your company and K&L Gates LLP, Nelson Mullins Riley & Scarborough LLP, Korde & Associates, P.C., or Harmon Law Offices, P.C. relating to the Loan.

**RESPONSE:** CMI objects to Request 13 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not

8

limited in time or scope, and because it explicitly seeks attorney work product and documents protected by the attorney/client privilege.

14.     All documents relating to the value or equity of the Property.

**RESPONSE:** CMI objects to Request 14 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, Request 14 does not pertain to the narrow issues remaining in the Najdas' counterclaims.

15.     All documents listing or naming your employees that handled or interacted with the Account or RAAN, and your company's organizational charts, which list or name these employees.

**RESPONSE:** CMI objects to Request 15 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Notwithstanding and subject to said objections, CMI, pursuant to Rule 33(d) refers to the servicing notes produced, which include the identities of CMI employees that worked on the Najdas' account.

9

16.    All documents listing or naming the third parties engaged or hired by your company for any effort relating to the Loan or Account, including agents, brokers, bankers, investment bankers, structured product transaction management and support services, trust administrators, trustees, fiduciaries, depositaries, depositors, custodians, tenders, exchanges, escrow service providers, servicers, sub-servicers, inspectors, consultants, clients, partners, representatives, signatories, attorneys in fact, and custodians of records.

**RESPONSE:** CMI objects to Request 16 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and seeks documents protected by the attorney client privilege. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Notwithstanding and subject to said objections, CMI, pursuant to Rule 33(d) refers to the servicing notes produced.

17.    All documents, including computer or electronic records, customer service records and account information and notes referencing or relating to the Loan or Account.

**RESPONSE:** CMI objects to Request 17 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and seeks documents protected by the attorney client privilege and/or bank examination privilege. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not

10

to. Notwithstanding and subject to said objections, CMI, pursuant to Rule 33(d) refers to the documents produced, which include copies of its servicing notes for the subject mortgage loan.

18.     All documents concerning communications between RAAN and your company.

**RESPONSE:**  CMI objects to Request 18 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope.   Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.   Accordingly, all communications between the Najdas and CMI are not relevant to the Najdas' remaining counterclaims.   Notwithstanding and subject to said objections, CMI, pursuant to Rule 33(d) refers to the documents produced, which include copies of correspondence between the Najdas and CMI.

19.     All documents concerning communications between your company, and any third parties, relating to RAAN or the Account. This includes, but is not limited to, communications with PennyMac, PennyMacTrust, Citigroup Organization, SLS, Highfields Capital, Credit Suisse, Ameriquest Mortgage Company, Orion Financial Group, Inc., the Office of the Comptroller of the Currency, mortgage insurance companies, attorneys or employees at K&L Gates LLP, attorneys or employees at Nelson Mullins Riley & Scarborough LLP, attorneys or employees at Korde & Associates, P.C., attorneys or employees at Harmon Law Offices, P.C., the office of the Massachusetts Attorney General's office, or the office of the Massachusetts Division of Banks.

11

**RESPONSE:**  CMI objects to Request 19 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope, and seeks documents protected by the attorney-client privilege and/or bank examination privilege.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, all communications between the parties referenced in Request 19 are not relevant to the Najdas' remaining counterclaims.

20.     All audio recordings of communications, including but not limited to phone calls, between your company and RAAN or any third parties, including but not limited to communications with PennyMac, PennyMacTrust, Citigroup Organization, SLS, Highfields Capital, Credit Suisse, Ameriquest Mortgage Company, or Orion Financial Group, Inc.

**RESPONSE:**  CMI objects to Request 20 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Notwithstanding and subject to said objections, CMI states that its does not possess any audio recordings of CMI employees speaking with third-parties, as those calls are not recorded.  Answering further, CMI states that it does not have any audio recordings between CMI and the Najdas in its custody or control.

12

21.

**RESPONSE:** Request 21 was left blank in the Najdas' Document Requests. As such, no response is necessary.

22.     All photographs or videos of the Property.

**RESPONSE:** CMI objects to Request 22 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, pictures or videos of the property are not relevant to the Najdas' remaining counterclaims.

