UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CHRISTIANA TRUST, A DIVISION OF     )
WILMINGTON SAVINGS FUND SOCIETY,    )
FSB, NOT IN ITS INDIVIDUAL CAPACITY )
BUT SOLELY AS SEPARATE TRUSTEE      )
FOR PMT NPL FINANCING 2015-1,       )
                                    )
    Substitute Plaintiff,           )
                                    )
v.                                  )   Case No. 14-13593-GAO
                                    )
RENEE ANNA NAJDA *et al.*,          )
                                    )
    Defendants,                     )
                                    )
and                                 )
                                    )
SANTANDER BANK N.A. f/k/a SOVEREIGN )
BANK,                               )
                                    )
    Party-in-Interest,              )
_____)
                                    )
RENEE ANNA NAJDA *et. al.*,         )
                                    )
    Defendants/Counterclaim Plaintiffs, )
                                    )
v.                                  )
                                    )
CITIBANK, N.A. AS TRUSTEE FOR       )
THE BENEFIT OF SWDNSI TRUST         )
SERIES 2010-3, *et al.*,            )
                                    )
    Counterclaim Defendants.        )
_____)

**PENNYMAC, CORP.'S REPLY TO COUNTERCLAIM PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

    The only remaining allegation in this action against Counterclaim Defendant PennyMac, Corp. ("PennyMac") pleaded by Counterclaim Plaintiffs Renee and Andrew Najda

(the "Najdas") is an allegation, pursuant to Count I (Declaratory Judgment), regarding *current* ownership of their Note. See ECF No. 89, p. 14. However, PennyMac does not hold their Note and whether it ever held the Note (which it did not) is irrelevant. See ECF No. 119, PennyMac's Statement of Undisputed Material Facts, ¶ 4. Rather, PennyMac held the Najdas' Mortgage for a brief period of time from 2012 through 2014 on behalf of the then Note-holder. Id., ¶ 5. Because PennyMac does not hold the Note, it moved for summary judgment on the remaining allegation against it.

In Opposition, the Najdas have utterly failed to rebut the evidence offered by PennyMac but, rather, claim—without *any* proof in support thereof—that PennyMac did hold the Note and possibly still holds the Note. Conclusory allegations unsupported by any actual, admissible evidence are insufficient to rebut PennyMac's summary judgment motion. See, e.g., Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) ("While appellant engages in much speculation and conjecture, a plaintiff cannot defeat summary judgment by relying on conclusory allegations, or rank speculation. To defeat summary judgment, a plaintiff must make a colorable showing [as to the issues at hand]." (internal citations and quotations omitted)).

First, the Najdas' conclusory allegation that PennyMac held their Note at some point prior, which is completely belied by PennyMac's actual *admissible* evidence (namely, its sworn discovery responses), is apparently based on a March 24, 2011 letter in which PennyMac is identified as the "creditor." See Najdas' Opposition, pp. 5-6. However, "creditor" is not defined in the letter, and nothing in the letter states, let alone suggests, that PennyMac was the *holder of the Note* when the letter was sent.

2

In any event, *past* ownership of the Najdas' Note is entirely irrelevant under Massachusetts law as to *current* ownership of the same (and standing to foreclose), which is the basis of their remaining allegation against PennyMac. See Rosa v. Mortg. Elec. Sys., Inc., 821 F.Supp.2d 423, 431 (D. Mass. 2011) ("In Massachusetts, there is no requirement for a chain of written assignments documenting the transfer of beneficial interest in a mortgage to various note holders."); In re Marron, 455 B.R. 1, 9 (Bankr. D. Mass. 2011) ("There is no requirement for a separate assignment of the note holder's beneficial interest in the mortgage. The Massachusetts legal doctrine where a mortgage can and often does exist on a separate plane from its underlying note reinforces this conclusion."). Rather, standing to foreclose is authorized solely by ownership of the subject mortgage at the time of foreclosure, and ownership of the note or authority to act on behalf of the note holder. See Rosa, 821 F. Supp. at 432. Thus, even *if* the Najdas' conclusory allegation that PennyMac held the Note in 2011 is true, which it is not, and even if the conclusory allegation could be credited at the summary judgment stage, which it cannot, the allegation is entirely irrelevant as to current ownership of the Note.[1] Resultantly, the Najdas' conclusory allegation that PennyMac may have held the

---

[1] In addition, the Najdas' Note is bearer paper and thus held by the entity that possesses it, regardless of prior possession. See Mack v. Wells Fargo Bank, N.A., 2011 Mass. Super. LEXIS 207, at *24-25 (Mass. Super. Ct. 2011) (promissory note was bearer paper, and holder of the same had right to enforce its terms). Although the Najdas claim to challenge the authenticity of the Note based on alleged *copies* they received thereof, they do so only on conclusory grounds, not by and through admissible evidence that can be credited at this stage. In addition, the Najdas merely take issues with *copies of the Note* in the possession of and provided to them by other parties. Incomplete or inaccurate copies of the Note merely prove that another party allegedly provided to the Najdas an inaccurate copy of their original Note; this does not render the original Note inauthentic. See Moore v. MERS, 2013 U.S. Dist. LEXIS 59252, at *28-29 (D.N.H. April 25, 2013) (where loan servicers produced multiple different copies of the note, some of which were not indorsed, court rejected plaintiffs' argument that the original indorsed note was not actually the original or that indorsement was fabricated because "at most these multiple copies of the note demonstrate 'that a photo copy of the note was made at some point prior to the endorsement []' and that the copy made its way into the hands of the loan's servicers"). Thus, their allegation that the Note is not bearer paper (based on their claim that the endorsement in blank is not authentic) is meritless. In any event, even if the Note were not bearer

Note simply does not bear on the sole issue before this Court on PennyMac's summary judgment motion, which is current ownership of the Note.

Further, the Najdas' contention that PennyMac may currently hold the Note is belied by PennyMac's evidence and wholly unsupported by any evidence of their own. Rather, this allegation clearly rests on unsupported speculation. See Najdas' Opposition, pp. 6-7. For example, the Najdas' attempt to rebut PennyMac's evidence by simply labeling its evidence "false," see id., p. 8, is indisputably insufficient to establish the existence of a genuine issue of material fact as to whether PennyMac currently holds their Note. See Mariani-Colon, 511 F.3d at 224. As established by PennyMac and not rebutted by the Najdas, PennyMac does not hold their Note, which ends the inquiry. See ECF No. 119, PennyMac's Statement of Undisputed Material Facts, ¶¶ 4-5. Therefore, summary judgment must enter in favor of PennyMac.

## CONCLUSION

PennyMac's Motion and supporting evidence establishes that it does not hold the Najdas' Note. In Opposition thereto, the Najdas argue an irrelevant point (*i.e.* past ownership of the Note) and rest their Opposition on "conclusory allegations, or rank speculation" that are insufficient as a matter of law to rebut PennyMac's Motion. See Mariani-Colon, 511 F.3d at 224. Therefore, summary judgment must enter in favor of PennyMac as to Count I, and PennyMac must be dismissed from this action. See Fed.R.Civ.P. 56(a).

[*Signatures on Next Page*]

---

paper, past possession is still irrelevant as to present possession and standing to foreclose. See Rosa, 821 F.Supp.2d at 431.

Respectfully submitted,

PennyMac Corp.,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston, Massachusetts 02109
p.  (617) 573-4700
f.  (617) 573-4710

Dated: July 29, 2016

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: July 29, 2016                    */s/ Kevin P. Polansky*