UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br><br>    Plaintiff,<br><br>v.<br><br>RENEE ANNA NAJDA *et al.*,<br><br>    Defendants,<br><br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK,<br><br>    Party-in-Interest,<br><br>RENEE ANNA NAJDA *et. al.*,<br><br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, *et al.*,<br><br>    Counterclaim Defendants. | Case No. 14-13593-GAO |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' "MOTION FOR CLARIFICATION ON SUBJECT MATTER JURISDICTION" AND REQUEST FOR ATTORNEYS' FEES**

Plaintiff Citibank, N.A., not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Citibank Trustee") hereby opposes Defendants Andrew and

Renne Najda's ("Defendants") "Motion for Clarification of Subject Matter Jurisdiction." See ECF No. 204. Defendants specifically "request that the Court clarify whether subject matter jurisdiction did not exist at the commencement of this action because the plaintiff Citibank, N.A., as Trustee for the Benefit of SWDNSI Trust Series 2010-3 … was a naked trustee and SWDNSI Trust Series 2010-3 …, an unincorporated entity, shared Massachusetts citizenship with the Najdas." See id., p. 2.

Although styled as a request for "clarification," Defendants' motion is one for reconsideration of the numerous orders of this Court finding that (1) subject matter jurisdiction existed at the outset of the case and (2) continues to exist after two substitutions of the plaintiff. See ECF Nos. 96 (order allowing substitution of original plaintiff for Christiana Trust as Trustee of PMT NPL Financing 2015-1, and finding that "Christiana Trust is diverse as to the defendants, Renee and Andrew Najda"); No. 157 (denying Defendants' motion to dismiss Christiana Trust's Amended Complaint, and reiterating that "substituting Christiana Trust as the plaintiff does not alter the jurisdictional calculus"); No. 165 (denying Defendants' motion for reconsideration of denial of their motion to dismiss, thereby rejecting their argument that there was no subject matter jurisdiction at the time case was filed); No. 201 (granting motion to substitute Citibank Trustee as plaintiff, and again rejecting Defendants' challenges to subject matter jurisdiction). Defendants are not entitled to re-litigate an issue repeatedly decided against them. See, e.g., Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (reconsideration motions cannot be used by the losing party to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier").

In addition, Citibank Trustee requests its attorneys' fees in preparing and filing this opposition to a motion that advanced the same argument that has already repeatedly been rejected by this Court. Defendants could not reasonably need or expect any "clarification" on this Court's prior rulings. Rather, as noted, this Court has repeatedly and unequivocally found that subject matter jurisdiction has existed throughout the pendency of this case. See ECF Nos. 96, 157, 165, 201 (orders explicitly finding existence of subject matter jurisdiction or necessarily rejecting Defendants' challenges thereto). Merely because Defendants are unhappy with the Court's findings does not provide grounds for them to endlessly litigate the issue, and cause Citibank Trustee to have to oppose recycled arguments. Thus, Citibank Trustee respectfully requests that this Court award it its fees in having to respond to this motion, which is an appropriate sanction for Defendants' repeated abuses. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991) (courts have the authority to sanction any abuse of the judicial process, and may "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); John's Insulation, Inc. v. L. Addison and Assoc., Inc., 156 F.3d 101, 108 (1st Cir. 1998) (this Court has the "inherent power to sanction parties for litigation abuses").[1]

WHEREFORE, Citibank Trustee respectfully requests that this Court deny Defendants' motion and award Citibank Trustee its fees in defending the motion.

[*SIGNATURES ON NEXT PAGE*]

---

[1] It is no excuse that Defendants are *pro se*. See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) ("The Federal Rules of Civil Procedure apply to all litigants and impose an obligation, both on counsel and on individuals acting as their own counsel, to comply with court rules and not file frivolous motions." (citation and quotation omitted)); Pellegrini v. Analog Devices, Inc., 2006 U.S. Dist. LEXIS 726, at *9-10, 2006 WL 83472 (D. Mass. Jan. 11, 2006) ("[E]ven pro se litigant[s] are required to follow procedural rules.").

        Respectfully submitted,

        Citibank, N.A., not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1,

        By its attorneys,

        */s/ Kevin P. Polansky*
        Kevin P. Polansky (BBO# 667229)
        kevin.polansky@nelsonmullins.com
        Christine M. Kingston (BBO #682962)
        christine.kingston@nelsonmullins.com
        Nelson Mullins Riley & Scarborough LLP
        One Post Office Square
        Boston, Massachusetts 02109
        p.   (617) 573-4700
        f.   (617) 573-4710

Dated: April 20, 2017

## CERTIFICATE OF SERVICE

    I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 20, 2017                                      */s/ Kevin P. Polansky*