UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13593-GAO

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1,
Plaintiff,

v.

RENEE ANNA NAJDA a/k/a RENEE NAJDA, and ANDREW NAJDA,
Defendants and Counterclaimants,

v.

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1, and CITIMORTGAGE, INC.,
Counterclaim Defendants.

FINDINGS OF FACT, RULINGS OF LAW, AND ORDER FOR JUDGMENT
March 30, 2018

O'TOOLE, D.J.

This Court conducted a trial in the above-captioned civil action in November 2017. Several of the claims were tried to a jury, including the claim of Citibank, N.A. as trustee for PMT NPL Financing 2015-1 ("Citibank"), against Renee and Andrew Najda for breach of contract (Count II), and Renee and Andrew Najda's claims against CitiMortgage, Inc. for promissory estoppel (Count V) and against Citibank and CitiMortgage for Chapter 93A (Count X). The jury returned a verdict in favor of Citibank and CitiMortgage on all respective counts.

Several other claims were tried to the Court, including Citibank's claims for declaratory judgment (Count I), conditional judgment (Count IV), and foreclosure (Count V), and the Najdas' claims for declaratory judgment with respect to the holder of the note (Count I). Upon consideration of the evidence and the arguments of the parties in their various submissions, the

Court makes the following findings of facts and conclusions of law with respect to these counts, pursuant to Rule 52 of the Federal Rules of Civil Procedure.[1]

**I.      Findings of Fact**

On or about August 3, 2007, the Najdas executed an "Interest-Only Period Adjustable Rate Note" with CitiMortgage in the amount of $3,464,000.00 (the "Note"). Both Andrew Najda and Renee Najda signed the Note, and their signatures were witnessed by closing attorney Regina Buckley. Attorney Buckley also signed the Note as a witness to the Najdas' signatures.

At the time of trial, Citibank was in physical possession of the Note. The Note was physically kept at the office of Citibank's trial counsel, and it was presented at the trial. Attached to the Note are two allonges, both endorsed in blank, that were signed on behalf of the original lender, CitiMortgage. The allonges are affixed by paper clip to the original Note. Visual examination indicates that they had previously been stapled to the Note.

To secure the Note, Renee Najda granted a mortgage on the real property located at 71 Flint Road, Concord, Massachusetts (the "Property") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for CitiMortgage and its successors and assigns (the "Mortgage"). The Mortgage grants a power of sale in the event of default and acceleration.

The Mortgage was assigned several times. By Assignment dated October 13, 2010, MERS assigned the Mortgage to CitiMortgage. By Assignment dated September 18, 2012, CitiMortgage assigned the Mortgage to PennyMac, Corp. By Assignment dated June 24, 2014, PennyMac assigned the Mortgage to Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-

---

[1] As a preliminary matter, the Najdas' Motion for Directed Verdict (dkt. no. 337) is DENIED, substantially for the same reasons advanced by Citibank in its opposition to the motion, and Citibank's Motion for Judgment on Partial Findings (dkt. no. 340) is MOOT in light of the findings in this order. Citibank's Motion for the Court to Consider Updated Payoff Statement (dkt. no. 348) is GRANTED.

3. By Assignment dated November 12, 2015, Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3, assigned the Mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Christiana Trust"). By assignment dated May 31, 2016, Christiana Trust assigned the Mortgage to Plaintiff Citibank Trustee, N.A. not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1, the present plaintiff. All assignments of the Mortgage were duly recorded in the Middlesex County (South) Registry of Deeds. As of the time of trial, the plaintiff was the holder of the Mortgage.

The Najdas defaulted on their loan obligations beginning with the payment due August 1, 2011 and their payment obligations under the Note continue to be past due. By failing to make all payments due, Renee Najda breached the terms of the Mortgage and Andrew and Renee Najda breached the terms of the Note. On January 5, 2012, the loan servicer at the time, Specialized Loan Servicing, LLC, sent the Najdas a Notice of Default and Notice of Intent to Foreclose, but the Najdas did not bring their loan current. As of December 14, 2017, the Najdas owe $4,833,073.61 on the Note and Mortgage.[2]

## II.    Conclusions of Law

An entity seeking foreclosure is required to hold both the mortgage and the original note at the time of foreclosure. Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E. 2d 1118, 1132 (Mass. 2012); accord Matt v. HSBC Bank USA, 968 F. Supp. 2d 351, 357 (D. Mass. 2013) (citation omitted). "[A]lthough a foreclosing mortgagee must demonstrate an unbroken chain of assignments in order to foreclose a mortgage, and . . . that it holds the note (or acts as authorized agent for the note holder) at the time it commences foreclosure, nothing in Massachusetts law

---

[2] The current interest rate on the Note is 4%.

requires a foreclosing mortgagee to demonstrate that prior holders of the record legal interest in the mortgage also held the note at the time each assigned its interest in the mortgage to the next holder in the chain." Sullivan v. Kondaur Capital Corp., 7 N.E. 3d 1113, 1119 (Mass. App. Ct. 2014) (citation omitted).

