UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13593-GAO

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1,
Plaintiff,

v.

RENEE ANNA NAJDA a/k/a RENEE NAJDA, and ANDREW NAJDA,
Defendants and Counterclaimants,

v.

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1, and CITIMORTGAGE, INC.,
Counterclaim Defendants.

JUDGMENT
March 30, 2018

O'TOOLE, D.J.

Judgment is entered in favor of CitiMortgage, Inc., PennyMac, Corp., PennyMac Loan

Services, LLC, and Specialized Loan Servicing, LLC on all claims against them in accordance

with previous orders of the Court and the jury's verdict.

With respect to Citibank, N.A. not in its individual capacity, but solely as separate Trustee

for PMT NPL Financing 2015-1 ("Citibank"):

1. Pursuant to 28 U.S.C. §§ 2201–2202, Citibank is hereby declared the valid and lawful

   holder under Massachusetts law of the Original "Interest-Only Period Adjustable Rate

   Note" executed by Renee Najda and Andrew Najda ("Defendants") on August 3, 2007,

   with original lender CitiMortgage, Inc. (the "Note").

2. Pursuant to 28 U.S.C. §§ 2201–2202, Citibank is also declared the valid and lawful holder under Massachusetts law of the mortgage granted by Renee Najda on 71 Flint Road, Concord, Massachusetts (the "Property") to Mortgage Electronic Registration Systems, Inc. as nominee for CitiMortgage and its successors and assigns, to secure the Note (the "Mortgage").

3. By virtue of its ownership of the Note and Mortgage, Citibank has standing to foreclose on the Property pursuant to Massachusetts law and the terms of the Mortgage and Note.

4. Defendants are in breach and default under the Note, and Defendant Renee Najda is in breach and default under the Mortgage for failing to make all payments due thereunder. As a result of said breaches, Defendants having otherwise been provided with such notices of default and right to cure as required under the terms of the Note and Mortgage and/or under applicable law and having failed to cure said breaches, as of December 14, 2017, Defendants owe Citibank the total sum of $4,833,073.61 pursuant to the terms of the Note and Mortgage.

5. Pursuant to Massachusetts General Laws Chapter 244, Section 5, Defendants shall have two months from the entry of this Judgment to pay Citibank $4,833,073.61 plus interest at the contract/Note rate of 4.0%. If the foregoing sum is paid in accordance with the terms of the preceding sentence, the Mortgage shall become void and Defendants shall be discharged of any liability thereunder. Otherwise, the Court shall enter an order pursuant to Mass. Gen. Laws ch. 244, § 11, authorizing Citibank to conduct a public sale of the Property pursuant to the power of sale contained in the Mortgage with such sale to be published and noticed in the same or similar manner as provided for in Mass. Gen. Laws ch. 244, § 14, and upon such other terms and conditions as the Court may require.

6. In furtherance of this Judgment and in the event that Citibank sells the Property in the manner set forth in paragraph 5, Citibank shall file with the Court a motion for approval of the foreclosure sale demonstrating compliance with the terms and conditions of Mass. Gen. Laws ch. 244, § 14, and with such other terms and conditions as the Court may require in the Judgment, and submitting for the Court's review and approval the form of Foreclosure Deed to be recorded with the Registry of Deeds.

7. In furtherance of this Judgment and in the event that Citibank sells the Property in the manner set forth in paragraphs 5 and 6 and that said sale is approved by the Court as set forth in paragraph 6, then this Judgment shall be recorded with and as part of the Foreclosure Deed and upon the recording hereof, all right, title, and interest of the Defendants to the Property shall be forever released and discharged, and title to said Property shall be vested in the Grantee named in the Foreclosure Deed free and clear of any right, title, and interest of said Defendants.

8. Upon the recording of the Foreclosure Deed, possession shall vest in the Grantee named in the Foreclosure Deed.

9. Citibank shall have the right at any such public sale to credit bid up to the amount of its total indebtedness as its exists as of the date of such sale.

Judgment is hereby entered for Citibank on Counts I, II, IV, and V of Citibank's Amended Complaint. Count VII of Citibank's Amended Complaint is dismissed and Counts III and VI are dismissed without prejudice.

Judgment is further entered for Citibank on all counterclaims by the Defendants in accordance with previous orders of the Court and the jury's verdict.

As the prevailing party, Citibank is entitled to costs incurred in connection with this action, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge