UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13593-GAO

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1,
Plaintiff,

v.

RENEE ANNA NAJDA a/k/a RENEE NAJDA, and ANDREW NAJDA,
Defendants and Counterclaimants,

v.

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1, and CITIMORTGAGE, INC.,
Counterclaim Defendants.

ORDER
March 29, 2019

O'TOOLE, D.J.

This Order resolves the several pending motions:

1. Defendants Renee and Andrew Najda's Renewed Motion for Judgment and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) (dkt. no. 375) is DENIED for substantially the same reasons advanced by the plaintiff Citibank, N.A. as trustee for PMT NPL Financing 2015-1 ("Citibank") in its opposition and those relied upon by this Court in its repeated rejection of the defendant's jurisdictional argument.

2. The defendants' Rule 59 Motion for New Trial and Motion to Amend or Alter the Judgment (dkt. no. 376) is DENIED for substantially the same reasons articulated by Citibank and CitiMortgage, Inc. in their oppositions and those previously relied upon by this Court. With respect to a new trial, the defendants have not shown that the jury's verdict or Court's findings of fact were "against the demonstrable weight of the credible evidence" or that action is required to

prevent a "blatant miscarriage of injustice," See Foisy v. Royal Maccabees Life Ins., 356 F.3d 141, 146 (1st Cir. 2004) (quoting Sanchez v. P.R. Oil Co., 37 F.3d 712, 717 (1st Cir. 1994)); see also Barbosa v. Hyland, No. CIV.A. 11-11997-JGD, 2014 WL 1689607, at *1 (D. Mass. Apr. 28, 2014) (quotations omitted) (new trial motion in non-jury case "should be based upon manifest error of law or mistake of fact"). As Citibank and CitiMortgage observe, the majority of the defendants' contentions were already argued in some form and rejected, and the defendants do not now raise any convincing new arguments which call into question the correctness of the prior rulings or demonstrate that the trial was manifestly unfair because of any purportedly erroneous decisions.

With respect to an amendment of the judgment, "an extraordinary remedy which should be used sparingly," Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quotation omitted), the defendants have not demonstrated an intervening change in the law, manifest error of law, or newly discovered evidence, see Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2005). The argument regarding the notice of acceleration was previously raised by the defendants and was rejected, at least implicitly, in the Court's post-trial rulings. (See Opp'n to Pl. Citibank's Mot. for J. on Partial Findings 11 (dkt. no. 358); Findings of Fact, Rulings of Law, & Order for J. 4 (dkt. no. 368).) The "repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004); see also Palmer, 465 F.3d at 30. The argument based upon the apparent post-trial transfer of the note also fails. The defendants' purported "new evidence" does not involve the facts as they existed during the time of trial.[1] Whether Citibank now will be able to proceed with the foreclosure process under the Conditional Judgment is a separate matter.

---

[1] The defendants contend that the facts existed before judgment entered and therefore during the time of trial. In that regard, it was incumbent on the defendants to raise the issue before judgment entered in more than a passing comment in a footnote of a reply brief and in support of a different

3. As both parties apparently agree that Citibank may assign the judgment without Court involvement, (see Pl.'s Mot. to Assign the J. 4 n.3 (dkt. no. 392); Defs.' Opp'n to Pl.'s Mot. to Assign J. 3 (dkt. no. 396); Pl.'s Reply to Defs.' Opp'n to Its Mot. to Assign the J. 3 (dkt. no. 407)), Citibank's Motion to Assign the Judgment (dkt. no. 392) is DENIED at this time.

Finally, counsel are reminded of their obligations under the Local Rules, including but not limited to Rule 7.1(a)(2) (requirement to certify that counsel has conferred in good faith prior to filing any motions), Rule 7.1(b)(1) (requirement of separate memoranda in support of motions), and Rule 7.1(b)(4) (twenty-page limit on memoranda). Future non-conforming submissions may be stricken for failure to comply with the Local Rules. See L.R. 1.3.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

legal theory. (See Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. for Directed Verdict 6 n.4 (dkt. no. 364).) Rule 59(e) is not a mechanism to raise new arguments that could have been made before the Court entered judgment in the case.