UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br>    Plaintiff,<br>v.<br><br>RENEE ANNA NAJDA et al.,<br>    Defendants,<br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK, Party-in-Interest,<br><br>RENEE ANNA NAJDA et al.,<br>    Defendants/Counterclaim Plaintiffs,<br>v.<br><br>CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, et al.,<br>    Plaintiff/Counterclaim Defendants, | Case No. 14-13593-GAO |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO MOOTNESS OF PLAINTIFF'S CLAIMS

Defendants Renee and Andrew Najda (collectively, the "Najdas" and "Defendants"), pursuant to 12(b)(1) and 12(h)(3), hereby move the Court to dismiss Citibank No. 2's[1] complaint for lack of subject matter jurisdiction because the case-or-controversy requirement of Article III is not satisfied. Citibank No. 2 is required to hold both the original note and the mortgage throughout this foreclosure action. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 578-88 (Mass. 2012). By its own admission, Citibank No. 2 does not hold both the note and mortgage (since the sale of

---

[1] Citibank, N.A. not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Citibank No. 2").

1

the loan (note/mortgage) in 2017). As a result, Citibank No. 2 has no legally cognizable injury and the Court is without power to grant it relief in the form of foreclosure. Therefore, Citibank No. 2's claims are moot, were moot when the Court entered the conditional judgment on March 30, 2018, and had been moot since 2017. With the case or controversy requirement of Article III not satisfied, the Court lacks jurisdiction over Citibank No. 2's claims.

Responsibility for the mootness rests exclusively with the Citibank No. 2. Upon the sale of the note in 2017, Citibank No. 2 did <u>not</u> move to substitute the new note holder before the Court entered the conditional judgment on March 30, 2018. Subsequently, Citibank No. 2 did <u>not</u> move to substitute and did <u>not</u> move to amend the judgment, pursuant to Rule 59(e), within 28 days of March 30, 2018. Because the claims were rendered moot entirely by Citibank No. 2, which then slept on its remedies and acted in bad faith (e.g. deliberate nondisclosure of the identity of the note holder in a letter), the Court must dismiss Citibank No. 2's complaint with prejudice and vacate the March 30, 2018 judgment.

In support of their motion, the Najdas rely upon their accompanying memorandum and supporting exhibits filed contemporaneously herewith.

WHEREFORE, for the reasons set forth herein, the Najdas respectfully move the Court to dismiss Citibank No. 2's complaint, including Counts I – VI, with prejudice and vacate the March 30, 2018 conditional judgment and findings of fact and law. The Najdas request the Court award the Najdas such other relief as this Court deems just and proper.

                        Respectfully submitted,

                        Defendants and Plaintiffs-in-Counterclaim,
                        Andrew Najda and Renee Najda
                        /s/ Andrew Najda
                        and
                        /s/ Renee Najda

                        71 Flint Road
                        Concord, MA 01742

Date: April 23, 2019

## CERTIFICATE OF SERVICE

I, Andrew Najda, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies sent to those indicated as non-registered participants on this date.

                        /s/ Andrew Najda
                        Andrew Najda

Date: April 23, 2019

## RULE 7.1 CERTIFICATION

On April 22, 2019, I emailed counsel, Kevin P. Polansky, in an effort to narrow or resolve the issues raised in this motion. Counsel responded "No they will not" assent.

                        /s/ Andrew Najda
                        Andrew Najda