UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br>  Plaintiff,<br>v.<br><br>RENEE ANNA NAJDA et al.,<br>  Defendants,<br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK, Party-in-Interest, | Case No. 14-13593-GAO |
| RENEE ANNA NAJDA et al.,<br>  Defendants/Counterclaim Plaintiffs,<br>v.<br><br>CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, et al.,<br>  Plaintiff/Counterclaim Defendants, | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION DUE TO MOOTNESS OF PLAINTIFF'S CLAIMS**

**INTRODUCTION**

Defendants Renee and Andrew Najda (collectively, the "Najdas" and "Defendants"), pursuant to 12(b)(1) and 12(h)(3), hereby move the Court to dismiss Citibank No. 2's[1] complaint for lack of subject matter jurisdiction because the case-or-controversy requirement of Article III is not satisfied. Citibank No. 2 is required to hold both the original note and the mortgage throughout this foreclosure action, including when exercising the power of sale, in order to effect a valid

---

[1] Citibank, N.A. not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Citibank No. 2").

1

foreclosure. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 578-88 (Mass. 2012). By its own admission, Citibank No. 2 does not hold the alleged original note. As a result, Citibank No. 2 has no legally cognizable injury, the Court is without power to grant relief in the form of foreclosure (to a non-holder), and its claims are moot. Citibank No. 2's claims have been moot since 2017 (when the statutory trust sold the note and mortgage). With the case or controversy requirement of Article III not satisfied, the Court lacks jurisdiction over Citibank No. 2's claims.

Responsibility for the mootness rests exclusively with the Citibank No. 2. Upon the sale of the note in 2017, Citibank No. 2 did not move to substitute the new note holder before the Court entered the conditional judgment on March 30, 2018. Subsequently, Citibank No. 2 did not move to substitute and did not move to amend the judgment, pursuant to Rule 59(e), within 28 days of March 30, 2018. "It did not avail itself of the remedy it had to preserve its rights." United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950). Because the claims were rendered moot entirely by Citibank No. 2, which then slept on its remedies, a dismissal with prejudice of Citibank No. 2's claims is warranted. Deakins v. Monaghan, 484 U.S. 193, 200 (1988). The Court must dismiss Citibank No. 2's complaint with prejudice and vacate the March 30, 2018 judgment and findings of fact and law (Dkt. Nos. 368-369).

**PROCEDURAL HISTORY**

The Najdas raised the issue of Citibank No. 2 not holding both the note and mortgage because of the sale of the note and mortgage (on or before November 2017), and therefore not being able to foreclose, in **four (4) filings** before the Court entered the conditional judgment on March 30, 2018. On December 4, 2017, the Najdas raised the issue of the sale and Citibank No. 2 not holding both the note and mortgage:

> Defendants could not have known at the time they filed their motion that a decision had been made to sell the mortgage and note to a new creditor. On November 17, 2017 the mortgage and note were

2

> allegedly sold to PennyMac, Corporation. See **Exhibit B, November 20, 2017 Notice of Sale of Mortgage and Note**. Defendants request the opportunity to respond to Citibank's arguments in light of the mortgage and note being sold to PennyMac, Corp., and other arguments, by filing a reply.

See Dkt. No. 357, Defendants' Motion for Leave to Reply to Plaintiff's Opposition to Defendants' Motion for Directed Verdict at 2.

On December 6, 2017, the Najdas raised the consequences of the sale of the note, including that Citibank No. 2 has no legally cognizable injury, in their opposition to Citibank No. 2's Motion for Judgment:

> On November 17, 2017, the Najda's mortgage loan was sold to PennyMac Corp. **Plaintiff's claims are barred because it has not suffered any damages** from the acts and conduct of which it complains, and, in fact, has recouped any monies and admitted that the note itself, and mortgage, have value by selling it to another entity. (emphasis added)
>
> Thus, even now, as Plaintiff moves for a judgment and requests relief and orders from this Court, it now no longer holds any interest or ownership in the Najda's loan. By selling the mortgage, Plaintiff is no longer entitled to any money damages, money judgment, or recoupment since it has sold the Najda's loan, for value, to PennyMac Corp.

See Dkt. No. 358, Defendants' Opposition to Plaintiff Citibank's Motion for Judgment on Partial Findings at 22-23.

