UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————

|  |  |  |
|---|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1, | ) ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 14-13593-GAO |
| RENEE ANNA NAJDA *et al.*, | ) ) |  |
| Defendants, | ) ) |  |
| v. | ) ) |  |
| SANTANDER BANK N.A. f/k/a SOVEREIGN BANK, | ) ) ) |  |
| Party-in-Interest, | ) ) |  |
| RENEE ANNA NAJDA *et. al.*, | ) ) |  |
| Defendants/Counterclaim Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| CITIBANK, N.A. AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, *et al.*, | ) ) ) ) |  |
| Counterclaim Defendants. | ) ) |  |

## **PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants/Counterclaim Plaintiffs Andrew and Renee Najda ("Najdas") have filed

another motion to dismiss for purported lack of subject matter jurisdiction [*see* ECF Nos. 418-419],

this time on the ground that Plaintiff Citibank, N.A., not in its individual capacity, but solely as

separate trustee for PMT NPL Financing 2015-1 ("Plaintiff") allegedly lacks standing on account of a post-trial transfer of the subject loan.

The Najdas' motion cannot be granted.  Two days after they filed the motion, they filed a notice of appeal from numerous rulings of the Court and from the final judgment.  *See* ECF No. 420.  Because an appeal is pending, this Court lacks jurisdiction to grant the Najdas' motion, but may deny and/or dismiss it.  *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 41 (1st Cir. 1979) ("[The] district court may, on its own, proceed to deny the 60(b) motion without permission of the court of appeals" and "[o]nly if the district court is inclined to grant the motion need a remand be sought and obtained"); *DeCambre v. Brookline Hous. Auth.,* 826 F.3d 1, 7 (1st Cir. 2016) ("The filing of a notice of appeal" ordinarily "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). "The district court's authority to consider and *deny* the motion without obtaining leave from the circuit court is based on the district court's continuing jurisdiction during an appeal to act in aid of the appeal." *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d at 41 (emphasis added).

Insofar as the Court considers the motion, it must be denied.  The Court already considered and rejected this same post-trial argument, noting that the purported evidence post-dated the trial, and that the Najdas knew about this purported evidence but failed to properly and timely raise it. *See* ECF No. 376 (Najdas' Fed. R. Civ. P. 59 Motion), pp. 19-20 (arguing that post-trial transfers of loan preclude Plaintiff from foreclosing); ECF No. 410, p. 2 (Court's Order denying, *inter alia*,

Najdas' Rule 59 Motion) ("The argument based upon the apparent post-trial transfer of the note also fails.  The defendants' purported 'new evidence' does not involve the facts as they existed during the time of trial."); ECF No. 410, p. 2 n.1 ("The defendants contend that the facts existed before judgment entered and therefore during the time of trial. In that regard, it was incumbent on the defendants to raise the issue before judgment entered in more than a passing comment in a footnote of a reply brief and in support of a different legal theory.").

Moreover, as the Court noted, a post-trial transfer of the loan does not affect the validity of the Conditional Judgment, but rather the proper administration of the same.  *See* ECF No. 410, p. 2 ("The argument based upon the apparent post-trial transfer of the note also fails. … Whether Citibank now will be able to proceed with the foreclosure process under the Conditional Judgment is a separate matter.").  As the case is now on appeal, the Conditional Judgment cannot yet be administered/executed, and therefore the issue of who may properly foreclose under the Judgment is premature.[1]

For the foregoing reasons, the Najdas' duplicative motion should either not be considered in light of the pending appeal, or denied outright as duplicative and meritless.

[*Signatures on Next Page*]

---

[1] Prior to the Najdas' filing of their notice of appeal, Plaintiff planned to file motions to substitute the new holder of the loan and for authorization for that entity to foreclose under the Conditional Judgment.  Given the filing of the notice of appeal, these motions will be put on hold until after the First Circuit issues an opinion on appeal.

Respectfully Submitted,

Plaintiff Citibank, N.A., not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1, and Counterclaim Defendant Citibank, N.A. as Trustee for the Benefit of SWDNSI Trust Series 2010-3,

By their attorneys,

/s/ Kevin P. Polansky
Kevin P. Polansky (BBO# 667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston, Massachusetts 02109
p.       (617) 217-4700
Dated: May 7, 2019                          f.       (617) 217-4710

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Defendants/Counterclaim Plaintiffs Renee and Andrew Najda, appearing pro se, by first-class mail on May 7, 2019.

Dated: May 7, 2019                          /s/ Kevin P. Polansky