UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br><br> Plaintiff,<br><br>v.<br><br>RENEE ANNA NAJDA, *et al.*<br><br> Defendants,<br><br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK,<br><br> Party-in-Interest, | Case No. 14-13593-GAO |
| RENEE ANNA NAJDA, *et al.*<br><br> Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A., AS TRUSTEE FOR THE BENEFIT OF SWDNSI TRUST SERIES 2010-3, *et al.*<br><br> Counterclaim Defendants. | |

**COUNTERCLAIM DEFENDANT BRIEF**

 Pursuant to this Court's January 19, 2023 Order, Dkt. No. 473, Counterclaim-Defendant CitiMortgage, Inc. ("CMI") hereby submits this memorandum addressing the issue of whether diversity existed between the parties when the above-captioned action was commenced. In addition to the arguments set forth in this memorandum, CMI adopts and incorporates by

1

reference the arguments made by Plaintiff Citibank, N.A., not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Plaintiff"), in its memorandum filed January 30, 2023. See Dkt. No. 477.

I. **Law**

Article III, Section 2, Clause 1 of the United States Constitution authorizes Congress to grant the federal courts subject matter jurisdiction over controversies between citizens of different states. Codified at 28 U.S.C. § 1332, federal courts have "original jurisdiction over all civil actions where the matter controversy exceeds the sum or value of $75,000, exclusive of interest, and costs, and is between - citizens of different States." Id.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." Hearts With Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal citation omitted).

"Diversity of citizenship is measured by the 'facts that existed at the time of filing – whether the challenge be brought shortly after filing . . . or even for the first time on appeal." Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.2d 12, 14 (1st Cir. 2019) (quoting Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-571 (2004)).

II. **Argument**

The original parties to this action are the former Plaintiff, Citibank, N.A., as Trustee for the benefit of SWDNSI Trust Series 2010-3 (the "Original Plaintiff') and Defendants Renee

2

Anna Najda and Andrew Najda (the "Najdas").  CMI adopts and incorporates by reference the arguments made by Plaintiff in its memorandum concerning the existence of complete diversity between these parties.  See Dkt. No. 477.

With regards to diversity between CMI and the Najda's, there is no question that complete diversity exists between these parties. At the time CMI was named a party, CMI was a New York corporation with its principal place of business in O'Fallon, Missouri.  See Dkt. No. 13, ¶ 7; Dkt. No. 91, ¶ 7.  Therefore, CMI is considered a citizen of New York and Missouri. See 28 U.S.C.S. § 1332(c)(1).  Plaintiff's Complaint initiating this action alleged that the Najda's resided at the property located at 71 Flint Road, Concord, Massachusetts 01742. See Dkt. No. 1, ¶¶ 1, 4-5. In their Answer, the Najda's admitted the same. See Dkt. No. 13, ¶¶ 4-5.  As such, the Najda's were citizens of Massachusetts at commencement of the action and CMI was a citizen of New York and Missouri, thus making the parties completely diverse.

The Complaint further alleged the object of the litigation was a mortgage loan in which the total amount due was $4,166,167.98 (at the time of filing). Dkt. No. 1, ¶ 7.  This amount far exceeds the $75,000 amount in controversy threshold. Thus, completely diversity exists when the action was commenced.

III.   **Conclusion**

The foregoing reasons as well as the arguments set forth by Plaintiff in its memorandum, Dkt. No. 477, unequivocally establish that the parties were completely diverse at the commencement of this action and therefore subject matter jurisdiction existed at the time of commencement.

                                                              Respectfully submitted,

                                                              CITIMORTGAGE, INC.

                                                              By its attorneys,

                                                              */s/ Jeffrey Patterson*
                                                              Jeffrey S. Patterson (BBO# 671383)
                                                              jeffrey.patterson@klgates.com
                                                              K&L GATES LLP
                                                              State Street Financial Center
                                                              One Lincoln Street
                                                              Boston, MA 02111
                                                              (617) 261-3100

Dated:  January 30, 2023                (617) 951-3175 (fax)

## CERTIFICATE OF SERVICE

     I, Jeffrey S. Patterson, certify that on January 30, 2023 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants, if any.

                                                              */s/ Jeffrey Patterson*
                                                              Jeffrey S. Patterson