UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13593-GAO

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1,
Plaintiff,

v.

RENEE ANNA NAJDA, a/k/a RENEE NAJDA, and ANDREW NAJDA,
Defendants and Counterclaimants,

v.

CITIBANK, N.A., not in Its Individual Capacity but Solely as
Separate Trustee for PMT NPL FINANCING 2015-1, and CITIMORTGAGE, INC.,
Counterclaim Defendants.

OPINION AND ORDER
February 27, 2023

O'TOOLE, D.J.

On September 9, 2014, Citibank, N.A., as Trustee for the Benefit of SWDNSI Trust Series 2010-3, brought suit against Renee Anna and Andrew Najda to foreclose on real property located at 71 Flint Road in Concord, Massachusetts. Subject matter jurisdiction in this Court was based on diversity of citizenship. 28 U.S.C. § 1332. The case was tried to a jury and to the Court in November 2017, with both finding against the Najdas on the various claims and counterclaims. The Najdas appealed and the appeal is pending. In December 2022, the Court of Appeals remanded the case to this Court for a determination as to whether minimal or complete diversity between the parties existed at the time the action was commenced, with instructions that the Court address both "statutory diversity" and "constitutional diversity."

The complaint alleges that Citibank is chartered under the National Bank Act with a usual place of business in New York and that it commenced the action solely in its capacity as trustee

for the benefit of SWDNSI Trust Series 2010-3, a Delaware Statutory Trust ("the Trust"). The complaint further alleges that the Najdas are individuals who reside at the subject property in Massachusetts. In their answer and counterclaim, the Najdas admitted they resided at the property in Massachusetts and answered that they were without sufficient information or knowledge to admit or deny the allegations as to Citibank's citizenship. However, in their counterclaim, the allegations as to the citizenship of Citibank mirror Citibank's allegations.

There is no dispute that the Najdas were citizens of Massachusetts at time the action commenced. The only question is the citizenship of Citibank in its capacity as trustee for the Trust at the time the action was commenced. Citibank contends that, as a trustee filing suit in its own name, its citizenship is what controls for purposes of diversity jurisdiction. The Najdas, acting pro se, contend that Citibank is a passive trustee without control over the Trust, and therefore it is the citizenship of each of the Trust beneficiaries that controls.

"[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016) (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462–466 (1980)); accord id. at 382 ("[W]hen a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs." (emphasis omitted)). Further, to the extent it is necessary to analyze Citibank's role as trustee at the time of filing, it was clear from evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others. See Navarro, 446 U.S. at 464; see also U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Dedoming, 308 F. Supp. 3d 579, 580 (D. Mass. 2018); McLarnon v. Deutsche Bank Nat'l Tr. Co., as Tr. for HarborView Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2007-5, Civil Action No. 15-11799-FDS, 2015 WL 4207127, at *2–3 (D. Mass. July 10, 2015). Citibank brought suit solely in its capacity as the trustee of the Trust, and it acted for the benefit of the Trust

in prosecuting the action. Consequently, Citibank's citizenship controls for the purposes of the diversity analysis. Citibank's assertion that its usual place of business was New York was reasserted by the Najdas in their own pleadings. It was a citizen of New York for diversity purposes. See <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006).

With respect to both "constitutional diversity" and "statutory diversity," the case at the commencement of the action was "between Citizens of different States." <u>See</u> U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1). Based on the pleadings, the Najdas were citizens of Massachusetts and Citibank was not. Accordingly, there was complete diversity of citizenship of the parties.

/s/ George A. O'Toole, Jr.<br>United States District Judge