UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS SEPARATE TRUSTEE FOR PMT NPL FINANCING 2015-1,<br>  Plaintiff,<br>v.<br><br>RENEE ANNA NAJDA et al.,<br>  Defendants,<br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK, Party-in-Interest, | Case No. 14-13593-GAO |

RENEE ANNA NAJDA et al.,
  Defendants/Counterclaim Plaintiffs,
v.

CITIBANK, N.A., … FOR PMT NPL FINANCING 2015-1 et al.,
  Plaintiff/Counterclaim Defendants.

**DEFENDANTS' MEMORANDUM ON WHY THERE WAS NO EVIDENCE ADDUCED AT THE TRIAL THAT CITIBANK NO. 1 HAD POWERS OVER THE TRUST PURSUANT TO THE *NAVARRO* STANDARD**

**I.     INTRODUCTION**

Defendants/Counter-Plaintiffs Renee and Andrew Najda (collectively, the "Najdas"), respond to this Court's order for a memorandum "regarding their positions as to 'the powers of Citibank as trustee vis-á-vis the trust,'" by stating there was no "evidence adduced at the trial that Citibank [No. 1][1] had the customary powers to hold, manage, and dispose of assets for the benefit

---

[1] Citibank, N.A., as Trustee for the Benefit of SWDNSI Trust Series 2010-3 ("Citibank No. 1"). The original plaintiff.

1

of others" when this action commenced. Dkt. No. 496, Order; Dkt. No. 495, Second Remand Order at 2 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691 (1st Cir. 2023)). At trial, plaintiff Citibank No. 2[2], PennyMac Loan Services, LLC ("PLS"), Specialized Loan Servicing, LLC ("SLS"), PennyMac, Corp. ("PMC"), and CitiMortgage, Inc. ("CitiMortgage") did not introduce "[r]elevant state law, trust documents, or other indicia of control" to prove by a preponderance of the evidence the original plaintiff, Citibank No. 1, was an active trustee, with real and substantial control, of SWDNSI 2010[3]. Dkt. No. 496. Citibank No. 2, undermining its ability to establish jurisdiction, stipulated to the exclusion of the trust documents and prevailed in excluding the note's ownership history from the trial.

In contrast, "[t]he record in this case [was] replete with undisputed documentary evidence[, included with the Najdas' motion for directed verdict brought during the trial (Dkt. No. 337),] that permit[ed] [this Court] to ascertain" that Citibank No. 1 was a passive trustee, without real and substantial power over SWDNSI 2010's assets and litigation. *Baker v. United Transp. Union*, 455 F.2d 149, 155 (3d Cir. 1971). Citibank No. 2, PLS, SLS, PMC, and CitiMortgage did not dispute the evidence that PNMAC Capital Management, LLC ("PNMAC") had "sole investment discretion for [SWDNSI 2010's]" assets and controlled the litigation strategy at the outset. Dkt. No. 337-3, PNMAC Part 2A of Form ADV at 4; Dkt. No. 63, Local Rule 16.1 Cert. at 2.

This Court's February 27, 2023 order, during the first remand, merely restated the *Navarro* standard as a "conclusory finding [as to Citibank No. 1's role as trustee], illuminated by no subsidiary findings or reasoning on all the relevant facts". *Atl. Thermoplastics Co. v. Faytex Corp.*, 5 F.3d 1477, 1479 (Fed. Cir. 1993). During the second remand, this Court cannot "identify and

---

[2] Citibank, N.A. not in its individual capacity, but solely as separate trustee for PMT NPL Financing 2015-1 ("Citibank No. 2"). The third plaintiff after two substitutions.
[3] SWDNSI Trust Series 2010-3 ("SWDNSI 2010").

detail the 'evidence adduced at the trial that Citibank [No. 1]'" was an active trustee, with real and substantial control of SWDNSI 2010, because no such evidence was introduced at the trial. Dkt. No. 495 at 2. This Court, therefore, should report to the United States Court of Appeals for the First Circuit ("First Circuit") that no "evidence [was] adduced at the trial that Citibank [No. 1] had the customary powers to hold, manage, and dispose of assets for the benefit of [SWDNSI 2010]". *Id*.

