**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS TRUSTEE OF MFRA TRUST 2015-1,<br><br>Plaintiff,<br><br>v.<br><br>RENEE ANNA NAJDA a/k/a RENEE NAJDA *et al.*,<br><br>Defendants,<br><br>v.<br><br>SANTANDER BANK N.A. f/k/a SOVEREIGN BANK<br><br>Party-in-Interest. | Civil Action No. 14-13593-MJJ |

**<u>MEMORANDUM AND ORDER</u>**

November 12, 2026

JOUN, D.J.

Before the Court are Plaintiff Wilmington Trust, National Association's application for issuance of an execution for possession, [Doc. No. 586]; motions filed by Charles Najda and Andrew Najda, adult sons of Defendants Renee Anna Najda and Andrew Najda, to intervene for the limited purpose of opposing the proposed execution, [Doc. Nos. 587, 589, 593, and 596]; their related motions for electronic filing privileges, [Doc. Nos. 592 and 595]; and Charles Najda's and Andrew Najda's motions for leave to file replies, [Doc. Nos. 599 and 600]. For the reasons set

forth below, Plaintiff's application for an execution for possession, [Doc. No. 586], is GRANTED, and the motions to intervene, [Doc. Nos. 587, 589, 593, and 596], are DENIED.

## I. BACKGROUND

This action concerns the foreclosure of property located at 71 Flint Road, Concord, Massachusetts (the "Property"). The procedural history is extensive and has been described in prior orders. *See, e.g.*, [Doc. No. 553]. I summarize only those facts relevant to the present motions.

On March 30, 2018, following a trial, judgment entered in favor of Plaintiff's predecessor in interest. [Doc. Nos. 368, 369]. The judgment established the mortgage debt, authorized foreclosure upon Defendants' failure to satisfy their obligations, and prescribed the manner in which foreclosure would proceed. Paragraph 8 expressly provided that, upon recording of the foreclosure deed, possession of the Property would vest in the grantee named in that deed. [Doc. No. 369 at ¶ 8.]

On October 27, 2025, I entered a memorandum and order resolving several motions relating to the foreclosure. [Doc. No. 553]. An accompanying order authorized Wilmington Trust, National Association, solely in its capacity as Trustee of MFRA Trust 2015-1 ("Wilmington"), to conduct a public foreclosure sale, subject to specified conditions. [Doc. No. 554]. Paragraph 7 of that order expressly provided that, pursuant to the judgment, possession would vest in the grantee upon recording of the foreclosure deed, and that the grantee would be entitled to request an execution of the judgment of possession. [*Id.* at ¶ 7]. Defendants appealed those orders on November 17, 2025. [Doc. Nos. 557 and 558]. They subsequently moved to alter or amend the judgment, [Doc. No. 562], which I denied on December 11, 2025, [Doc. No. 567].

On December 22, 2025, Wilmington conducted the public foreclosure sale. Thereafter, it sought confirmation and approval of the sale. [Doc. No. 571]. Defendants opposed confirmation and filed motions to stay the proceedings and to strike portions of Wilmington's motion. [Doc. Nos. 572 and 575]. On May 1, 2026, I denied Defendants' motions and confirmed the foreclosure sale. [Doc. No. 580]. The accompanying docket order rejected Defendants' jurisdictional arguments, including their contention that the pending appeals precluded further proceedings. I concluded that their appeals did not divest this Court of jurisdiction under the circumstances, citing *United States v. Ferris*, 751 F.2d 436, 440 (1st Cir. 1984). I also noted that the First Circuit had previously denied Defendants' request for injunctive relief pending appeal.

The May 1, 2026 order provided that, upon recording of the judgment, confirmation order, and foreclosure deed, Defendants' right, title, and interest in the Property would be extinguished and title would vest in Wilmington as grantee. [Doc. No. 580 at ¶ 2]. The order further expressly provided that Wilmington would be entitled to request an execution of the judgment of possession. [*Id.* at ¶ 3]. Wilmington represents that the foreclosure deed was recorded on July 30, 2026. [Doc. No. 598 at 3]. On October 5, 2026, Wilmington applied pursuant to Federal Rule of Civil Procedure 70(d) for an execution for possession against Renee Anna Najda, Andrew Najda, and "all other Occupants" of the Property. [Doc. No. 586]. Wilmington also requests that the Middlesex County Sheriff be specially appointed to execute the writ pursuant to Rule 4.1(a). [*Id.* at 2].