23.     All documents signed or endorsed (in writing or electronically) by ANC relating to the Loan.

**RESPONSE:** CMI objects to Request 23 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought and because the Request is not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents signed by Mr. Najda relating to the Loan are not relevant to the Najdas' remaining counterclaims. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include a copy of the forbearance agreement.

13

24. All disclosure statements and documents issued by your company in conjunction with the Note, Mortgage, Trust, or all structured products the Loan was packaged in (including any and all disclosure statements issued to comply with the Federal Truth in Lending Act, the Real Estate Settlement Act, Securities and Exchange Commission rules and regulations, and Financial Industry Regulatory Authority rules and regulations).

**RESPONSE:** CMI objects to Request 24 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, loan origination documents are not relevant to the Najdas' remaining counterclaims.

25. All documents concerning mortgage insurance of any type (mortgage insurance, lender paid mortgage insurance, private mortgage insurance, or borrower paid mortgage insurance) relating to the Loan.

**RESPONSE:** CMI objects to Request 25 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not

14

to. Accordingly, documents concerning mortgage insurance are not relevant to the Najdas' remaining counterclaims.

26. All documents concerning any derivatives, structured products, or investments that your company owned, purchased, sold, transferred, or assigned to offset or to hedge any change in the value of the Loan or your cash flow from the Loan.

**RESPONSE:** CMI objects to Request 26 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents concerning derivatives and investments by CMI are not relevant to the Najdas' remaining counterclaims.

27. All documents relating to a complete itemized account history for the Account. Please include a list of explanatory codes and instructions for interpreting the account history.

**RESPONSE:** CMI objects to Request 27 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of its servicing notes.

15

28.     All documents relating to the application of all payments to the Account.

**RESPONSE:** CMI objects to Request 28 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to payments made to the Najdas' account are not relevant to the Najdas' remaining counterclaims.

29.     All documents relating to all levies, fees, and costs billed to the Account.

**RESPONSE:** CMI objects to Request 29 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents related to fees and costs billed to the Najdas' account are not relevant to the Najdas' remaining counterclaims.

30.     All loss-mitigation, loan-modification, and forbearance guidelines concerning the Account, both internal and external, of your company, PennyMac, PennyMacTrust, as well as from any other source.

**RESPONSE:** CMI objects to Request 30 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a

16

minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents regarding loss mitigation guidelines are not relevant to the Najdas' remaining counterclaims. CMI further objects to this Request on the grounds that this Request seeks documents related to parties other than CMI.

31.     All documents in the loan or servicing files for the Account.

**RESPONSE:** CMI objects to Request 31 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Notwithstanding and subject to said objections, CMI refers to the servicing notes produced herewith.

32.     All documents sent to your company relating to the Account or Loan by previous or future servicers, sub-servicers, parent companies, parent servicers (for whom your company is or was a sub-servicer), Trusts, agents, attorneys, or other representatives of your company under your control or possession or in the control or possession of any affiliate.

**RESPONSE:** CMI objects to Request 32 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome,

17

vague, not limited in time or scope and seeks documents protected by the attorney client privilege. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, the documents sought in Request 32 are not relevant to the Najdas' remaining counterclaims.

33.     All documents for any custodial accounts used for any purpose in connection with the Loan or Account including the date, amount and source of all deposits in such accounts and the date, amount and purpose for all disbursements, including the name and address of any person who received any such disbursement.

**RESPONSE:**  CMI objects to Request 33 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and because the terms "custodial accounts" and "disbursements" are vague and undefined. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents related to "custodial accounts" and "disbursements" are not relevant to the Najdas' remaining counterclaims.

34.     All account servicing documents detailing how the Account has been serviced from its inception to the present date.

**RESPONSE:**  CMI objects to Request 34 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and

18

seeks documents for a time period in which CMI no longer serviced the Account. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include CMI's servicing notes.

35.     All documents concerning your company's evaluation of the Account or RAAN for possible refinancing programs, modifications, forbearances, other refinancing assistance, or settlements.