Here, the unbroken chain of assignments from MERS to the plaintiff establishes that the plaintiff is the lawful and valid holder of the Mortgage. See U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 53 (Mass. 2011); Sullivan, 7 N.E. 3d at 1119 (Mass. App. Ct. 2014); (see also Op. & Order 5–6, Jan. 13, 2016 (dkt. no. 89).) The plaintiff is also the actual holder of the Note which has been endorsed in blank, permitting the bearer of the Note the right to enforce its terms.[3] See Mass. Gen. Laws ch. 106 §§ 3-205, 3-301; Khalsa v. Sovereign Bank, N.A., 44 N.E.3d 863, 864 (Mass. App. Ct. 2016); (see also Op. & Order 9, Mar. 29, 2017 (dkt. no. 201).)

Because the plaintiff holds the Mortgage and the Note, it has established its right to foreclose. See Eaton, 969 N.E.2d at 1133; Sullivan, 7 N.E.3d at 1119. As the Court previously held, there has been compliance with Massachusetts General Laws ch. 244, §§ 35A, 35B, and 35C. (Op. & Order 3–5, Mar. 29, 2017.) Further, the Notice of Default and Notice of Intent to Foreclose sent to the Najdas on January 5, 2012, substantially complies with the notice provisions of paragraph 22 of the Mortgage.

---

[3] The two allonges with the endorsements are sufficiently attached to be considered part of the Note. See Mass. Gen. Laws ch. 106, § 3-204(a); Mitchell v. U.S. Bank, Nat'l Ass'n for RASC 2006-EMX4, Misc. Case No. 12 MISC 473427 (RBF), 2017 WL 3707274, at *10 (Mass. Land Ct. Aug. 28, 2017); cf. Galvin v. EMC Mortg. Corp., Civil No. 12-cv-320-JL, 2014 WL 4980905, at *8 (D.N.H. Oct. 3, 2014). They are attached by paperclip and have indications that they were once stapled. Both allonges refer to specific aspects of the Note, including the original mortgager name, property address, and original loan amount. One even states that it is "attached to and made part of the Note." Furthermore, the failure of any other entity to try to foreclose on the Najdas after years of default provides additional evidence that no other entity holds the Note. See, e.g., Whitehead v. HMC Assets, LLC, Civil Action No. 14-cv-13408-IT, 2014 WL 5112111, at *5-6 (D. Mass. Oct. 2014) (citations omitted).

Accordingly, a conditional judgment of foreclosure shall enter in the amount of $4,833,073.61. See Mass. Gen. Laws ch. 244, §§ 3, 5. The defendant shall have two months from the entry of judgment to pay the plaintiff $4,833,073.61, plus interest at the rate of 4.0%. In the event that the defendants fail to pay the plaintiff such amount within two months of the entry of the conditional judgment, the Property is to be sold by the plaintiff in accordance with the terms of the Mortgage. Id. § 11. A separate conditional judgment of forfeiture shall issue.

### III. Conclusion

Consequently, judgment will be entered for Citibank on Counts I, II, IV, and V of its claims. The Court will not enter judgment against the Najdas on Count III (Servicemembers Civil Relief Act) or VI (possession) in light of Citibank's representations at the final pretrial conference and the subsequent Order entered by the Court to which Citibank did not object.[4] (See Tr. of Final Pretrial Conf. 9–11, Sept. 7, 2017 (dkt. no. 295); Order, Oct. 20, 2017 (dkt. no. 305) (identifying claims remaining to be tried).) Counts III and VI are dismissed without prejudice. Citibank's claim for unjust enrichment in Count VII is dismissed in light of the jury verdict in favor of Citibank on its breach of contract claim.

Judgment will further be entered for Citibank and CitiMortgage on Counts I, V, and X of the Najdas' claims.

As the prevailing party, Citibank is entitled to costs incurred in connection with this action, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[4] Consequently, the Najdas' Motion to Strike Plaintiff's Proposed Judgment (dkt. no. 360) is GRANTED to the extent that it requests the Court to not enter judgment against them with respect to Counts III and VI.