On December 6, 2017, the Najdas again raised this issue purposely in their response to Citibank No. 2's Proposed Findings of Fact and Rulings of Law:

> Further, on November 17, 2017, Citibank sold the mortgage [loan] to PennyMac Corporation, and is no longer entitled to any findings of law or fact once the mortgage [loan] was transferred and sold.
>
> Since Citibank is not the note holder, this Court is now precluded from entering such requested findings of fact and law because, on November 17, 2017, the mortgage was self and transferred to PennyMac Corporation. It is no longer the mortgage holder, and not entitled to the relief it now seeks. See Exhibit B: Notice of Transfer.

3

See Dkt. No. 359, Defendants' Response to Plaintiff's Proposed Findings of Fact and Rulings of Law at 7, 9-10.

On January 16, 2017, the Najdas raised the issue of Citibank No. 2 having sold the loan in an additional filing:

> Citibank has already implicitly admitted that it filed a fatally flawed complaint, because on November 17, 2017 the statutory trust allegedly sold the mortgage and note to PennyMac, Corp. See Exhibit B: Notice of Sale of Mortgage and Note.

See Dkt. No. 364, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Directed Verdict at 6 n. 4. Accordingly, the issue of Citibank No. 2 having no legally cognizable injury was raised prominently, in **four (4) filings**, before the conditional judgment was entered.

After March 30 2018, the Najdas continued to raise the issue of Citibank No. 2 not holding the note and being barred from foreclosing. See Dkt. No. 375, Defendants' Renewed Motion for Judgment at 5; see also Dkt. No. 376, Defendants' Rule 59 Motion for a New Trial and Motion to Amend or Alter the Judgment at 19-20; see also Dkt. No. 406, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for a New Trial at 5-6 ("Citibank No. 2 Admitted It Was Not Holding the Note").

## ARGUMENT

### I. A Case or Controversy Must Exist Throughout the Litigation

Article III restricts federal courts to the resolution of cases and controversies. Davis v. FEC, 554 U.S. 724, 732 (2008) (citing Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997)). The requirement that a claimant have "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Davis, 554 U.S. at

732-33 (quoting Arizonans, 520 U.S. at 67). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans, 520 U.S. at 68, n. 22 (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).

## II. If a Party Has No Legally Cognizable Injury, There Is No Live Case or Controversy, the Court Lacks Jurisdiction and It Shall Dismiss the Action

Subject matter jurisdiction does not exist in the absence of a live case or controversy. "If a party has no legally cognizable injury, the federal court lacks jurisdiction, for its ruling would be … in violation of Article III of the Constitution." United Capital Corp. v. 183 Lorraine St. Assocs., 1996 U.S. App. LEXIS 12335, at *2 (2nd Cir. 1996). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. Rule Civ. Proc. 12(h)(3). A motion to dismiss for lack of subject matter jurisdiction can be filed at any time in a case. Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

## III. For an Actual Controversy to Be Extant at all Stages of a Foreclose Action in Massachusetts a Plaintiff Must Both Hold the Note and Hold the Mortgage at All Stages of a Foreclose Action

"An entity seeking foreclosure is required to hold both the mortgage and the original note at the time of foreclosure." Citibank, N.A. v. Najda, No. 14-13593-GAO, 2018 U.S. Dist. LEXIS 55476, at *5 (D. Mass. Mar. 30, 2018) (citing Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1132 (Mass. 2012)). Therefore, to maintain a legally cognizable injury that can be redressed to satisfy Article III's case or controversy requirement a plaintiff must hold the note and mortgage at all stages of the foreclosure action.

## IV. Once a Note Holder Transfers the Note to Another, It Cannot Maintain an Action to Foreclose

Notably, the Eaton Rule – an entity must hold both the original note and the mortgage to use the power of sale – does not contain an exception for transfers of interest. Under Eaton, the

5

prior note holder cannot foreclosure for the current holder of the note and mortgage. After transferring the note to another, Citibank No. 2 "must have known that the possession of the debt was essential to an effective mortgage, and that without [the note] he could not maintain an action to foreclose the mortgage." Eaton, 462 Mass. at 578 (quoting Wolcott v. Winchester, 81 Mass. 461, 15 Gray 461, 465 (1860)).

Citibank No. 2 having sold and transferred the note to another, not only "lost all right to enforce the payment of [the note] to [itself]" but also "has no equitable claim upon or right to disturb the mortgagor or interrupt [Ms. Najda] in the possession and enjoyment of [the mortgaged property]." Howe v. Wilder, 77 Mass. 267, 269 (1858); see also Culhane v. Aurora Loan Servs., 826 F. Supp. 2d 352, 365 n.9 (D. Mass. 2011).