## II. REMAND HISTORY

### A. First Remand

On December 30, 2022, the First Circuit "remanded to the district court for further fact finding and a determination whether there was minimal or complete diversity between the parties at the time the action was commenced". Dkt. No. 472, First Remand Order. On January 19, 2023, this Court ordered "the parties [to] file memoranda regarding their positions as to whether there was … diversity". Dkt. No. 473. The Najdas filed their memorandum as did Citibank No. 2 and CitiMortgage. Dkt. Nos. 479, 482, 483. However, PLS, SLS, and PMC did not file memoranda.

On February 27, 2023, this "court issued an 'Opinion and Order' concerning this issue (the 'Opinion')". Dkt. No. 490, Opinion; Dkt. No. 495 at 2. The Opinion included the "mere boiler-plate" that "it was clear from evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others" "but unsupported by evaluation of the facts". *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 434 (1968); Dkt. No. 490 at 2. Upon conclusion of the first remand, the Najdas argued "[t]he [Court's] conclusory reference to the record provide[d] no basis for [the First Circuit] to validate the finding". *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 594 (1991); Najdas' Brief at 32, 1st. Cir. Case. No. 23-1284.

### B. Second Remand

"On review of the Opinion and the supplemental briefing, [the First Circuit] conclude[d] that a second remand [was] appropriate." Dkt. No. 495, Second Remand Order at 2 (citing *United States v. Twp. of Brighton*, 282 F.3d 915, 919 (6th Cir. 2002)). On June 9, 2023, the First Circuit "remand[ed] for the district court to identify and detail the 'evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others,' referred to in the Opinion." Dkt. No. 495 at 2. "[I]n [the First Circuit's] view, the most relevant evidence would be that which establishe[d] the powers of Citibank as trustee vis-à-vis the trust on whose behalf Citibank first [had] filed suit." *Id.* On June 13, 2023, this Court directed the parties to "file memoranda, with citations to the record, regarding their positions as to 'the powers of Citibank as trustee vis-á-vis the trust,' and specifically as to whether 'Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others' at the outset of the litigation." Dkt. No. 496.

## III. ARGUMENT

### A. Limited Scope of the Second Remand

On remand, "a lower court 'should confine its ensuing inquiry to matters coming within the specified scope of the remand.'" *Biggins v. Hazen Paper Co.*, 899 F. Supp. 809, 816 (D. Mass. 1995) (quoting *Kotler v. The American Tobacco Co.*, 981 F.2d 7, 13 (1st Cir. 1992)). In the present matter, "jurisdiction over the case was in the court of appeals; the only issue before the district court by reason of [the First Circuit's] limited remand" was "for the district court to identify and detail the 'evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others,' referred to in the Opinion." *United States v. Wooden*, 230 F. App'x 243, 244 (4th Cir. 2007); Dkt. No. 495 at 2.

4

The June 13, 2023 order for memoranda did not use the language "evidence adduced at the trial" even though the First Circuit's order had circumscribed the second remand, with the Opinion's language, to "detail[ing] the 'evidence adduced at the trial'". Dkt. No. 495, Second Remand Order at 2 (quoting Dkt. No. 490, Opinion at 2). Notwithstanding the missing language, this means "the district court lack[s] jurisdiction" to solicit or identify evidence outside the trial to attempt to explain the Opinion's conclusory finding that "it was clear from evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others." *Wooden*, 230 F. App'x at 244; Dkt. No. 490 at 2.

**B.    No Evidence Was Introduced at the Trial Proving Citibank No. 1 Had Real and Substantial Control Over SWDNSI 2010**

To begin, there was no support in the trial record for the Opinion's conclusory finding. Neither Citibank No. 2 nor the other counterclaim defendants introduced evidence or testimony at the trial to prove by a preponderance of the evidence that Citibank No. 1 was an active trustee with real and substantial control over SWDNSI 2010, an unincorporated entity. Dkt. No. 1, Complaint ¶ 3 ("Delaware Statutory Trust"). Citibank No. 2 did not introduce evidence or testimony at trial to prove Citibank No. 1 had controlled SWDNSI 2010's assets. Nor did Citibank No. 2 introduce evidence or testimony to prove Citibank No. 1 had controlled the litigation strategy.