Defendants oppose the application, asserting that no judgment for possession exists because Count VI of the original complaint, which sought possession, was dismissed in 2018. [Doc. No. 591]. Charles Najda and Andrew Najda, the adult sons of Defendants, have also moved to intervene, initially on October 14, 2026, and again on October 20, 2026. [Doc. Nos. 587, 589, 593, 596]. They seek intervention under Rule 24(a)(2), or alternatively Rule 24(b), solely to oppose

issuance of an execution against them as occupants. Both movants acknowledge that they have resided at the Property with Defendants since 2005. [Doc. Nos. 593 and 596 at ¶ 3]. Neither identifies a separate deed, lease, ownership interest, or other independent legal right entitling him to possession notwithstanding foreclosure. Instead, they contend that because they were not named in the original foreclosure complaint or judgment, no execution may lawfully reach them. Wilmington opposes intervention, maintaining that the motions are untimely, that the movants' interests are derivative of and adequately represented by Defendants, and that their intervention would further delay enforcement of a judgment entered more than eight years ago. [Doc. No. 598].

## II. DISCUSSION

### A. <u>The Pending Appeals Do Not Deprive This Court of Authority to Enforce Its Judgment</u>

Defendants first contend that this Court lacks jurisdiction to authorize an execution for possession while their appeals remain pending. I have previously considered and rejected substantially the same jurisdictional argument. *See* [Doc. No. 580] and accompanying docket order. Although the filing of a notice of appeal ordinarily divests a district court of jurisdiction over matters involved in the appeal, that rule does not prevent the district court from enforcing an unstayed judgment. *See Acevedo-García v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004). The First Circuit has expressly recognized that, absent a stay, a prevailing party may execute upon a judgment notwithstanding a pending appeal. *Id*. Rule 62 likewise contemplates enforcement after expiration of the automatic stay unless additional relief is granted.

Here, Defendants have repeatedly sought to stay enforcement of the foreclosure judgment, without success. The First Circuit denied their request for interim relief in December 2025 and, according to the submissions presently before me, denied a further emergency request in October 2026. Those denials do not determine the merits of Defendants' appeals but the appeals do not

operate as automatic stays. Moreover, the requested execution does not require reconsideration of the foreclosure judgment or alteration of the rights established by that judgment and the orders implementing it. Rather, it seeks enforcement of the possessory consequences expressly contemplated by those determinations. Accordingly, the pending appeals do not prevent consideration of Wilmington's application.

**B. Wilmington Is Entitled to an Execution for Possession Under Rule 70(d)**

Rule 70(d) provides that, upon application by a party who obtains a judgment or order for possession, the Clerk must issue a writ of execution or assistance. Defendants argue that the rule does not apply because the March 2018 judgment dismissed Count VI of the original complaint, which sought possession. That argument overlooks the operative language of the judgment and the subsequent orders.

The dismissal of Count VI did not eliminate the separate provisions of the judgment governing the consequences of foreclosure. Paragraph 8 of the judgment expressly provided that possession would vest in the grantee upon recording of the foreclosure deed. [Doc. No. 369 at ¶ 8]. The October 27, 2025 order reiterated that provision and expressly authorized the grantee to request an execution of the judgment of possession upon recording. [Doc. No. 554 at ¶ 7]. The May 1, 2026 confirmation order approved the foreclosure sale, provided for extinguishment of Defendants' property interests upon recording, and again authorized Wilmington to request an execution for possession. [Doc. No. 580 at ¶¶ 2–3]. Read together, these orders establish the right to possession following completion of foreclosure. The relevant condition—recording of the foreclosure deed and accompanying instruments—has occurred.

Defendants' proposed interpretation would render the possession provisions of the judgment and subsequent orders effectively meaningless. It would also require Wilmington, after obtaining a foreclosure judgment, completing a judicially authorized sale, securing confirmation,

and recording the required instruments, to commence another proceeding merely to enforce the possessory rights arising from the judgment. The Court declines to adopt that interpretation. The Supreme Court has long recognized that a court exercising jurisdiction over a foreclosure possesses authority to place the foreclosure purchaser in possession after the sale has been completed. *See Terrell v. Allison*, 88 U.S. 289, 291–92 (1874). That authority reflects the principle that a court empowered to decree foreclosure may also afford effective relief implementing its decree. *Id*. The First Circuit has likewise recognized that Massachusetts law does not make summary process the exclusive means of obtaining possession following foreclosure. *See Serra v. Quantum Servicing, Corp.*, 747 F.3d 37, 43 (1st Cir. 2014); *see also Emigrant Mortgage Co., Inc. v. Bourke*, 127 F.4th 385 (1st Cir. 2025). I therefore conclude that the judgment and subsequent orders, considered together, establish Wilmington's right to seek the requested execution and satisfy Rule 70(d). Issuance of an execution is enforcement of those determinations, not the creation of a new substantive judgment.