**RESPONSE:** CMI objects to Request 35 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, all documents regarding loan modifications, refinancing or "settlements" are not relevant to the Najdas' remaining counterclaims. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include a copy of CMI's servicing notes and the forbearance plan.

36.     All employee handbooks, internal guidelines, manuals, instructions, training materials, memoranda, emails, correspondence, compliance materials, or other materials, concerning your company's policies with regard to the following that were, or could have been,

used or consulted to service the Account and/or evaluate the Account or RAAN for any financing, modification, or refinancing options.

**RESPONSE:** CMI objects to Request 36 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and seeks confidential and/or proprietary information. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, CMI's employee handbooks and internal guidelines are not relevant to the Najdas' remaining counterclaims.

37.    All documents purporting to grant authority to any person to sign any of the documents referred to herein.

**RESPONSE:** CMI objects to Request 37 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, as there are no claims or challenges to the authority of any individual executing documents, the documents sought in Request 37 are not relevant to the Najdas' remaining counterclaims.

20

38.    All documents relating to a request by your company for a waiver of any agreement, regulation, guideline, or other guidance that your company contends relates to your company's defenses.

**RESPONSE:** CMI objects to Request 38 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is irrelevant, unduly burdensome and seeks documents protected by the attorney client privilege and/or bank examination privilege. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to any waivers of federal regulations or guidelines are not relevant to the Najdas' remaining counterclaims.

39.    All documents relating to the requests made by the RAAN to your company for information or agreements attached or otherwise associated with the Mortgage and/or Note.

**RESPONSE:** CMI objects to Request 39 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome and not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the Najdas' requests for information related to the Mortgage and Note are not relevant to the Najdas' remaining counterclaims.

21

40.     All documents relating to the Loan being assigned, sold or transferred from your company.

> **RESPONSE:** CMI objects to Request 40 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, and because the Request is not limited in time or scope. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims. Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of the note and CMI's servicing notes.

41.     All documents relating to the Loan being assigned, sold or transferred from your company to Citigroup Organization, including all of its divisions, subsidiaries, special purpose entities, or special purpose vehicles.

> **RESPONSE:** CMI does not have any documents in its custody or control responsive to this Request.

42.     All documents relating to the Loan being assigned, sold or transferred from your company to PennyMac, Corp.

> **RESPONSE:** CMI objects to Request 42 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not

22

to. Accordingly, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

43.     All documents relating to the Loan being assigned, sold or transferred from your company to the Trust.

**RESPONSE:** CMI does not have any documents in its custody or control responsive to this Request.

44.     All documents relating to the Loan being assigned, sold or transferred to your company.

**RESPONSE:** CMI objects to Request 44 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

45.     All documents relating to the Loan being assigned, sold or transferred to or from your company through or by means of a repo.

**RESPONSE:** CMI objects to Request 45 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not

23

to. Accordingly, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

46. All documents relating to the Loan being held off balance sheet by your company or Citigroup Organization.

**RESPONSE:** CMI objects to Request 46 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought and because CMI is unable to determine what the term "held off the balance sheet" means. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, the documents sought in Request 46 are not relevant to the Najdas' remaining counterclaims.

47. All documents relating to all derivatives your company or Citigroup Organization devised, created, managed or executed relating to the Loan.

**RESPONSE:** CMI objects to Request 47 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought and because the Request is vague. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to derivatives related to the Loan are not relevant to the Najdas' remaining counterclaims.

48. All documents relating to the origination of the Loan, including your company's methods, policies, and procedures for originating loans over $1,000,000 in value.

**RESPONSE:** CMI objects to Request 48 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information and because the Request is unduly burdensome. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the origination of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

49.    All documents relating to record keeping for newly originated mortgage loans, including those relating to the Loan.

**RESPONSE:** CMI objects to Request 49 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information and because the Request is unduly burdensome. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the origination of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

50.    All documents relating to your company's methods, policies, and procedures for assigning, selling, or transferring mortgage loans to other company's and trusts, including those relating to the Loan.