Eaton's declaration of who can foreclose in Massachusetts is a matter of substantive law. Under the Erie doctrine, the Eaton Rule (a transferor of a note cannot foreclose) supersedes the "may be the continued by … the original party" clause of Federal Rule of Civil Procedure 25(c). Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). If a note is transferred to a new holder, the foreclosure action cannot be continued by the original party. Moreover, even if the Eaton Rule did not exist, the continuation clause of Rule 25(c) is unavailable because Citibank No. 2 is not the "original party", which filed the complaint (Dkt. No. 1), rather it is the 3rd plaintiff (after two substitutions).

### V. Citibank No. 2 Does Not Hold the Note At Present, and Did Not Hold the Note When the Conditional Judgment Was Entered

It is undisputed that Citibank No. 2 does not hold the alleged original note at present. See Exhibit A, Affidavit of Johnny Morton in Support of Plaintiff's Motion to Assign Judgment ¶¶ 8-9 (Citibank No. 2 admitted that it does not hold the alleged original note). Further, Citibank No. 2's own letter demonstrates that Citibank No. 2 has not held the note since at least November 2017.

6

See Exhibit B, Notification of Assignment, Sale, or Transfer of Your Mortgage Loan at 1 ("your mortgage loan was sold to PENNYMAC CORP. ('Creditor')"). These facts establish that Citibank No. 2 did not hold the note when the conditional judgment was entered on March 30, 2018. Moreover, the identity of the current holder of the alleged original note is secret ("Secret Holder"):

> [Planet (the servicer)] received your letter requesting 'the name of the company holding the note'.
>
> Planet is unable to provide the information you requested because the [the name of the company holding the note] is proprietary and confidential, and not required to be provided.

See Exhibit C, May 18, 2018 Servicer's Response to the Najdas' Request for Information. Hence, Citibank No. 2 does not hold the note at this time, did not hold the note when the Court entered the conditional judgment on March 30, 2018, and had not held the note since 2017.

### VI. Citibank No. 2's Claims Are Moot

Eaton dictates that only an entity that holds both the note and mortgage can foreclose and use the power of sale. Since Citibank No. 2 does not hold both the note and mortgage, Citibank No. 2 lacks the necessary personal interest to:

1. motion the Court to enter an order pursuant to Mass. Gen. Laws ch. 244, § 11 to conduct a public sale of the property pursuant to the power of sale;
2. sell the property pursuant to the power of sale; and
3. motion the Court to approve a sale.

At this time, Citibank No. 2 has no legally cognizable injury that can be redressed to satisfy Article III's case or controversy requirement because it does not hold the note and mortgage. Beforehand, Citibank No. 2 had no legally cognizable injury that could be redressed to satisfy Article III's case or controversy requirement on March 30, 2018. From 2017 to the present, this Court does not have

# (continued)

the power to award the requested relief – foreclosure by power of sale – to Citibank No. 2 because it does not hold the note and mortgage.

Without a legally cognizable injury and redressability existing at all stages, Citibank No. 2 has failed to maintain a case or controversy throughout this action. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 568 U.S. 165, 172 (2013). Therefore, Citibank No. 2's claims are moot, were moot when the Court entered the conditional judgment on March 30, 2018, and had been moot since 2017. The Najdas met their burden of establishing the facts necessary to sustain a mootness defense.

## VII. Since Court Lacks Jurisdiction, Citibank No. 2's Claims Must Be Dismissed and the Conditional Judgment Vacated

"[Citibank No. 2] does not have the personal stake in the outcome of this case necessary to make it an actual case or controversy, which the United States Constitution requires to create federal jurisdiction." "Accordingly, this case [must] be[] dismissed." See Exhibit D, Ruling Transcript 5:9-15, Emigrant Mortgage Company, Inc. v. Pinti, No. 16-11136 (D. Mass., January 11, 2019) (citing Baker v. Carr, 369 U.S. 186 (1962)); see also Ramirez v. Ramos, 438 F.3d 92, 100 (1st Cir. 2006) ("a federal court is duty bound to dismiss the claim as moot if subsequent events unfold in a manner that undermines any one of the three pillars on which constitutional standing rests: injury in fact, causation, and redressability."); Salazar v. Buono, 559 U.S. 700, 729 ("The District Court had no power to award the requested relief, and our authority is limited to 'announcing the fact and dismissing the cause.'") (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1869))); Fed. Rule Civ. Proc. 12(h)(3).