Citibank No. 2, not only indolent in meeting its jurisdictional burden, actively undermined its ability to establish jurisdiction. For instance, Citibank No. 2 stipulated to the exclusion of all trust documents. Dkt. No. 453, Nov. 2, 2017 Hr'g Tr. 41:6-8 ("we didn't produce [the trust documents] and … we would not be introducing it at trial"). Upon receipt of the stipulation, this Court mooted the Najdas' motions *in limine* (Dkt. Nos. 281, 289) to preclude the trust documents and evidence of the trustee's authority, which Citibank No. 1 had not produced during discovery. Dkt. No. 312, November 2, 2017 Hr'g Notes. Citibank No. 2, by its willful stipulation, cannot

attempt to cite the trust documents for customary powers. PLS, SLS, PMC, and CitiMortgage implicitly supported making it harder to establish jurisdiction because they failed to object.

Doubling down on leaving itself without a lifeline to establish jurisdiction, Citibank No. 2 brought a motion *in limine* to exclude the note's ownership history, which was granted. Dkt. Nos. 249, 285. Leaving Citibank No. 2 unable to prove Citibank No. 1 controlled the note "at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Citibank No. 2, fixated on blocking such evidence, declared, "[t]he prior transfer of the note is completely irrelevant". Dkt. No. 437, Nov. 7, 2017 Trial Tr. 2-58:5-6. Likeminded, this Court ruled, "[t]he history of the transfer is just not getting in." *Id*. 2-58:12-13.

Derelict in meeting the jurisdictional burden, Citibank No. 2, PLS, SLS, PMC, and CitiMortgage cannot deploy the Opinion as a jurisdictional shield. Consistent with there being no evidence that Citibank No. 1 controlled SWDNSI 2010, this Court's Opinion neither cited a line of testimony nor named a piece of "evidence adduced at the trial that Citibank [No. 1] had the customary powers". Dkt. No. 490 at 2. In the face of that case, this Court should report to the First Circuit that no "evidence [was] adduced at the trial that Citibank [No. 1] had the customary powers to hold, manage, and dispose of assets for the benefit of [SWDNSI 2010]". Dkt. No. 495 at 2.

C. **Evidence Established Citibank No. 1 Was a Passive Trustee**

There was an absence of evidence that Citibank No. 1 was an active trustee. Not so for the inverse. Citibank No. 2, PLS, SLS, PMC, and CitiMortgage did not dispute the evidence, in the Najdas' motion for directed verdict at trial, that proved Citibank No. 1 was "a purely naked trustee", without real and substantial control, over SWDNSI 2010. *McNutt v. Bland*, 43 U.S. 9, 13-14 (1844); Dkt. No. 337. Evidence proved Citibank No. 1 neither "manage[d] the assets" nor "control[ed] the litigation" nor made decisions regarding the loan. *Navarro*, 446 U.S. at 465.

1. **Investment Advisor PNMAC Managed SWDNSI 2010's Assets, Not Citibank No. 1**

PNMAC managed SWDNSI 2010's assets when this action began. Not Citibank No. 1. PNMAC, "registered with the Securities and Exchange Commission ('SEC') as an investment adviser", "ha[d] management agreements with PennyMac Mortgage Investment Trust ("PMT") [and its subsidiary SWDNSI 2010]" whereby PNMAC "select[ed] investments … and place[ed] purchase and sale orders for investments on behalf of such entities." Dkt. No. 337-2, PNMAC's Parent 10-Q Note 1 at 1 (June 30, 2014); Dkt. No. 337-3, PNMAC Part 2A of Form ADV at 4; Dkt. No. 337-4, PMT 10-K Report ("SWDNSI Trust Series 2010-3" is a PMT "Entity"). PNMAC had "sole investment discretion for [PMT and its subsidiary SWDNSI 2010] … with respect to their respective assets and ma[de] all decisions affecting each client's assets". Dkt. No. 337-3, PNMAC Part 2A of Form ADV at 4. Importantly, Citibank No. 2, PLS, SLS, PMC, and CitiMortgage did not deny that PNMAC had "sole investment discretion". *Id*.

2. **Investment Advisor PNMAC Controlled the Litigation Strategy, Not Citibank No. 1**

PNMAC controlled the litigation strategy and budget at the start. Not Citibank No. 1. At the Local Rule 16.1(D)(3) conference, PNMAC's "Assistant General Counsel, Mortgage Operations" directed Citibank No. 1's counsel on how to proceed with the litigation. Dkt. No. 63, Local Rule 16.1 Cert. at 2; Dkt. No. 419-5, Eric Jorgensen Profile. Prior to and during the first remand, Citibank No. 2, PLS, SLS, PMC, and CitiMortgage did not dispute that PNMAC, through assistant general counsel Eric Jorgensen, controlled the litigation strategy.