### C. <u>**The Execution May Extend to "All Other Occupants" Whose Possession Derives from Defendants**</u>

Wilmington seeks an execution against the named Defendants and "all other Occupants." The proposed intervenors contend that because they were not named as defendants or served with process in this action, a writ of possession cannot extend to them. That proposition is too broad.

A foreclosure judgment ordinarily binds the parties and those legally in privity with them. A writ implementing that judgment may reach persons whose asserted right to occupy the premises derives from the interests extinguished by foreclosure. In *Terrell*, the Supreme Court recognized that a writ of assistance may be issued to place a foreclosure purchaser in possession against parties bound by the decree and persons entering possession under them. 88 U.S. at 291–94. The Court distinguished such persons from those claiming an independent interest that was not adjudicated

in the foreclosure action. Massachusetts law recognizes the same distinction. In *Binda v. Sheriff of Middlesex County*, 324 Mass. 267, 268–69 (1949), the Supreme Judicial Court explained that a writ of possession implements a judgment determining the rights of parties and their privies. An officer may not use such a writ to remove a person who possesses independently of the defendants and whose rights were not adjudicated, but persons holding possession under a defendant stand differently. These authorities do not establish that every person physically present at foreclosed premises must have been named individually in the foreclosure complaint before possession may be delivered to the purchaser. Rather, the relevant inquiry is whether the person's claimed entitlement to possession is independent of the foreclosed mortgagor or derives from that mortgagor's extinguished rights.

The Supreme Court has also recognized that substantive legal relationships concerning property may justify binding persons in privity with parties to a judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008). Although nonparty preclusion is limited by due process, persons claiming through interests adjudicated in an earlier proceeding may, in appropriate circumstances, be bound by its result. *See id*. Here, the proposed intervenors identify no independent ownership or possessory interest in the Property. Both state that they have lived in the family home with their parents since 2005. Their asserted right to continue residing there rests on their status as occupants of property formerly owned by Defendants. Neither movant alleges that he holds title independently of Defendants, possesses a surviving leasehold estate, or acquired an interest superior to Wilmington's mortgage. Their longstanding residence, standing alone, does not establish such a right. The distinction is material. The Court is not extending the judgment to strangers who hold an independent legal interest. Rather, it is enforcing the consequences of foreclosure against occupants whose possession, on the showing made here, is dependent upon the

former owners' extinguished interests. It would defeat the practical operation of the foreclosure judgment if persons residing solely by permission of the mortgagors could prevent delivery of possession merely because they were not separately named in the foreclosure complaint.

The circumstances concerning Charles Najda further reinforce this conclusion. Charles Najda has actively participated in related litigation challenging this foreclosure. He was a plaintiff, together with his parents, in *Najda v. MFA Financial, Inc.*, No. 24-cv-13086, which this Court dismissed on October 27, 2025. [Doc. No. 553]. He also participated in the related appellate proceedings and has been granted permission to file electronically in this action. [Doc. No. 556]. His participation does not, by itself, make him a named defendant in the 2014 action; it does establish, however, that he has long been aware of the foreclosure proceedings and has had substantial opportunity to advance objections concerning the Property. The younger Andrew Najda likewise acknowledges residing at the Property as part of Defendants' household and asserts no independent title or tenancy. His possession, as described in his submissions, is derivative of Defendants' former interest.

I therefore conclude that the proposed intervenors have not demonstrated any possessory right independent of the Defendants that would prevent execution of the foreclosure judgment against them as occupants holding under Defendants. Accordingly, Wilmington's request for an execution against Renee Anna Najda, defendant Andrew Najda, and "all other Occupants" is granted. The phrase "all other Occupants" encompasses persons occupying the Property under or through the Defendants, including the proposed intervenors, whose claimed possessory interests are derivative of Defendants' extinguished rights. The phrase does not purport to extinguish an independent property interest that has not been adjudicated or to authorize removal of a person

possessing under such an independent right. This construction accords with *Terrell* and *Binda* while giving practical effect to the judgment and the confirmed foreclosure sale.

### D. The Motions to Intervene Are Denied

Charles Najda and the younger Andrew Najda seek intervention as of right under Rule 24(a)(2), or alternatively, permissive intervention under Rule 24(b)(1)(B). Neither basis warrants intervention.