25

**RESPONSE:** CMI objects to Request 50 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information and because the Request is unduly burdensome. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

51. All documents relating to all entries in the MERS Milestones, including registrations, status updates, beneficial rights transfers, seasoned servicing rights transfers, and deactivations, your company made for the Loan.

**RESPONSE:** CMI objects to Request 51 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information, because the Request is unduly burdensome and because the Request seeks information related to a non-CMI document not within CMI's custody or control. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the MERS Milestones and the transfers of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

26

52.   All documents relating to the Master Mortgage Loan Sale Agreement between CitiMortgage, Inc. and PNMAC Capital Management, LLC on behalf of its Managed Entities dated February 5, 2010.

> **RESPONSE:**  CMI objects to Request 52 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information, because the Request is unduly burdensome and because the Request seeks documents protected by the attorney client privilege.   Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.   Accordingly, documents related to the Master Mortgage Loan Sale Agreement are not relevant to the Najdas' remaining counterclaims.

53.   All documents relating to the Master Trust Agreement for the SWDNSI Trusts, dated as of December 15, 2010, by and among PNMAC Mortgage Opportunity Fund Investors, LLC, PNMAC Mortgage Co., LLC, PennyMac Corp., and PennyMac Mortgage Investment Trust Holdings I, LLC, and Citibank, N.A. (as certificate trustee), and Citigroup Trust — Delaware, N.A. (as Delaware Trustee).

> **RESPONSE:**  CMI objects to Request 53 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, and because the Request is unduly burdensome. CMI further objects on the grounds that this Request seeks documents related to an agreement to which CMI was not a party.   Specifically, in its January 13, 2016 order this

Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Notwithstanding and subject to said objections, CMI states that it does not have any documents in its custody or control responsive to this Request.

54. All documents relating to Term Sheets dated February 25, 2011 for the bulk sale of loans to PennyMac or PennyMacTrust, including all associated Mortgage Loan Schedules.

**RESPONSE:** CMI objects to Request 54 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, and because the Request is unduly burdensome. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the bulk sale of loans under the unidentified February 25, 2011 Term Sheet are not relevant to the Najdas' remaining counterclaims.

55. All documents relating to the individual loan files of the Loan your company sent to PennyMac, PennyMacTrust, or any other purchaser.

**RESPONSE:** CMI objects to Request 55 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, and because the Request is unduly burdensome. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related

28

to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

56.    All documents relating to all formulas used to determine the sale price of the Loan to PennyMac, PennyMacTrust, or any other purchaser.

**RESPONSE:** CMI objects to Request 56 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information and because the Request is unduly burdensome.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, documents related to the sale price of the Loan are not relevant to the Najdas' remaining counterclaims.

57.    All documents relating to your company's acceptance or rejection of the agreement your company reached with RAAN during 2 recorded phone calls on October 13, 2014.

**RESPONSE:** CMI refers to the documents produced herewith, which includes copies of its servicing notes and the forbearance agreement.

58.    All documents concerning Michael Parker, Floyd Hanson, or their managers, supervisors, and directors relating to the Loan.

**RESPONSE:** CMI objects to Request 58 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request seeks confidential and/or proprietary information, because the Request is unduly burdensome and because the

Request is not limited in time or scope.   Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.    Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of CMI's servicing notes.

59.    All documents relating to your company sending or transmitting the Forbearance Plan or Repayment Plan to RAAN between October 13, 2010 and October 20, 2010.

**RESPONSE:**  CMI refers to the documents produced herewith, which include copies of CMI's servicing notes and the forbearance agreement.

60.    All documents relating to the "PLEASE KEEP THIS PAGE FOR YOUR RECORDS" page dated October 15, 2010.

**RESPONSE:**  CMI objects to Request 60 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, not limited in time or scope and because the Request is vague and overly broad. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of CMI's servicing notes and the forbearance agreement.

61.    All documents relating to your company's response to the statements included in ANC's fax cover sheet sent to your company on October 22, 2010.

30

**RESPONSE:** CMI does not have any documents in its custody or control responsive to this Request.

62. All documents relating to your company informing RAAN that it filed a Complaint under the Servicemembers Civil Relief Act, docket no. 10 MISC 441991.