**VIII.    Citibank No. 2 and the Secret Holder Injured Themselves by Failing to Satisfy the Requirements of Massachusetts Law and by Failing to Act in This Action**

Responsibility for the mootness rests exclusively with the Citibank No. 2. From 2017 to the present, about two years, Citibank No. 2 failed to act to preserve its or the Secret Holder's interests. Upon the sale of the note in 2017, Citibank No. 2 did <u>not</u> move to substitute the new note holder before the conditional judgment was entered on March 30, 2018. Then Citibank No. 2 did <u>not</u> move to substitute and did <u>not</u> move to amend the judgment within 28 days of March 30, 2018.

"It did not avail itself of the remedy it had to preserve its rights." <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36, 40 (1950). Because Citibank No. 2's claims were rendered moot entirely by Citibank No. 2, a dismissal with prejudice of its claims is warranted. <u>Deakins v. Monaghan</u>, 484 U.S. 193, 200 (1988).

Citibank No. 2, Private National Mortgage Acceptance Company ("PNMAC")[2], and the Secret Holder "are in the mortgage loan business and should be able to comply with Massachusetts law" and avail themselves of the remedies they had to preserve their interests. "To the extent they are being deprived of payments [or their interest] … they're suffering an injury inflicted by their own failure to satisfy the requirements of Massachusetts law" and their own failure to avail themselves of the remedies they had to preserve their interests. <u>See</u> Exhibit D, Ruling Transcript 20:7-12, <u>Emigrant Mortgage Company, Inc. v. Pinti</u>, No. 16-11136 (D. Mass., January 11, 2019). Citibank No. 2's failure to satisfy Massachusetts law and failure to avail itself of available remedies are indefensible.

---

[2] The entity that controlled this litigation from the start is PNMAC as evidenced by Counsel Nelson Mullins holding the Rule 16.1 conference with "Eric T. Jorgensen Senior Vice President & Deputy General Counsel at Private National Mortgage Acceptance Company (PennyMac)". <u>See</u> Dkt. No. 63, Local Rule 16.1 Certification at 2; <u>see also</u> Exhibit E, LinkedIn Profile of Eric T. Jorgensen at 1.

## **CONCLUSION AND REQUEST FOR RELIEF**

Citibank No. 2 does not hold the alleged original note and mortgage. Upon the sale of the note and mortgage in 2017, Citibank No. 2 lost all right to enforce the note and has no equitable claim upon or right to disturb or interrupt Ms. Najda's possession and enjoyment of the property. Eaton, 462 Mass. at 578; Howe, 77 Mass. at 269. As a result, Citibank No. 2 has had no legally cognizable injury and the Court was without power to grant it relief from the 2017 sale to the present, including without power to grant the flawed March 30, 2018 conditional judgment. The Court is without power to grant Citibank No. 2 further relief. Citibank No. 2's claims are moot.

With the case-or-controversy requirement of Article III not satisfied, the Court does not have subject matter jurisdiction and must dismiss Citibank No. 2's complaint and vacate the conditional judgment. Since Citibank No. 2 elected to not avail itself of the remedies it had to preserve its, or the Secret Holder's, rights, the dismissal of Citibank No. 2's claims should be with prejudice. In fruit parlance, Citibank No. 2 had opportunities to preserve the apple, but failed to do so. Citibank No. 2 caused this apple to decay to a rotten state. As the apple is no longer fit for consumption, Citibank No. 2 must be barred from a second bite.

While litigating this action for five years, Citibank No. 2 gave up its alleged right to enforce midway. Citibank No. 2's failure to inform the Court of the sale before the conditional judgment was entered and failure to disclose the identity of the note holder, in the May 18, 2018 letter (Exhibit C), demonstrate its bad faith. Citibank No. 2 prejudiced the Najdas. Citibank No. 2's claims should be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein, the Najdas respectfully move the Court to dismiss Citibank No. 2's complaint, including Counts I – VI, with prejudice and vacate the March 30, 2018 conditional judgment and findings of fact and law. The Najdas request the Court award the Najdas such other relief as this Court deems just and proper.

        Respectfully submitted,

        Defendants and Plaintiffs-in-Counterclaim,
        Andrew Najda and Renee Najda
        /s/ Andrew Najda
        and
        /s/ Renee Najda

        71 Flint Road
        Concord, MA 01742

Date: April 23, 2019

## CERTIFICATE OF SERVICE

I, Andrew Najda, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies sent to those indicated as non-registered participants on this date.

        /s/ Andrew Najda
        Andrew Najda

Date: April 23, 2019