3. **Citibank No. 1 Admitted It Did Not Make Decisions and Did Not Possess Documents Related to the Note and Mortgage**

There was more. Confirming PNMAC's controlling role and Citibank No. 1's passive position, Citibank No. 1 admitted "it did not make any decisions" and "d[id] not [] possess any documents regarding the Najdas' Note and Mortgage". Dkt. No. 337-1, Resp. to Interrogatory Nos.

7

8, 11; Dkt. No. 110 at 5. Citibank No. 1 was "a purely naked trustee", nothing more than a "mere conduit" without control of SWDNSI 2010's assets and litigation strategy. *McNutt*, 43 U.S. at 13-14. In keeping with the prior waiver, Citibank No. 2, PLS, SLS, PMC, and CitiMortgage did not deny that PNMAC made decisions, relevant to the *Navarro* standard, for SWDNSI 2010.

Citibank No. 2, PLS, SLS, PMC, and CitiMortgage wholly failed to rebut the compelling evidence proving Citibank No. 1 was a passive trustee, without substantive powers over SWDNSI 2010. Consequently, this Court should report to the First Circuit that there was no "evidence adduced at the trial that Citibank [No. 1] had the customary powers to hold, manage, and dispose of assets for the benefit of [SWDNSI 2010]". Dkt. No. 495 at 2.

## IV.    CONCLUSION

"[F]ederal courts are courts of limited jurisdiction, and . . . may exercise only the authority granted to them by Congress." *Commonwealth of Mass. v. Andrus*, 594 F.2d 872, 887 (1st Cir. 1979). When this action commenced, original plaintiff Citibank No. 1 was a passive trustee, without real and substantial control, of SWDNSI 2010, a Delaware statutory trust. Consequently, SWDNSI 2010's citizenship controlled for evaluating diversity. *Navarro*, 446 U.S. at 465-66. An unincorporated entity, SWDNSI 2010 inherited the citizenship of all its members rendering it and the Najdas co-citizens of Massachusetts. *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 383 (2016). Both minimal diversity and complete diversity were absent from the start.

The absence of subject matter jurisdiction was not an unimportant error of law. This action continuing for years, even though jurisdiction was lacking, caused a cascade of consequences. There was an unjust outcome for the Najdas: eight years of litigation expenses, thousands of hours spent researching and drafting, and charges for substantial accrued interest and payments that

would not exist had Citibank No. 2 acted competently and not brought an action without subject matter jurisdiction. The damage extended further.

Substantial judicial resources were expended. The First Circuit ordered two consecutive remands. On the first remand, this Court restated the *Navarro* standard as a conclusory finding even though there had been no "evidence adduced at the trial that Citibank [No. 1] had the customary powers to hold, manage, and dispose of assets for the benefit of [SWDNSI 2010]". Dkt. No. 495 at 2. After which, this action was "remand[ed a second time] for the district court to identify and detail the 'evidence adduced at the trial that Citibank had the customary powers to hold, manage, and dispose of assets for the benefit of others,' referred to in the Opinion." *Id*. To sum up, there is no such evidence to identify because none was introduced at the trial. An expected outcome because Citibank No. 1 was a passive trustee of SWDNSI 2010.

The Najdas respectfully request this Court report to the First Circuit that no "evidence [was] adduced at the trial that Citibank [No. 1] had the customary powers to hold, manage, and dispose of assets for the benefit of [SWDNSI 2010]" and enter an Order granting such other and further relief to which this Court finds the Najdas are otherwise entitled. *Id*.

                                    Respectfully submitted,

                                    Andrew Najda and Renee Najda,
                                  /s/ Andrew Najda
                                  and
                                  /s/ Renee Najda

                                  71 Flint Road,
Date: July 11, 2023                  Concord, MA 01742

## V. CERTIFICATE OF SERVICE

I certify that, on July 11, 2023, I filed the foregoing document with the Clerk of the United States District Court for the District of Massachusetts via the CM/ECF system. All attorneys in this case who are registered CM/ECF users were served accordingly.

/s/ Andrew Najda
Andrew Najda