#### 1. Intervention as of Right

Under Rule 24(a)(2), a proposed intervenor must establish that: (1) the motion is timely; (2) the movant possesses a sufficient interest relating to the subject of the action; (3) disposition of the action threatens to impair that interest; and (4) the existing parties do not adequately represent the interest. *R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). Failure to satisfy any one requirement defeats intervention. *Id.* The proposed intervenors have failed to establish timeliness or inadequate representation. They also have not demonstrated a distinct legal interest in possession sufficient to support their requested intervention.

##### a. Timeliness

Timeliness is evaluated in light of the totality of the circumstances, including when the proposed intervenor knew or reasonably should have known that his interests were threatened, prejudice to the existing parties, prejudice resulting from denial of intervention, and unusual circumstances. *R & G Mortgage*, 584 F.3d at 7–9. Postjudgment intervention receives particularly careful scrutiny. *Negrón-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008).

The movants contend that intervention is timely because Wilmington did not request an execution specifically encompassing “all other Occupants” until October 5, 2026. I am not persuaded that the October 2026 application marked the first occasion on which the movants

reasonably should have recognized a threat to their continued occupancy. The Property has been the subject of foreclosure litigation since 2014. Judgment entered in 2018. The Court authorized the foreclosure sale in October 2025, and confirmed the completed sale in May 2026. The foreseeable consequence of foreclosure was the loss of Defendants' ownership and possessory rights and the transfer of possession to the foreclosure purchaser.

Charles Najda plainly knew of those proceedings. As discussed, he actively litigated challenges to foreclosure in the related 2024 action, participated in related appeals, and received electronic notice of filings in the present case. Although the record is less extensive concerning the younger Andrew Najda's participation, he acknowledges having resided with Defendants throughout the foreclosure litigation. His present submissions establish no newly acquired right or circumstance that first placed his interests at risk in October 2026.

The proposed execution did not create the underlying threat to their occupancy. It sought to implement the consequences of the foreclosure judgment and the completed sale. Nor does the short interval between the application for execution and the motions to intervene overcome the prejudice associated with intervention at this stage. Allowing two additional litigants to enter this action after judgment, foreclosure, sale confirmation, and successive appeals would further delay Wilmington's ability to obtain possession of property to which it has established its entitlement. The First Circuit has emphasized that Rule 24's timeliness requirement exists to prevent disruptive, late-stage intervention that reasonable diligence could have avoided. *R & G Mortgage*, 584 F.3d at 8–9. The prejudice to the movants does not outweigh these considerations. They have identified no independent legal interest that would be extinguished without adjudication, and the arguments they seek to present have been advanced substantially by Defendants. On balance, the motions are untimely.

**b. Adequacy of Representation**

Even assuming the motions were timely, intervention of right would still be unwarranted because Defendants adequately represent the interests the movants seek to protect. The First Circuit recognizes that where a proposed intervenor and an existing party share the same ultimate objective, adequate representation is generally presumed. *See B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006). Here, the proposed intervenors and Defendants seek the same result: preventing Wilmington from obtaining possession of the Property. Defendants' opposition expressly challenges issuance of any execution for possession and separately objects to its extension to "all other Occupants." [Doc. No. 591].

The proposed intervenors raise substantially similar arguments. Their submissions contend that no judgment for possession exists, that the Court lacks authority to issue the proposed execution, and that the execution cannot lawfully extend to persons not named as defendants. The fact that the movants formulate some arguments differently does not establish inadequate representation. Nor does the existence of a familial relationship alone establish privity or adequate representation for every purpose. What matters here is that the interests actually asserted by the movants are derivative of Defendants' former rights in the Property and that Defendants have already advanced the same objections to the proposed writ. Moreover, Defendants have expressly assented to the intervention motions, and the filings reflect substantial coordination among the family members. The movants have not shown any meaningful divergence between their objective and that of Defendants. They therefore fail to satisfy the fourth requirement of Rule 24(a)(2).

**c. Sufficient Interest**

The movants also have not established an independent legal interest warranting intervention in this completed foreclosure proceeding. Continued occupancy of one's residence is undoubtedly a substantial practical concern. But Rule 24(a)(2) requires an interest relating to the

property or transaction sufficient to justify participation as a party. The movants assert residence, rather than an ownership, tenancy, or other possessory right independent of Defendants. They identify no legal basis upon which they may continue to occupy the Property after extinguishment of the rights from which their occupancy derives. Although the requested execution directly affects their continued residence, the movants have not demonstrated a distinct right that would justify reopening participation in this longstanding action. Accordingly, intervention as of right is denied.