**RESPONSE:** CMI refers to the documents produced herewith.

63. All documents relating to the Mortgagee Affidavit signed by your Default Processor, Stephanie Young, on October 7, 2010.

**RESPONSE:** CMI objects to Request 63 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the Mortgagee Affidavit are not relevant to the Najdas' remaining counterclaims.

64. All documents relating to your company being the mortgagee of the Loan as of October 7, 2010.

**RESPONSE:** CMI objects to Request 64 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought. Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to. Accordingly, documents related to the Mortgagee Affidavit and CMI's status as mortgagee as of October 7, 2010 are not relevant to the Najdas' remaining counterclaims.

31

65.     All documents relating to the "Note Allonge" signed by "M. E. Wileman," the "Allonge To Note" signed by "Timothy Nicholson," the back page endorsement signed by "Kirk Langs" and "John Grazer," the October 13, 2010 Assignment of Mortgage, and the September 18, 2012 Assignment of Mortgage.

**RESPONSE:**  CMI objects to Request 65 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, documents related to the assignment of mortgage are not relevant to the Najdas' remaining counterclaims.  Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of the note and note allonge.

66.     All documents relating to your timely responses to 93A letters from RAAN.

**RESPONSE:**  CMI refers to the documents produced herewith.

67.     All documents identified in your Initial Disclosure Statement.

**RESPONSE:**  CMI objects to Request 67 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought.  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Further, CMI states that its Initial Disclosures were served before the issuance of the Court's January 13, 2016 order and as such, documents related to the transfer of the subject mortgage are not relevant to the Najdas' remaining counterclaims.

32

Notwithstanding and subject to said objections, CMI refers to the documents produced, which include copies of its servicing notes, correspondence with the Najdas related to the forbearance agreement, the forbearance agreement and the note.

68.   All documents prepared by your company, its agents, or experts concerning RAAN's defenses or counterclaims.

**RESPONSE:**  CMI objects to Request 68 on the grounds that it is overly broad, unduly burdensome and seeks documents  protected by the work product doctrine and/or attorney client privilege.

69.   All documents relating to your company's defense of the counterclaims brought against it.

**RESPONSE:**  CMI objects to Request 69 on the grounds that it is not proportional to the needs of this case because the importance of the discovery in resolving the issues has a minimal benefit of the discovery sought, because the Request is unduly burdensome, vague and seeks documents protected by the work product doctrine and/or attorney client privilege.  CMI further objects on the grounds that Request 69 is nothing more than a fishing expedition without any reference to scope or relevancy  Specifically, in its January 13, 2016 order this Court narrowed the scope of the Najdas' remaining counterclaims as to the identity of the current note holder and whether CMI "pursued foreclosure" after allegedly promising not to.  Accordingly, documents related to CMI's defenses of now-dismissed counterclaims are not relevant to the Najdas' remaining counterclaims.

33

70.     All documents concerning communications between your company and PennyMac, PennyMacTrust, Citigroup Organization, SLS, Highfields Capital, Credit Suisse, Ameriquest Mortgage Company, and any third parties concerning RAAN's counterclaims.

**RESPONSE:**  CMI objects to this Request on the grounds that it seeks documents protected by the attorney client privilege.  Answering further, CMI states that it does not have any documents in its custody or control responsive to this request.

71.     All documents that will or may be sought to be introduced into evidence at the trial of this case.

**RESPONSE:**  At this point in the litigation, CMI has not yet determined what documents it intends to introduce into evidence at trial.  CMI reserves the right to supplement this response in accordance with the Rules and/or Court order.

> CitiMortgage, Inc.
> By its attorneys,
>
> /s/ *Timothy R. DeMarco*
> Jeffrey S. Patterson (BBO# 671383)
> jeffrey.patterson@klgates.com
> Timothy R. DeMarco (BBO# 685808)
> tim.demarco@klgates.com
> K&L Gates LLP
> State Street Financial Center
> One Lincoln Street
> Boston, Massachusetts 02111
> p.  (617) 951-9076

Date: March 30, 2016

34