**2. <u>Permissive Intervention</u>**

Permissive intervention under Rule 24(b) is likewise unwarranted. Rule 24(b)(1)(B) permits intervention upon a timely motion when the proposed intervenor has a claim or defense sharing a common question of law or fact with the main action. In exercising that discretion, the Court must consider whether intervention would unduly delay or prejudice adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

As discussed, the proposed intervenors' arguments overlap substantially with those already presented by Defendants. Permitting intervention would therefore add little to the Court's consideration of the pending application while creating a further opportunity for duplicative litigation concerning the foreclosure. This case has been pending for more than twelve years. Judgment entered in 2018 and was affirmed on appeal. The foreclosure sale has been conducted, confirmed, and recorded. Defendants have pursued multiple motions and appeals seeking to forestall its consequences. The Court previously found that repetitive filings and requests for extensions had unnecessarily delayed resolution of the matter. [Doc. No. 553 at 2]. Permitting intervention at this stage would risk prolonging that pattern without advancing the adjudication of any distinct legal interest. I therefore decline to permit intervention under Rule 24(b). The renewed

motions, [Doc. Nos. 593 and 596], are denied. The original motions, [Doc. Nos. 587 and 589], are denied as superseded and, alternatively, on the same substantive grounds.

### E. Appointment of the Middlesex County Sheriff

Wilmington requests appointment of the Middlesex County Sheriff to execute the writ of possession under Rule 4.1(a).

Rule 4.1(a) permits federal process, other than a summons or subpoena, to be served by a United States marshal, deputy marshal, or person specially appointed for that purpose. Wilmington represents that county sheriffs in Massachusetts ordinarily execute writs of possession arising from mortgage foreclosures and have experience applying the relevant procedures. Given the location of the Property and the nature of the requested execution, I find appointment of the Middlesex County Sheriff, through the Sheriff or a duly authorized deputy, appropriate. The appointment is subject to compliance with the writ, applicable law, and all procedural requirements governing execution.

## III. CONCLUSION

The Court has entered judgment authorizing foreclosure, approved the public foreclosure sale, and expressly provided that possession would vest in the grantee upon recording of the foreclosure deed. Wilmington has established the conditions necessary to enforce those determinations. The pending appeals do not operate as stays of execution. Nor do the proposed intervenors' derivative occupancy interests provide grounds for further delaying enforcement of the judgment.

Accordingly, it is hereby ORDERED:

1. Plaintiff Wilmington Trust, National Association's Application for Issuance of Execution for Possession, [Doc. No. 586], is GRANTED.

2. The Clerk shall issue an execution for possession in favor of Wilmington Trust, National Association, not in its individual capacity but solely in its capacity as Trustee of MFRA

Trust 2015-1, for the property located at 71 Flint Road, Concord, Massachusetts, against Renee Anna Najda a/k/a Renee Najda, defendant Andrew Najda, and all other Occupants. The execution shall identify Defendant Andrew Najda as the defendant and maker of the August 3, 2007 Note, to distinguish him from his son of the same name.

3. For purposes of the execution authorized herein, "all other Occupants" includes persons occupying the Property under or through Defendants whose rights to possession are derivative of Defendants' extinguished interests, including Charles Najda and Andrew Najda, son of defendant Andrew Najda.

4. The renewed motions of Charles Najda and Andrew Najda, son of defendant Andrew Najda, for leave to intervene, [Doc. Nos. 593 and 596], are DENIED. The original intervention motions, [Doc. Nos. 587 and 589], are DENIED as superseded and, alternatively, for the reasons stated herein.

5. The related motions for permission to file electronically, [Doc. Nos. 592 and 595], are DENIED as moot insofar as they seek filing privileges in connection with the proposed intervention.

6. Charles Najda and Andrew Najda's motion for leave to file a reply, [Doc. Nos. 599 and 600], are GRANTED, and the tendered reply has been considered in resolving the intervention motions.

7. Plaintiff's request to specially appoint the Middlesex County Sheriff, or a duly authorized deputy, to execute the writ of possession under Rule 4.1(a) is GRANTED, subject to compliance with applicable law.

No further proceedings concerning the validity of the foreclosure judgment or the confirmed foreclosure sale are warranted in this Court absent direction from the Court of Appeals or other legally sufficient grounds.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge